UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

|  |  |
|---|---|
| MESHA GRAY,<br>o.b.o. her minor child, M.B., | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :  Civil Action No. 07-0013 (RJL) <br> : |
| DISTRICT OF COLUMBIA, | : <br> : |
| Defendant. | : <br> : |

---

## <u>DEFENDANT'S MOTION TO DISMISS</u>

The Defendant, by counsel, hereby moves pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6), for dismissal of Plaintiff's Complaint.  Plaintiff is seeking reimbursement of $687.44 for special education services pursuant to a December 3, 2003, hearing officer's determination under the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. §§1400 et seq. ("IDEIA").

As argued in the attached supporting memorandum, the Plaintiff's claim is untimely, Plaintiff has failed to exhaust her administrative remedies, and alternatively, the claim is not properly brought in this action in any event. A proposed order is also attached hereto.

Respectfully submitted,

LINDA SINGER
Acting Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

**/s/ Amy Caspari**
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

March 16, 2007                    amy.caspari@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MESHA GRAY,<br>o.b.o. her minor child, M.B.,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:   Civil Action No. 07-0013 (RJL)<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM IN SUPPORT OF
<u>DEFENDANT'S MOTION TO DISMISS</u>**

In her January 5, 2007, Complaint, Plaintiff alleges that DCPS owes her $687.44 pursuant to a *December 3, 2003,* Hearing Officer's Determination ("HOD") ordering the District of Columbia Public Schools ("DCPS") to reimburse Plaintiff for independent speech and language therapy sessions ("sessions") said to have been received during the 2001-2002 school year. The HOD directed reimbursement to be made "upon receipt of the paid invoices from the parent." <u>See</u> Exhibit 1.

On June 19, 2006, some two and a half years after the December 2003, HOD, Plaintiff's counsel sent a letter to DCPS seeking reimbursement for $687.44 for the sessions. However, the invoices attached to the letter only showed that $120.00 had been paid by the parent. <u>See</u> Exhibit 2. Plaintiff thereafter filed a hearing complaint alleging that DCPS received the required paperwork from the parent and never responded to the request for reimbursement. <u>See</u> Exhibit 3. At the pre-hearing resolution meeting, held on August 25, 2006, and in its answer to the hearing complaint, DCPS did offer to pay the

full amount of the invoices as alleged by the Plaintiff. See Complaint.  However, at

hearing DCPS explained that it had offered to pay the full amount only *because it*

*mistakenly thought that all the invoices had shown they had been paid.*  When it realized

its mistake, DCPS offered to pay $120.00 for the invoices where payment was shown.

See Exhibit 4.  However, it could not pay the entire amount because there was no

documentation confirming payment—a requirement of the District's Central Finance

Office.  Plaintiff testified that she would try to obtain proof of payment for the remaining

amount.  See Exhibit 4.

    In an October 6, 2006, ruling, the hearing officer denied Plaintiff's request for

relief, finding that Plaintiff *was required to provide paid invoices* in order to enforce

DCPS' obligation to reimburse Plaintiff.  The hearing officer also found that "DCPS is

acting in compliance with the [December 3, 2003] HOD," noting that counsel for the

parent did not submit any paid invoices until almost two and one half years after the 2003

HOD was issued, for sessions that allegedly were already completed.  See Exhibit 4.

Finally, the October 6, 2006, HOD concluded that parent had not met her burden of proof

that there had been a denial of a Free Appropriate Public Education ("FAPE") under the

IDEIA.  Id.[1]

---

[1]Following the hearing, Plaintiff rejected the offer of payment for $120.00 from the Office of
Finance, instead requesting that the full amount be paid when she produced all of the receipts. See
Exhibit 5 (Declaration of Olonda Oliver, Accounts Payable Technician in the office of the Chief
Financial Officer of the District of Columbia).  Since the filing of this Complaint, Plaintiff's
counsel indicated in an email to Defendant that Plaintiff was still unable to obtain paid invoices
for the total amount claimed.  See Exhibit 6.  Therefore, recently, the Office of Finance
automatically paid the Plaintiff $120.00 for the paid invoices it originally received.  Thus, the
correct amount of the claim in this action is now $567.44. See Exhibit 6.

## <u>ARGUMENTS</u>

**I.**    **<u>Standards for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).</u>**

Dismissal pursuant to Rule 12(b)(6) is appropriate when a complainant has failed to set forth a claim for which he/she is entitled to relief.  <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) (holding complaint should be dismissed pursuant to Fed. R. Civ. P. 12 "[u]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would have entitled him to relief").  In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs.  <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S.232, 236 (1974) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41-56-46 (1957) and citing <u>Gardner v. Toilet Goods Assn</u>., 387 U.S. 167, 172 (1967)).  However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts.  <u>See</u> <u>Kowal v. MCI Communications Corp</u>., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

When plaintiffs fail to exhaust their administrative remedies under the IDEIA, the court will dismiss their claim for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. Pro. 12(b)(1).  <u>See</u> <u>Moss v. Smith</u>, 794 F. Supp. 11 (D.D.C. 1992).  The <u>Moss</u> Court found that the plaintiff was required to exhaust her administrative remedies under the IDEA prior to filing suit because the administrative remedies available were neither futile nor inadequate.  <u>See</u> <u>id</u>.; <u>see also</u> <u>Artis v. Greenspan</u>, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) ("[f]ailure to exhaust administrative remedies deprives a district court of subject matter jurisdiction").  In considering a motion to dismiss for lack of subject matter jurisdiction, the court can consider facts outside of the motion or complaint without

changing the motion to a summary judgment motion.  <u>Capitol Leasing Co. v. FDIC</u>, 999

F.2d 188 (7th Cir. 1993); <u>Artis v. Greenspan</u>, 223 F. Supp. 2d 149, 152 (D.D.C. 2002);

<u>Pelham v. United States</u>, 661 F. Supp. 1063 (D. N.J. 1987).

 As shown below, since Plaintiff failed to bring this action within the proper

limitations period under the IDEIA, she has failed to state a claim upon which relief can

be granted under Fed. R. Civ. P. 12(b)(6).  Further, this court does not have jurisdiction

over her claims under Fed. R. Civ. P. 12(b)(1) because Plaintiff failed to exhaust her

administrative remedies.  Finally, even if this Court finds that Plaintiff's claim is timely

and Plaintiff has exhausted her administrative remedies, she still fails to state a claim

under Fed. R. Civ. P. 12(b)(6) because her claim should have been presented in

<u>Blackman v. District of Columbia</u>, Civ. No. 97-1629 (D.D.C.), a class action designed to

deal with such claims.  Therefore, Plaintiff's complaint should be dismissed under Fed.

R. Civ. P. 12(b)(1) and/or 12(b)(6).

**II.**  <u>**Dismissal of the Claims Herein is Required**</u>**.**

  **A.**  <u>**Plaintiff failed to state a claim upon which relief can be granted**</u>
    <u>**because at the time of filing the Complaint, the applicable limitations**</u>
    <u>**period had already expired.**</u>

 In this case, Plaintiff exceeded the three year applicable limitations period applied

by this Court under the IDEIA.  Plaintiff filed her Complaint on January 5, 2007, seeking

to enforce a hearing officer's decision issued on December 3, 2003.  Thus, she did not

file her Complaint within the three years allowed and her Complaint was untimely.

 In cases that arise under the IDEA this Court has applied the District of

Columbia's three year "catch all" statute of limitations.  <u>Anthony v. District of Columbia</u>,

463 F. Supp. 2d 37, 42 (D.D.C. November 30, 2006); <u>see</u> D.C. Code § 12-301(8).  Since

Plaintiff is seeking to enforce a hearing officer's decision issued on December 3, 2003, well over three years from the date that it was issued, the time for properly filing this action expired on 12/3/2006. Accordingly, this Court is without jurisdiction to entertain this action, and Plaintiff's claim should be dismissed for this reason alone.

**B.    This Court does not have jurisdiction because at the time of filing, Plaintiff had failed to exhaust her administrative remedies.**

In order to be reimbursed for the sessions, the *December 3, 2003*, HOD required Plaintiff to present evidence that demonstrates the sessions were paid for. Since the Plaintiff has not met this condition, she has failed to exhaust her administrative remedies. Thus, this court is without jurisdiction over Plaintiff's claims.

The IDEIA and its corresponding regulations specifically provide due process procedures to safeguard students' rights under the statute. See IDEIA, 20 U.S.C. § 1415. Students or their guardians can bring their IDEIA complaints in the first instance before impartial hearing officers. See id. A hearing officer's decision is the final administrative decision, and an aggrieved party may then bring a civil action in any court of competent jurisdiction. See 20 U.S.C. 1415(i)(2). Congress intended for individuals to exhaust their administrative remedies under the IDEIA before filing suit in federal court. See Moss v. Smith, 794 F. Supp. 11, 13 (D.D.C. 1992) (Court citing Smith v. Robinson, 468 U.S. 992 (1984). The doctrine of exhaustion of administrative remedies provides that:

> no one is entitled to judicial relief for a supposed or
> threatened injury until the prescribed administrative remedy
> has been exhausted." *Myers v. Bethlehem Shipbuilding
> Corp.*, 303 U.S. 41, 50-51, 82 L. Ed. 638, 58 S. Ct. 459
> (1938). The exhaustion requirement may arise under a
> statute specifically, or be implied from an administrative
> scheme providing avenues of agency relief. *See Linfors v.
> United States*, 673 F.2d 332 (11th Cir. 1982).

<u>Nichols v. Board of Trustees</u>, 725 F. Supp. 568, 571 (D.D.C.1989).

Plaintiff is seeking an award from this Court in the amount of $687.44 even though the October 6, 2006, decision dismissed her case because Plaintiff only presented paid invoices totaling $120.00.  Because Plaintiff failed to produce the proper receipts at the hearing, she cannot automatically seek a remedy in this Court without first satisfying the administrative remedies available to her, which is to present the proper paid receipts to DCPS.  Since Congress intended for Plaintiffs to seek administrative remedies under the IDEIA, and since the Plaintiff still has not produced paid receipts, the criteria for reimbursement has not been met at this time, and this Court is without jurisdiction over Plaintiff's claims.  Further, Plaintiff has not made any showing of any special circumstance that would establish original jurisdiction in this Court.

Therefore, since Plaintiff sought relief from this Court without first presenting the proper paid invoices required for reimbursement and this Court should dismiss her claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(1).

**C.** **<u>Even if the Complaint was filed within the limitations period, and the Plaintiff has exhausted her administrative remedies, this action should still be dismissed because is in the wrong forum.</u>**

Since Plaintiff's Complaint alleges a "failure to comply" with a decision claim—and assuming <u>arguendo</u> that assertion to be accurate--Plaintiff is automatically a class member in <u>Blackman v. District of Columbia</u>, Civ. No. 97-1629 (D.D.C.),--an action within which a specific procedure has been established to manage the exact type of claim alleged by the Plaintiff here—claims that DCPS failed to comply with an administrative IDEIA decision.  <u>Blackman</u> enabled, and continues to enable, class members *and future class members* to file motions for preliminary injunction where Plaintiff is seeking to

enforce DCPS to comply with an HOD, after attempts to utilize the administrative procedures failed. Exhibit 5, <u>Blackman</u> Order.

In her Complaint, Plaintiff asserts a single claim—that DCPS did not comply with the December 3, 2003, HOD. Since the <u>Blackman</u> class action has been established to manage such an allegation, and if Plaintiff is found to have timely exhausted her administrative remedies, then the <u>Blackman</u> class action would be the proper forum for this Plaintiff. Therefore, this action should be dismissed without prejudice to its renewal in <u>Blackman</u>.

## <u>CONCLUSION</u>

This Court simply does not have jurisdiction over Plaintiff's claims. Plaintiff failed to file her Complaint in federal court within the proper limitations period under the IDEIA, and she failed to exhaust her administrative remedies before filing her complaint.

If, however, this Court finds she is within the proper limitations period and has exhausted her administrative remedies, this Complaint should still be dismissed because Plaintiff should have brought this action within the <u>Blackman</u> class action for complainants alleging failures to comply with hearing officer's decisions. Thus, Defendant requests that the instant case be dismissed because this court does not have jurisdiction over the Plaintiff's claim.

Respectfully submitted,

LINDA SINGER
Acting Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General

Civil Litigation Division

**_/s/ Edward P. Taptich_**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

**_/s/ Amy Caspari_**
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
amy.caspari@dc.gov

March 16, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        :
MESHA GRAY,                             :
o.b.o. her minor child, M.B.,           :
                                        :
        Plaintiff,                      :
                                        :
                v.                      :   Civil Action No. 07-0013 (RJL)
                                        :
DISTRICT OF COLUMBIA,                   :
                                        :
        Defendant.                      :
_____:

**ORDER**

Upon consideration of Defendant District of Columbia's Motion to Dismiss the

Complaint, any responses thereto, and the record herein, it is on this _____ day of _____,

2007,

ORDERED that Defendant's Motion to Dismiss is GRANTED; and it is

FURTHER ORDERED that the Complaint herein is DISMISSED.


                                        _____
                                        United States District Judge

# District of Columbia Public Schools
## Office of Management Services
### Confidential

**FREDERICK E. WOODS**, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **Monnae Brown** | ) | |
| Date of Birth: 12/20/93 | ) | |
| Petitioner, | ) | **DECISION AND ORDER** |
| | ) | |
| vs. | ) | Hearing Request: October 29, 2003 |
| | ) | Hearing Date: December 2, 2003 |
| The District of Columbia Public Schools, | ) | Held at: 825 North Capitol Street, N.E. |
| Home School: Leckie Elem. School | ) | Eighth Floor |
| Attending: St. Thomas More Catholic | ) | Washington, D.C. 20002 |
| School | ) | |
| | ) | |
| Respondent. | ) | |

Parent:

Meisha Gray, Mother
4034 2nd Street, S.W.
Washington, D.C. 20032

Counsel for the Parent/Student:

Carolyn W. Houck, Esq.
Attorney at Law
5505 Connecticut Ave. N.W., Suite 174
Washington, D.C. 20015

District of Columbia Public Schools:

Quinne Harris-Lindsey, Esq.
Attorney Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

1

DCPS – 01

## I.    JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 105-17, the Individuals with Disabilities Education Act of 1997, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

**Petitioner:**    Admitted, without objection, a disclosure letters filed 11/22/03 that lists four witnesses and attached ten exhibits sequentially labeled MB-01 through MB-10. Two witnesses were present: Meisha Gray, the student's mother, and Velvet Gray, the student's aunt. No witnesses were called to testify because the parties settled.

**Respondent:**    Admitted, without objection, a disclosure letters filed 11/22/03 that lists five witnesses. No exhibits were offered into evidence. No witnesses were present or called to testify because the parties settled.

## IV.    STATEMENT OF THE CASE

Monnae Brown, born 12/09/93, age 10, is a child with a disability receiving her special education and related services at St. Thomas More Catholic School in the District of Columbia. (R. at MB-09.)

Alleged is DCPS failed to reimburse the mother for the independent Speech-Language Evaluation and Speech-Language Therapy sessions obtained for Monnae in school year 2001-02. (R. at MB-09.)

The Student Hearing Office, DCPS, scheduled a Due Process Hearing for 11:00 a.m. Tuesday, December 2, 2003 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Attorney Advisor Quinne Harris-Lindsey appeared in-person for DCPS. Attorney Douglas Tyrka appeared in-person on behalf of Monnae, and her mother who was present.

In consideration of the hearing record, the hearing officer entered the parties Settlement on the Record as follows:

# ORDER

DCPS shall ................................................................

1. Reimburse the parent for Monnae's independent Speech-Language Evaluation performed on 06/21/01, pursuant to the costs guidelines in the March 20, 2002 DCPS Office of Superintendent Directive Number 530.6, upon receipt of the paid invoice from the parent.

2. Reimburse the parent for each of Monnae's independent Speech-Language Therapy sessions that she received during school year 2001-02 upon receipt of the paid invoices from the parent.

3. This Order resolves all issues in this case and the hearing officer makes no additional findings.

This is **THE FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within thirty (30)-days of this Order's issue date.**

Frederick E. Woods
**Hearing Officer**

12|2|03
**Date**

Issued: 12/3/03
**Student Hearing Office, DCPS**

3

**TYRKA & HOUCK, LLP**
1726 Connecticut Ave., NW, Suite 400
Washington, DC  20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

June 19, 2006

By Facsimile and First Class Mail

Mr. Habib Samuels
Division of Special Education, Payments Unit
District of Columbia Public Schools
PO Box 75047
Washington, D.C. 20002

Re:   Monnae Brown:  Tuition Reimbursement **Total: $687.44**

Dear Mr. Samuels:

I am sending the Hearing Officer's Determination ordering reimbursement for tuition and related services payments to the parents of Monnae Brown.  I will also send a copy via mail.

I appreciate your assistance in this matter.

Sincerely,

*[signature]*

Jacci (Jacqueline Donnell, Office Manager for Tyrka & Houck, LLP Houck

CC: DCPS Office of Mediation and Compliance, Parents

**MB4**

5-18-06
2/265 4264

TO WHOM IT MAY CONCERN

TO: Monnae Brown
   (Reimbursement)

From: Misha Gray
      301-102-1908

NOTE: THE CURRENT ADDRESS
   4034 2nd St SW
   WASH DC 20032
   2/562-7757



Phone: 301-749-1420
Fax   301-749-1493

| Billing Date | 11/21/01 |
|---|---|
| DUE DATE | 12/6/01 |

| Patient/Client | Monnae Brown |
|---|---|

Ms. Mesha Gray
4032 2nd Street SW
Washington, D.C. 20032

| QUANTITY | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|
| No 156 ① | Individual Speech/LanguageTherapy 11/20/01 | 75.00 | 75.00 |
| | Unreimbursed Insurance fee | -24.07 | -24.07 |
| No 158 ① | Individual Speech/LanguageTherapy 11/27/01 | 75.00 | 75.00 |
| | Unreimbursed Insurance fee | -24.07 | -24.07 |

*It's been a pleasure working with you!*

| Total Due | $101.86 |
|---|---|
| TERMS | Net 15 |

*par*

**ProTALK Therapies, Inc.**
P.O. Box 53
Temple Hills, MD 20757

Phone 301 - 322-5553
Fax 301 - 322-5663

# Invoice | 578

| Billing Date | 3/8/02 |
|---|---|
| DUE DATE | 3/23/02 |

| Patient/Client | Monnae Brown |
|---|---|

Ms. Mesha Gray
4032 2nd Street SW
Washington, D.C. 20032

| QUANTITY | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|
| 2 | Individual Speech/Language Therapy 2/14/02, 3/1/02 | 75.00 | 150.00 |

*It's been a pleasure working with you!*

| | Total Due | $150.00 |
|---|---|---|
| | TERMS | Net 15 |

No. 150
2001
11-8
RECEIVED OF _Mesha Gray_
DOLLARS $ _10_
Monrae - Speech Rf
Amt. of Account
Amt. Paid
Balance Due
By _C. Byrd_

No. 154
2001
12-5
RECEIVED OF _Mesha Gray_
DOLLARS $ _10_
Monrae / Speech
Amt. of Account
Amt. Paid        10  00
Balance Due
By _C. Byrd_

No. 156
2001
11-20
RECEIVED OF _Mesha Gray_
DOLLARS $ _10_
Monrae Brown - Speech Rf
Amt. of Account
Amt. Paid
Balance Due
By _C. Byrd_

No. 158
2001
11-27
RECEIVED OF _Mesha Gray_
DOLLARS $ _10_
Monrae Brown                Cash
Amt. of Account
Amt. Paid
Balance Due
By _C. Byrd_



No. 170
RECEIVED OF Mesha Gray
DOLLARS $
Monroe Sp Rx

| Amt. of Account | | |
| Amt. Paid | | |
| Balance Due | | |

By C Byrd

No. 169
RECEIVED OF Mesha Gray
DOLLARS $
1/30, 2/2 Monroe Sp Rx

| Amt. of Account | | |
| Amt. Paid | | |
| Balance Due | | |

By C Byrd

No. 164
RECEIVED OF Mesha Gray
DOLLARS $ 20
1/26/02 Speech Rx + Mai 1/29/02

| Amt. of Account | | |
| Amt. Paid | | |
| Balance Due | | |

By C. Byrd

No. 162
RECEIVED OF Mesha Gray
DOLLARS $ 10
Speech Rx - Monroe Brown

| Amt. of Account | | |
| Amt. Paid | | |
| Balance Due | | |

By CC Byrd



# Speech Language Pathologist

3-8-02

Hi Mesha,

Please sign + return. $10 copay is due for 2/4/02. $75 is due for 3/1/02.

Please call to update me on schedule plans. Thanks,

C. Byrd.

No. 161
RECEIVED OF Mesha Gray
12-19   2001   195.
DOLLARS $10
Speech Ref - Monae Brown
Amt. of Account
Amt. Paid
Balance Due
By CEB Byrd

---

## RECEIPT

**Children's** National Medical Center.
111 Michigan Ave., N.W.
Washington, D.C. 20010
(202) 884-5000

BROWN, MONNAE DONISHA

PCP   LAWRENCE, WILLIAM W
MR#   020110875
Acc#   0216900067
SUB   OPA--
Sex   F
Exp!   07/09/02
Adm:   07/08/02
DOB:   12/09/93
DR:   BOYAJIAN, MICHAEL J
Ins Plan
CIGNA HMO
Ins ID#   57990906203

Date of Service: 07, 09, 20 01

PAID BY MR./MRS. Brown            AMT. $ 10.00

THE SUM OF: Ten                                      & 00/ DOLLARS

PAID BY: ☐ CASH   ☐ CHECK   ☐ CREDIT CARD   VISA - MC - AMEX - DISC (circle one)

RECEIVED BY:

| ☐ HOSPITAL $ | DEPT. NAME/NUMBER | ☐ CNMA $ | DEPT. NAME/NUMBER |
| --- | --- | --- | --- |
| | 1 | | R C 5 |

PATIENT'S COPY

No. 400757

| QUANTITY | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|
| 6 | Individual Speech/LanguageTherapy 1/26, 28, 1/30, 2/2, 4, 11 | 75.00 | 450.00 |
| | Unreimbursed Insurance fee | -144.42 | -144.42 |

*It's been a pleasure working with you!*

| | | | |
|---|---|---|---|
| **Total Due** | | | **$305.58** |
| | TERMS | | Net 15 |



# M.V. LECKIE ELEMENTARY SCHOOL

**(202)645-3330 SCHOOL/(202)645-3331 FAX**

**TO:** Douglas Tyrka, Atty.  **FROM:** Phillip White III
202-265-4264

**DATE:** 8/08/06  **TIME:** 5:45pm **NO. OF PAGES** 2

**COMMENT:** Re: Monnae Brown

Please fax a copy of the In-Voice and HOD Settlement and I will hand deliver it, if possible, prior to the scheduled Resolution Meeting.



```
┌─────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT        │
└─────────────────────────────────────────┘
```

```
                              TIME  : 06/19/2006 15:49
                              NAME  : TYRKA HOUCK LLP
                              FAX   : 2022654264
                              TEL   :
                              SER.# : 000A6J693992
```

```
┌────────────────────────────────────────────────────┐
│  DATE,TIME              06/19  15:46                 │
│  FAX NO./NAME           2024425304                   │
│  DURATION               00:02:54                     │
│  PAGE(S)                12                           │
│  RESULT                 OK                           │
│  MODE                   STANDARD                     │
│                         ECM                          │
└────────────────────────────────────────────────────┘
```

## TYRKA & HOUCK, LLP
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

**CONFIDENTIALITY NOTICE**

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient:        **Habib Samuels**

Fax number:       **202-442-5313 or 202-442-5304**

From:             **Jacci Donnell**

Regarding:        **Monnae Brown**

Number of pages:  **12**    (including cover sheet)

Notes:

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**ENFORCEMENT AND INVESTIGATION DIVISION**

**SPECIAL EDUCATION DUE PROCESS HEARING**

**CONFIDENTIAL**

**HEARING OFFICER'S DETERMINATION**

**STUDENT: Monnae Brown**          **DATE OF BIRTH: 12/9/93**

**ADDRESS: 4032 2ⁿᵈ Street, S.W.**
**Washington, D.C.**

**PRESENT SCHOOL ATTENDING: Leckie E.S.**
**HOME SCHOOL:  Same**

**DATE OF HEARING: September 29ᵗʰ 2006**

**TESTIFIED AT THE HEARING:**

**Mesha Gray                    Mother**

Student's Representative: Douglas Tyrka, Esq.
Address: 1726 Connecticut Ave., N.W.
Washington, D.C.
FAX: 202-265-4264

School System's Representative: Quinne Harris-Lindsey, Esq.
Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on September 29th 2006, at the request of Douglas Tyrka, counsel for the parent and the student. Quinne Harris-Lindsey represented DCPS, the other party to this hearing.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446) and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**ISSUE:**

     **1.**    **Did DCPS fail to comply with the HOD of December 3rd 2003?**

**DOCUMENTS SUBMITTED INTO EVIDENCE BY DCPS:**

**DCPS-1-DCPS-4**

**DOCUMENTS SUBMITTED INTO EVIDENCE BY STUDENT:**

**MB-1-MB-8**

**FINDINGS OF FACT:**

1.    On December 3rd 2003, a Hearing Officer's Determination was issued that ordered DCPS to reimburse the parent for independent speech and language therapy sessions that the student received during the school year 2001-2002 **upon receipt of the paid invoices from the parent.** (MB-3)

2.    On June 19th 2006, the office of counsel for the parent sent a letter to DCPS seeking reimbursement for tuition and related service payments to the parent for the total of $687.44. There were attached paid invoices from the parent to the speech and language therapist totally one hundred and twenty dollars ($120). There were also attached invoices from the therapist to the parent, but these invoices did not indicate they were paid. (MB-4)

3.    DCPS's response to the due process complaint notice stated: "As ordered in the December 2 2003 HOD, DCPS will reimburse the parent for speech

language therapy. As stated in the complaint, DCPS received the required paperwork from the parent on June 19th 2006, every effort will be made to ensure that the matter is completed as soon as possible. (MB-7)

4.    Counsel for DCPS proffered that DCPS will pay the $120 dollars that they received paid invoices for and will pay any other speech language therapy services upon receipt of paid invoices from the parent.

5.    The parent testified that she will try to contact the speech and language pathologist who provided the services to obtain paid invoices for amounts above the $120. (Testimony of Mother)

**DISCUSSION AND CONCLUSIONS OF LAW:**

The issue in this case is whether DCPS complied with the December 3rd 2003 HOD. The HOD ordered reimbursement of independent speech and language services upon receipt of paid invoices from the parent. Counsel for the parent is requesting reimbursement in the amount of $687.44. Counsel for the parent's own submitted documents only show that the parent provided documentation of paid invoices totaling $120. Counsel for DCPS agreed in both her written response to the complaint and at the hearing that DCPS will pay for documented paid invoices and proffered that DCPS is in the process of paying the documented paid invoices for $120. This hearing officer concludes that the HOD specifically requires written paid invoices from the parent in order for there to be reimbursement. This hearing officer finds that DCPS is acting in compliance with the HOD. This hearing officer further notes that the HOD was issued on December 3rd 2006, and counsel for the parent did not submit paid invoices until almost two and half years later on June 19th 2006. **Counsel for the parent has not met his burden of proof that there has been any denial of a Free Appropriate Public Education (FAPE) in this case.**

It is hereby **ORDERED** that:

**Counsel for the parent's request for relief is DENIED and the case is DISMISSED.**

**This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.**

Seymour DuBow, Esq.
Impartial Hearing Officer          Date filed: October 6, 2006
Date Issued:

3

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**


Monnae Brown
Date of birth: 12/09/93
        Petitioner

v.

District of Columbia Public Schools,
        Respondent


**District of Columbia Public School's**
**Response to Due Process Complaint Notice**


The District of Columbia Public School (hereinafter "DCPS"), by and through the undersigned Attorney-Advisor, hereby provides its RESPONSE to the Administrative Due Process Complaint Notice (hereinafter "Complaint")[1] filed on or about July 31, 2006 on behalf of the parent of Monnae Brown, pursuant to the Individuals with Disabilities Education Improvement Act (hereinafter "IDEIA 04"), 20 U.S.C. § 1415(c)(2)(B)(i)(I)[2].   Specifically, based upon information provided to the Office of General Counsel as of today's date, DCPS asserts the following:


*As ordered in the December 2, 2003 HOD, DCPS will reimburse the parent for speech language therapy. As stated in the complaint, DCPS received the required paperwork from the parent on June 19, 2006.  every effort will be made to ensure that the matter is completed as soon as possible.*

We reserve the right to supplement this response as more information becomes available.

---

[1] Attached as Exhibit 1
[2] DCPS acknowledges that this response was required to be filed on or before August 10, 2006. It is the position of this agency that the delay in providing said response has not resulted in a denial of FAPE to this student.


**MB7**

Monnae Brown
August 11, 2006
Page 2

Furthermore, DCPS will schedule a resolution meeting pursuant to the Individual's with Disabilities Education Improvement Act (hereinafter "IDEA"), Sec. 615(f)(1)(B) to address the specific issues in the due process complaint notice.

Respectfully submitted,

Quinne Harris Lindsey / Signed electronically
Quinne Harris Lindsey, Esq.
Attorney-Advisor
c/o Ann J. Williams
Paralegal Specialist
DCPS Office of the General Counsel
District of Columbia Public Schools
Telephone: 202/442-5000
Fax: 202/442-5097/8

## CERTIFICATE OF SERVICE

I, Quinne Harris Lindsey, Esq., hereby certify that a copy of this RESPONSE was served on Douglas Tyrka, parent's counsel, via facsimile, 202/265-4264, on August 11, 2006.

Quinne Harris Lindsey / Signed electronically
Quinne Harris Lindsey, Esq.
DCPS Attorney Advisor

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

✓ PUBLIC          ___DPCS CHARTER          ___ LEA CHARTER          __ NONPUBLIC          __ PRIVATE/RELIGIOUS

## RESOLUTION MEETING NOTES

Meeting Confirmation Date: __8/17/06 Second Attempt__          Meeting Held: __8/25/06__

Student: __Monnae Brown__          DOB __12/09/93__ School: __M.V. Leckie ES__

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Mesha Gray | Mesha Gray | Mother |
| Keith Coyle | Participated via teleconference | Attorney |
| Phillip White III | Phillip White III | Sp. Ed. Coord. / LEA |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

____ Resolved          ✓ Unresolved

The purpose for this Resolution Meeting on Monnae Brown is to give regard to parent's complaint filed for tuition reimbursement with hopes to reach a plausible resolution – a settlement.

Introductions were made with each stating his or her relationship to Monnae. Parent was informed of her Rights. Parent's counsel participated via telephone.

Parent presented the school with the required original in-voices for Speech/Language Services

RESOLUTION MEETING NOTES          Page _____

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

__ PUBLIC        ___DPCS CHARTER        __ LEA CHARTER        __ NONPUBLIC        __ PRIVATE/RELIGIOUS

### RESOLUTION MEETING NOTES Cont'd.

Meeting Confirmation Date: _____          Meeting Held: __8/25/06__

Student: __Monnae Brown__          School: __M.V. Leckie ES__

provided Monnae, as requested. The total amount agreed upon is $687.44. The invoice submitted exceeds this amount and is provided. However, recognition is made and a consensus is reached that parent will be receive reimbursement from the Finance Office (DCPS) for the total of $687.44.

The special education coordinator agreed to hand deliver the original invoices to Central Administration (two desks) as well as to fax the meeting notes to parent's counsel and mail meeting notes to parent.

Parent stated through attorney that she will not sign that this matter is solved or resolved until parent has received her tuition reimbursement check for the amount of $687.44. At such time, parent affirms that the matter will be settled — a settlement reached.

**MIKEISHA BLACKMAN, et al., Plaintiffs, v. DISTRICT OF COLUMBIA, et al., Defendants. JAMES JONES, et al., Plaintiffs, v. DISTRICT OF COLUMBIA, et al., Defendants. DOMINIQUE BARTON-SMITH, Plaintiff, v. DISTRICT OF COLUMBIA, et al., Defendants. JEREMIAH WILSON, et. al., Plaintiffs, v. ARLENE ACKERMAN, et al., Defendants.**

Civil Action No. 97-1629 (PLF), Civil Action No. 97-2402 (PLF), Civil Action No. 98-3026 (PLF), Civil Action No. 98-2825 (PLF)

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

*185 F.R.D. 4; 1999 U.S. Dist. LEXIS 2104*

**February 12, 1999, Decided**
**February 12, 1999, Filed**

**LexisNexis(R) Headnotes**

**COUNSEL:** [**1] For Plaintiffs: Andrew L. Lipps, Elaine Kirby, Alisa Reff, Swidler & Berlin, Washington, DC.

For Plaintiffs: Tamara Lynn Seltzer, Bazelon Center for Mental Health Law, Washington, DC.

For Plaintiffs: Charles Anthony Moran, Washington, DC.

For Plaintiffs: Paul Leonard Chassy, Chassy & Chassy, Kensington, MD.

For Plaintiffs: Sunny Kim Dubois, University Legal Services, Inc., Protection & Advocacy Program, Washington, DC.

For Plaintiffs: Elliott Denbo Andalman, Daniel Adlai Katz, Andalman & Flynn, Silver Spring, MD.

For Plaintiffs: Margaret A. Kohn, Kohn & Einstein, Washington, DC.

For Defendants: Lisa Annette Bell, William Morel, David E. Edmonds, Office of Corporation Counsel, Washington, DC.

**JUDGES:** PAUL L. FRIEDMAN, United States District Judge.

**OPINIONBY:** PAUL L. FRIEDMAN

**OPINION:**

[*4] OPINION

These consolidated cases have been before the Court multiple times in recent months on [*5] motions for preliminary injunctions. After considering the circumstances that led plaintiffs to file the original Blackman and Curtis class action lawsuits and, of late, to file numerous individual motions for preliminary injunctions, the Court concludes that extraordinary circumstances [**2] exist to warrant appointment of Elise Baach as Special Master to facilitate resolution of each motion for preliminary injunction filed in these or related cases and, in the absence of a negotiated resolution, to provide the Court with a report and recommendation.

On May 14, 1998, the Court certified a class with two subclasses in the consolidated cases of Blackman v. District of Columbia, Civil Action No. 97-1629, and Curtis v. District of Columbia, Civil Action No. 97-2402. The first subclass, the Blackman subclass, is defined as "all persons now, and in the future, who present complaints to DCPS pursuant to Section 615(b)(6) of the [Individuals with Disabilities Education Act ("IDEA")] and whose requests for impartial due process hearings under Section 615(f) of the IDEA and D.C. Mun. Regs. Tit. 5, § 3021.5 are overdue according to those provisions; and their next friends." The second subclass,

Case 1:07-cv-00013-RJL    Document 7-8    Filed 03/16/2007    Page 2 of 6

Page 2

185 F.R.D. 4, *; 1999 U.S. Dist. LEXIS 2104, **

the Jones subclass, is defined as "all children, now and in the future, who are entitled to have DCPS provide them with a free appropriate public education [FAPE] and who have been denied same because DCPS either (a) has failed to fully and timely implement the determination [**3] of hearing officers, or (b) failed to fully and timely implement agreements concerning a child's identification, evaluation, educational placement, or provision of FAPE that DCPS has negotiated with the child's parent or educational advocate." See Order of May 14, 1998.

On June 3, 1998, the Court granted plaintiffs' motion for summary judgment as to liability. In finding that defendants were liable to members of the Blackman subclass for violating the IDEA, the Court noted that the "Office of Special Education Programs [at the United States Department of Education] found that as of January 5, 1998, 'of the 655 hearing requests that had been received, a final decision had not been issued within [the applicable 45-day deadline] in 482 cases.'" Opinion of June 3, 1998 at 13. The Court also cited specific instances in which children had been waiting over 100 days, in one case 177 days, to receive their due process hearings. With respect to defendants' liability to members of the Jones subclass, the Court noted the finding of the Office of Special Education Programs that "as of January 5, 1998, DCPS was delinquent in implementing the determinations of hearing officers in [**4] 332 cases." Id. at 14. The failure to timely implement the determinations of hearing officers and/or to timely implement agreements reached with parents is a violation of federal law and has resulted, among other things, in significant delays both in the placement of children in appropriate educational settings and in the provision of crucial medical services, delays that have the potential to permanently harm the physical and emotional health of many young children

Trial on the issue of class-wide remedy has been scheduled for June 8, 1999, and the parties also are engaged in mediation in a good faith effort to agree upon a mutually acceptable remedial plan. Pending resolution of the issue of remedy, however, there are children whose health, safety and well-being are threatened by the failure of DCPS to comply with its obligations under the IDEA. In some cases, plaintiffs maintain that the injury is irreparable and that immediate relief is required.

The Court has not issued a broad, class-wide preliminary injunction requiring the District to immediately comply with its statutory and regulatory obligations to all members of the class, in part because such a broad injunction would [**5] be ineffective and impractical: the District simply does not have the resources to come into immediate compliance. Instead the Court has operated on the assumption that in the most

severe cases, where irreparable injury is threatened absent some action by the District, the District would not ignore its obligation to take such action even absent resolution of the claims of the class as a whole.

Unfortunately, the Court's confidence appears to have been misplaced. Over the past six weeks, four motions for preliminary injunction have been filed on behalf of a total [*6] of thirty-five children; three of those motions were filed within the space of two weeks in December. See Watkins v. Ackerman, Civil Action No. 98-3081; Barton-Smith v. District of Columbia, Civil Action No. 98-3026; Wilson v. Ackerman, Civil Action No. 98-2825; Blackman v. District of Columbia, Civil Action No. 97-1629. n1 In three of the four instances, the response of the District has not provided the Court with any faith that the District appreciates the magnitude of the problem and the dangers posed by their delay and recalcitrance.

n1 In addition, another case was filed on behalf of another twenty-four individual children. See Epps v. District of Columbia, Civil Action No. 98-2845. It appears likely that a motion for preliminary injunction will be filed on behalf of at least some of the plaintiffs if their needs are not met.

[**6]

In each case, plaintiffs' counsel who filed the motion has represented to the Court that she or he tried to negotiate a solution with the District of Columbia prior to filing a motion for preliminary injunction. For instance, in Wilson v. Ackerman, Civil Action No. 98-2825, plaintiffs filed their complaint on November 20, 1998. Plaintiffs' counsel indicated when she filed the complaint that she probably would file a motion for preliminary injunction. Prior to filing the motion, however, she attempted to speak with counsel for defendants to resolve the issues related to those plaintiffs. Plaintiffs' counsel filed a motion for preliminary injunction on behalf of four plaintiffs on December 23, 1998, a full month after the complaint was filed and after she was unable to get the District to provide relief for plaintiffs. More than one plaintiffs' counsel also have asserted that when they attempted to contact DCPS prior to filing a motion for a preliminary injunction, they could not even get the courtesy of a return phone call.

Even after motions for preliminary injunction have been filed, the District has remained unresponsive both to plaintiffs and to the Court. In one case, the [**7] District scheduled but failed to show up for a meeting with plaintiffs' counsel to discuss the possibility of

Case 1:07-cv-00013-RJL    Document 7-8    Filed 03/16/2007    Page 3 of 6

Page 3

185 F.R.D. 4, *; 1999 U.S. Dist. LEXIS 2104, **

resolving the pending motion for preliminary injunction. In another case, defendants' counsel failed to timely file an opposition to the motion for preliminary injunction. The opposition that finally was filed, six days late, was unsupported by any affidavits or documentary evidence. Defendants' counsel requested leave to late file affidavits in support of the opposition, but in spite of the fact that the Court granted leave, the affidavits never appeared. Moreover, in each of the three cases that now have been resolved, even after the filing of a motion for preliminary injunction, the Court has given defendants every opportunity to resolve plaintiffs' motions. In each case, after conducting a hearing on plaintiffs' motion, the Court has either reserved ruling or continued the hearing in order to give defendants the chance to meet with plaintiffs. In only one instance did the District avail itself of that opportunity. n2

> n2 Defendants appear to have successfully resolved the claims of plaintiffs in one of the motions for preliminary injunction. See Blackman v. District of Columbia, Civil Action No. 97-1629. Additionally, defendants resolved the claims of two plaintiffs to another motion but was unable to resolve the issues with respect to the remaining plaintiffs to that motion. See Wilson v. District of Columbia, Civil Action No. 98-2825.

[**8]

Meanwhile, as the District fails to provide services, fails to return phone calls and fails to meet the Court's deadlines, time continues to pass, aggravating the threat of injury to children. In most of these cases, the determination of whether plaintiffs are entitled to the immediate injunctive relief they seek turns on whether they can establish a threat of irreparable injury. After all, the Court already has found defendants liable, and plaintiffs' likelihood of success on the merits therefore cannot legitimately be contested. But the task of determining which children are facing the threat of immediate irreparable harm is often difficult and requires a detailed, fact-specific inquiry.

The District cannot seriously dispute that, at least in some cases, children are facing a threat of immediate irreparable injury. When the health of a three and a half year old child depends on the regular administration of her medication and catheterization and her health can be adversely affected for the rest of her life if the medication and catheterization are not regularly provided, [*7] and when her mother has appeared before a hearing officer and obtained a determination that the District must [**9] insure that the child's

medication is being administered and she is being catheterized, and when the child returns home with her medication and catheterization kit untouched, the District is hard-pressed to argue that there is no irreparable injury. See Barton Smith v. District of Columbia, Civil Action No. 98-3026, Opinion of December 23, 1998 (D.D.C). That situation simply is intolerable. Unfortunately, even in a case so dire, the District refused to recognize the harm that was threatened by its flagrant violation of the IDEA. It refused to provide adequate assurances to plaintiff, maintained that meeting its statutory obligations was too costly and forced the Court to issue a preliminary injunction.

In cases that are less straightforward, the Court has been obligated to wade through the detailed circumstances of each child's situation to determine the exigency of the situation. Whether immediate and irreparable injury is threatened when an individual special education student is being denied his or her statutory right to a timely due process hearing or timely implementation of the determination of a hearing officer necessarily depends on the facts and circumstances of the individual [**10] case. The Court simply cannot continue conducting such a detailed analysis of the factual circumstances of each case, especially if motions for preliminary injunction continue to be filed at the current rate. Until such time as the issue of class-wide remedy is resolved, there must be some alternative mechanism in place through which plaintiffs can compel the District of Columbia to address those cases in which serious and irreparable injury is threatened.

In view of these circumstances, the Court finds that appointment of a Special Master for the limited purposes of assisting the Court in resolving the requests for immediate injunctive relief is warranted. The Court is not unmindful that "reference to a master shall be the exception and not the rule." Rule 53(b), Fed. R. Civ. P. See La Buy v. Howes Leather Co., 352 U.S. 249, 1 L. Ed. 2d 290, 77 S. Ct. 309 (1957); United States v. Microsoft Corp., 331 U.S. App. D.C. 121, 147 F.3d 935, 953 (D.C. Cir. 1998). This case presents extraordinary circumstances. First, defendants' liability already has been established and the District cannot plausibly argue that it currently is in compliance with the IDEA. This situation therefore [**11] is analogous to cases in which special masters have been appointed to supervise implementation of court orders or compliance agreements. See Apex Fountain Sales, Inc. v. Kleinfeld, 818 F.2d 1089, 1092 (3d Cir. 1987) (citing cases where appointment of special master was appropriate).

Second, the District consistently has failed to recognize the serious physical, emotional and educational difficulties that individual plaintiffs face as a result of defendants' failure to comply with the IDEA.

Case 1:07-cv-00013-RJL    Document 7-8    Filed 03/16/2007    Page 4 of 6

Page 4

185 F.R.D. 4, *; 1999 U.S. Dist. LEXIS 2104, **

The physical health of two of the children who ultimately prevailed on their motions for preliminary injunction has been seriously jeopardized by the District's refusal to recognize its statutory obligations. The District, in violation of the hearing officer's order, failed to provide one child with her medication and catheterization, placing her at serious risk of urinary tract or kidney infections and failed to provide the other child with occupational and physical therapy. See Barton Smith v. District of Columbia, Civil Action No. 98-3026, Opinion of December 23, 1998, at 7; Wilson v. Ackerman, Civil Action No. 98-2325, Opinion of January 29, 1999, at 9. Moreover, the failure of the [**12] District to comply with its statutory obligations and provide appropriate educational placements can have a devastating impact on a child's well-being. "Any agency whose appointed mission is to provide for the education and welfare of children fails that mission when it loses sight of the fact that, to a young, growing person, time is critical. While a few moths in the life of an adult may be insignificant, at the rate at which a child develops and changes, especially one at the onset of biological adolescence with or without special needs like those of our plaintiff, a few months can make a world of difference in the life of that child." Foster v. District of Columbia, Civil Action No. 82-0095, Memorandum Opinion and Order of February 22, 1982, at 4 (D.D.C.) (J.H. Green, J.). Even faced with these serious threats of injury and even when given ample opportunity to find an amicable resolution to these [*8] cases, the District has simply failed on numerous occasions to respond to plaintiffs.

Third, time is of the essence with these motions. When the physical or emotional health and safety of a child is threatened, the matter cannot wait for the Court's calendar to clear. The District [**13] contends that it "is willing and able to resolve these claims expeditiously without judicial intervention," that it has put in place a structure to resolve claims quickly and that appointment of a Special Master therefore is unwarranted. See Defendants' Opposition at 5. The Court hopes that the District will be able to successfully resolve plaintiffs' claims without recourse to the Court, and nothing in this Opinion or accompanying Order of Reference prevents it from so doing. To the extent that the District is successful in those efforts, the mechanism set up by the accompanying Order of Reference will not be used. But the Court cannot ignore the history of these related actions and the woeful failure of the District to respond to plaintiffs and to the Court even in the most urgent circumstances. The Court has been most patient with the District, but in too many cases, that patience has not been warranted.

Finally, the parties are in agreement that the time and attention of the volunteer mediators who have been assigned to address the issue of class-wide relief should not be diverted for the purpose of resolving claims of individual plaintiffs. In the Court's judgment, the appointment [**14] of a Special Master is the most effective way to provide for such interim relief. In view of the exceptional circumstances presented, the Court finds the appointment of a Special Master and implementation of the mechanism described in the accompanying Order of Reference to be the most effective means of insuring that any child faced with the threat of irreparable injury has fair and speedy recourse in this Court.

The Special Master will perform this function within the framework set forth in the accompanying Order of Reference by (1) facilitating settlement meetings: and (2) in the absence of a mutually agreeable resolution, issuing a report and recommendation for the Court's review. The Court finds that the appointment of a Special Master for this limited purpose is the least intrusive and most effective way to ensure that the noncompliance with the IDEA which gave rise to liability does not cause irreparable injury to any individual class member pending the determination of class-wide relief.

Counsel for both the District and for plaintiffs have been provided with a copy of the Order of Reference in draft form and an opportunity to comment on both the need for a Special Master [**15] and the terms of the proposed Order of Reference. The Court has carefully considered the comments of the parties. Counsel have raised concerns over the availability and, to a certain extent, the qualifications of Ms. Elise Baach to fulfill the role of Special Master in this case. The District and class counsel both point out that Ms. Baach currently is serving as Special Master in Petties v. District of Columbia, Civil Action No. 95-0148, and have expressed concern about whether her duties in the Petties litigation will allow her sufficient time to serve as Special Master in this case. It is precisely because of her role in Petties and the fact that both the District and plaintiffs' counsel in that case have been satisfied with the constructive role Ms. Baach has played that this Court has such great confidence in her. The Court has no doubt that Ms. Baach will be able to perform the function of Special Master in this case, as well as her function in Petties, without compromising the quality of her work in either case.

The District also suggests that Ms. Baach's primary qualifications are in the area of mediation and facilitation, rather than in the substantive law [**16] of the IDEA. In view of the fact that the District has represented that it plans to try to reach amicable resolutions of these motions with plaintiffs' counsel, it is the mediation and facilitation skills that Ms. Baach already has demonstrated that will be most in demand.

Case 1:07-cv-00013-RJL     Document 7-8     Filed 03/16/2007     Page 5 of 6

Page 5

185 F.R.D. 4, *; 1999 U.S. Dist. LEXIS 2104, **

The Court also notes that Ms. Baach has significant experience in the area of IDEA law as the Court learned in some detail when it interviewed her at length and checked her references before appointing her as Special Master in Petties. While Ms. Baach's role in Petties has focused on facilitating resolution of systemic [*9] issues and her role in these cases will be focused on the claims of individual plaintiffs, the Court has no doubt that she will carry out that responsibility as ably as she has all the duties entrusted to her in Petties. An Order of Reference consistent with this Opinion shall be issued this same day.

SO ORDERED.

PAUL L. FRIEDMAN

United States District Judge

DATE: 2/12/99

ORDER OF REFERENCE

For the reasons set forth in the Opinion issued this same day and pursuant to *Rule 53 of the Federal Rules of Civil Procedure* and the inherent power of the Court, it is hereby

ORDERED [**17] that Elise T. Baach is appointed as Special Master in these consolidated actions to resolve any motions for preliminary injunctions or emergency relief filed by plaintiffs in this or in any related case. The Special Master is entrusted with the dual function of facilitating a mutually satisfactory resolution of each such individual claim, and, in the absence of a mutually acceptable resolution, providing the Court with a report and recommendation with respect to whether any particular plaintiff is entitled to preliminary injunctive relief. The Court will have direct supervisory power over the Special Master and will review periodically, as necessary, the scope, nature and duration of the Special Master's powers and duties; it is

FURTHER ORDERED that the Special Master shall have all powers accorded under *Rule 53 of the Federal Rules of Civil Procedure*, and shall act as an agent and officer of the Court in performing the duties outlined below; it is

FURTHER ORDERED that in order to facilitate the mechanism described below, the District of Columbia Public Schools, the Office of the Corporation Counsel and class counsel each shall designate a primary contact person responsible for responding [**18] to the requests of the Special Master and for insuring that their obligations with respect to this Order are met; it is

FURTHER ORDERED that the following mechanism shall apply to any motion filed in this Court by a member or members of the class certified in this case which seeks a temporary restraining order, a preliminary injunction or other emergency injunctive relief in addition to or more quickly than any relief that will be afforded to the class as a whole either after trial in June 1999 or upon settlement, for injury stemming from the liability that the Court has found in this case:

1. When a motion seeking immediate injunctive relief is filed in this Court in a case that has not yet been consolidated with the pending class action, the Court will issue an order to show cause why the case should not be consolidated with the pending class action. A copy of today's Opinion and Order of Reference will be attached, along with the telephone number and address of the Special Master. The parties to the motion seeking immediate injunctive relief will have 48 hours from the issuance of the show cause order within which to present any objections to consolidation. If the Court concludes [**19] that a party has shown cause why the case should not be consolidated, the mechanism set forth in the following paragraphs shall not apply to the motion.

2. Within 48 hours after defendants are served with a motion seeking immediate injunctive relief, the parties to that motion shall furnish to the Special Master a schedule setting forth their availability over the course of the following five days to meet and discuss the possibility of resolving plaintiffs' claims. After receiving such schedules, the Special Master shall schedule a meeting to take place no later than seven days after the filing of the motion seeking immediate injunctive relief.

3. A program representative from the District of Columbia Public Schools, a representative from the Office of Corporation Counsel and counsel for plaintiffs who are seeking immediate injunctive relief shall attend the meeting. At the meeting, the parties shall engage in, and the Special Master shall facilitate, a good faith discussion of whether there is a mutually agreeable means of resolving the claims of plaintiff(s). Follow-up meetings may be scheduled by the Special Master.

4. Defendants shall file any response to the motion for immediate [**20] injunctive relief within five days after service of such motion, [*10] unless defendants request an extension of time and the Special Master finds that defendants have shown good cause for such an extension. Defendants' response shall provide all legal and factual arguments that defendants in good faith believe compel denial of plaintiffs' motion. To the extent that defendants contest plaintiffs' characterization of factual circumstances, defendants shall append sworn affidavits or declarations setting forth the facts in dispute.

5. To the extent that class counsel believe that the interests of the class as a whole are implicated by any motion for immediate injunctive relief covered under this

Case 1:07-cv-00013-RJL    Document 7-8    Filed 03/16/2007    Page 6 of 6

Page 6

185 F.R.D. 4, *; 1999 U.S. Dist. LEXIS 2104, **

Order of Reference, class counsel may file a written response within seven days after the filing of the motion.

6. If the parties to the motion seeking immediate injunctive relief reach a mutually agreeable resolution of plaintiffs' claims, plaintiffs shall withdraw their motion and/or file a voluntary dismissal of the action within 48 hours of such resolution.

7. If a withdrawal of a motion for immediate relief is not filed within fifteen (15) days after the filing of the motion, the Special Master [**21] shall issue a report and recommendation to the Court consistent with *Rule 65 of the Federal Rules of Civil Procedure* and Rule 205 of the Local Rules, including proposed findings of fact and conclusions of law with respect to whether plaintiff(s) have established that they are entitled to a preliminary injunction and the scope of any such preliminary injunction.

8. The Special Master shall have the full cooperation of the parties and their counsel, who shall promptly provide any and all documentation and information requested by the Special Master, whether requested orally or in writing, and in whatever form requested.

9. Defendants shall pay the reasonable fees and expenses incurred by the Special Master in carrying out her duties and responsibilities under this Order. The Special Master shall submit to the Court and the parties each month an account of her activities and an invoice for the reasonable fees and expenses incurred in the performance of her duties under this Order, and defendants shall pay such reasonable fees and expenses within thirty (30) calendar days.

10. Henceforth counsel shall serve upon Ms. Baach, along with the Court and opposing counsel, a copy of any filing [**22] that relates to any motion covered by this Order of Reference.

SO ORDERED.

PAUL L. FRIEDMAN

United States District Judge

DATE: 2/12/99