THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MESHA GRAY,<br>　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>　　　　Defendant. | )<br>)<br>)<br>)   Civil Action No. 07-13<br>)   RJL<br>)<br>)<br>)<br>) |

**PLAINTIFF'S CONSENT MOTION FOR LEAVE TO LATE FILE
OPPOSITION TO MOTION TO DISMISS**

The Plaintiff respectfully moves for leave to late file her Memorandum in Opposition to Motion to Dismiss. In support, the Plaintiff presents the attached memorandum.

The Defendant has consented to this Motion.

For these reasons, the Plaintiff respectfully requests that the Court grant her leave to late file her attached Memorandum in Opposition to Motion to Dismiss.

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　Douglas Tyrka, #467500
　　　　　　　　　　　　　　　　Tyrka & Associates, LLC
　　　　　　　　　　　　　　　　1726 Connecticut Ave. NW, Suite 400
　　　　　　　　　　　　　　　　Washington, D.C.  20009
　　　　　　　　　　　　　　　　(ph) (202) 265-4260
　　　　　　　　　　　　　　　　(f) (202) 265-4264

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MESHA GRAY,** )  | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 07-13** |
| v. ) | **RJL** |
| ) | |
| **DISTRICT OF COLUMBIA,** ) | |
| **Defendant.** ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR LEAVE TO LATE FILE OPPOSITION TO MOTION TO DISMISS**

The Plaintiff's opposition memorandum was due on March 30, 2007. Plaintiff's counsel had completed the memorandum for filing by that evening, but counsel was unable to log on to use the electronic filing system, despite repeated attempts.

Shortly before midnight, still unable to log on, counsel left a telephone message in chambers, and e-mailed the filing, in pdf form, to opposing counsel, so the Defendant received it on time.

Respectfully submitted,

/s/
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, D.C. 20009
(ph) (202) 265-4260
(f) (202) 265-4264

2

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MESHA GRAY, )<br>     Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>     Defendant. )<br>) | **Civil Action No. 07-13 RJL** |

## ORDER

In consideration of the Plaintiff's Consent Motion for Leave to Late File Opposition to Motion to Dismiss, it is hereby

ORDERED that the Motion is GRANTED.

_____
Judge Richard J. Leon
United States District Judge

1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MESHA GRAY,<br>　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>　　　　Defendant. | )<br>)<br>)<br>)　Civil Action No. 07-13<br>)　RJL<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

**DISPUTED FACTS**

　　　The Plaintiff disputes several of the factual claims made in the Motion, though some, and arguably all, of the claims are irrelevant to the Defendant's arguments regardless.

Adequacy of documentation

　　　The Plaintiff contends that she has sufficiently documented her expenditures, especially in light of her testimony at the hearing. The Defendant has made it clear that it does not intend its Motion as a motion for summary judgment. For that reason, and because the Defendant has not submitted a statement of material facts, the Plaintiff does not now offer a verified statement supporting the Plaintiff's contention. For summary judgment, the Plaintiff intends to rely on the transcript of her testimony, along with other evidence.

　　　However, it is unnecessary to review any of the evidence in this dispute. This factual question raises the central legal question in this case: After DCPS explicitly

admits facts and takes legal positions in formal statements, may it then completely reverse itself several weeks later at hearing, without any warning?

As the Defendant acknowledges in its Motion, "[a]t the pre-hearing resolution meeting, held on August 25, 2006, and in its answer to the hearing complaint, DCPS did offer to pay the full amount of the invoices." Motion at 1-2. However, that statement does not capture the breadth of DCPS' admission of the Plaintiff's claims and waiver of objections.

In her administrative complaint, the Plaintiff specifically alleged that she had given DCPS "a tuition reimbursement notice requesting $687.44 for the cost of [M.B.]'s independent speech and language therapy sessions during the 2001-2002 SY [and] receipts documenting the cost of [M.B.]'s independent speech and language therapy session during the 2001-2002 SY." Exhibit 1.

In its Response, served August 11, 2006, DCPS stated:

> As ordered in the December 2, 2003 HOD, DCPS will reimburse the parent for speech language therapy. As stated in the complaint, DCPS received the required paperwork from the parent on June 19, 2006. every [sic] effort will be made to ensure that the matter is completed as soon as possible.

Exhibit 2.

In their notes of the resolution meeting mandated by law, held on August 25, 2006, DCPS stated that "[p]arent presented the school with the required original in-voices [sic]," and that "a consensus is reached that parent will receive reimbursement from the Finance Office (DCPS) for the total of $687.44." Exhibit 3.

The resolution meeting notes further document that once "parent has received her tuition reimbursement check for the amount of $687.44," "the matter will be settled – a

2

settlement reached." Exhibit 3. It is clear from DCPS' notes that no factual or legal question remained; DCPS simply needed to issue a check.

On September 29, 2006, minutes before the administrative hearing began, DCPS reversed itself, and DCPS counsel announced DCPS' intention to challenge the adequacy of the Plaintiff's documentation of expenses.

Several weeks after explicitly and repeatedly stating, in a formal responsive document and in a legally mandated meeting, that Ms. Gray had provided all necessary documentation and that she was entitled to the full amount claimed, DCPS reversed its position. There is no question that DCPS had explicitly waived its objections months before the hearing. The hearing officer's decision to hear those objections violated not only equitable principles, but all principles of due process.

The hearing officer should have found that the Ms. Gray's documentation was adequate as a matter of stipulated fact, and the Court should do so now.

Other factual disputes

The Defendant's statement that "at hearing DCPS explained that it had offered to pay the full amount only *because it mistakenly thought that all the invoices had shown they had been paid*" is false. Motion at 2 (italics in original). No such claim is evident in any filing or in the transcript of the hearing.

Contrary to the Defendant's statement, Ms. Gray did not testify at the hearing that she would attempt to obtain more documentation; to the contrary, she expressed skepticism that it would be possible to get more documentation.

The Plaintiff does not dispute that the hearing officer believed that Ms. Gray had waited over two years. However, it is not true that she waited that long. She filed her first request for reimbursement at least one year before the request at issue in this case.[1]

The Defendant did not attach to its Motion either of the exhibits referred to in the footnote on page 2 of the Motion. The Plaintiff contests the allegations regarding the Plaintiff's statements contests the characterization of the statements of Plaintiff's counsel.

## ARGUMENT

I. **NO LIMITATIONS LAW BARS THE PLAINTIFF'S CLAIM**

As a preliminary point, it should be noted that there is apparently no question that the Plaintiff timely filed her Complaint in the case before this Court. The Defendant apparently contends that the Plaintiff's administrative due process complaint was untimely.

The Defendant's limitations argument fails for at least three reasons: 1) the Defendant waived the defense when it failed to state the defense in its Answer; 2) DCPS waived the defense when it failed to raise it at the administrative level; 3) the limitations period on enforcement of judgments is twelve years, not three years.

    A.    **The Defendant Waived Its Limitations Defense.**

The Defendant did not raise the issue of a limitations period in its Answer, its first responsive pleading.

"In pleading to a preceding pleading, a party shall set forth affirmatively...statute of limitations...and any other matter constituting an avoidance or affirmative defense."

---

[1] Again, because the Motion was not for summary judgment, the Defendant has not sufficiently cited to a record in support of its statements of fact, and the record has not yet been filed, the Plaintiff does not provide a record citation here. The Plaintiff's testimony and a verified statement will be available in the record at summary judgment.

4

Fed. R. Civ. P. 8(c). "[I]t is well-settled that a party's failure to plead an affirmative defense generally results in the waiver of that defense and its exclusion from the case." Harris v. Secretary, United States Dep't of Veterans Affairs, 126 F.3d 339, 343 (D.C. Cir. 1997) (internal quotations and citations omitted).

The Defendant waived the limitations defense when it failed to raise it in its Answer.

### B.      DCPS Waived Any Limitations Defense in Proceedings Below.

DCPS did not raise the issue of a limitations period at any point at the administrative level, despite the fact that it served a response on the Plaintiff, and participated in a resolution meeting and then a hearing with the Plaintiff. As addressed above, the nature of DCPS' response, for example its statement that "every effort will be made to ensure that the matter is completed as soon as possible" made clear its intent to waive any defense to the administrative claim. Exhibit 2.

"Generally, an argument not made in the lower tribunal is deemed forfeited and will not be entertained absent exceptional circumstances." Flynn v. Comm'r of Internal Revenue Service, 269 F.3d 1064, 1068-69 (D.C. Cir. 2001) (internal quotations and citations omitted); see also Anthony v. District of Columbia, 463 F. Supp. 2d 37, 41 (D.D.C. 2006) (rejecting argument not made in IDEA administrative hearing).

Because DCPS did not raise any limitations argument at the administrative level, despite several opportunities to do so, the defense has been waived.

C.   **The Applicable Limitations Period is Twelve Years.**

As noted above, the Defendant apparently claims that the Plaintiff's underlying administrative action to enforce the Hearing Officer's Determination ("HOD") of December 3, 2003 was untimely, not that her present civil action challenging the October 6, 2006 HOD was untimely. The question, then, is the limitations period applicable to an IDEA[2] administrative action brought to enforce an existing HOD.

Before the IDEA included a limitations period, the courts in this jurisdiction applied a three-year limitations period to administrative actions, by analogy to District of Columbia law. See, e.g, Hammond v. D.C., 2001 U.S. Dist. LEXIS 25846 at *9-15, No. Civ. A. 99-1723 (D.D.C.). Similarly, before the IDEA contained a limitations period for bringing a civil action challenging an administrative decision, the courts in this jurisdiction applied a 30-day limitations period borrowed from local law. Spiegler v. District of Columbia, 866 F. 2d 461 (D.C. Cir. 1989).

As in those past situations, the current IDEA does not provide a limitations period for the enforcement of orders. Accordingly, as in Hammond and Spiegler, the Court should apply the most closely analogous state rule, provided that the state rule is consistent with the policies of the IDEA. See Hammond at *10 (citing Wilson v. Garcia, 471 U.S. 261, 266-67 (1985) and County of Oneida v. Oneida Indian Nation, 470 U.S. 226, 240 (1985)); Spiegler at 463-464.

---

[2] Defendant's counsel consistently refers to 20 U.S.C. § 1400 et seq. as "the IDEIA." Plaintiff's counsel's understanding of the nomenclature is that, though the Individuals with Disabilities Education Improvement Act ("IDEIA") amended the Individuals with Disabilities Act, the substantive law applicable here continues to be properly identified as the Individuals with Disabilities Education Act ("IDEA"). However, Defendant's counsel is not alone in her use of "IDEIA;" Plaintiff's counsel is happy to receive authoritative direction from the Court.

6

The Defendant suggests that the three-year limitations period adopted from D.C. Code § 12-301(8) in Hammond and many other cases should apply to this case. Aside from the fact that those cases have been superseded by the amendments to the IDEA, § 12-301(8) is not the most closely analogous statute.

Section 12-301(8) contains the "catch-all" limitations period for the commencement of actions not otherwise enumerated. In the Plaintiff's administrative action below, she did not bring an entirely new claim, but sought the enforcement of an existing order, the HOD of December 3, 2003.

For that reason, the mostly closely analogous statute is D.C. Code § 15-101. Section 15-101 establishes a twelve-year limitation on the enforcement of judgments. More specifically, it states that "an action may not be brought on" an order that is more than twelve years old.

Because the IDEA is silent on the expiration time of orders, the Court should adopt the limitations period of D.C. Code § 15-101 as the state law most closely analogous to this situation. Because the Plaintiff brought her administrative action within twelve years after the 2003 HOD, the Plaintiff's administrative claim was therefore timely.

## II. THE PLAINTIFF HAS PROPERLY EXHAUSTED ADMINISTRATIVE REMEDIES

The Defendant completely misinterprets the law of exhaustion. As stated in the case cited by the Defendant, "[t]he exhaustion requirement may arise under a statute specifically, or be implied from an administrative scheme." Nichols v. Board of Trustees, 725 F. Supp. 568, 571 (D.D.C. 1989). In IDEA cases, the exhaustion requirement plainly arises directly from the statute.

>The IDEA provides that:
>
>Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

20 U.S.C. § 1415(i)(2)(A). Cases addressing the IDEA's exhaustion requirement, including the case cited by the Defendant, have consistently quoted this provision and its predecessors as the source of the requirement. See, e.g., Moss v. Smith, 794 F. Supp. 11, 12-13 (D.D.C. 1992).

The Plaintiff is unquestionably a "party aggrieved by the findings and decision" of an IDEA administrative adjudicator, as required by 20 U.S.C. § 1415(i)(2)(A). On October 6, 2006, the Plaintiff received an administrative decision dismissing her administrative complaint. That HOD – of October 6, 2006 – is the jurisdictional basis of her Complaint before this Court, as indicated in the "Jurisdiction and Venue" section of her Complaint. Complaint at 2.

That being the case, the Plaintiff has adequately exhausted her administrative remedies. The Defendant has provided no precedent or rationale for its contention that anything more than an adverse administrative decision is required to establish exhaustion.

The Defendant's argument that the Plaintiff did not exhaust her administrative remedies is, in reality, simply an argument that DCPS did not violate the 2003 HOD. That argument addresses the merits of the Plaintiff's claim. It was made at the administrative hearing, and it should be made again before this Court in the Defendant's summary judgment motion, but it is not a basis for dismissal.

8

### III. THE BLACKMAN-JONES DECISIONS DO NOT REQUIRE DISMISSAL OF THE PLAINTIFF'S CLAIM

In making its Blackman-Jones argument, the Defendant misrepresents the Plaintiff's claim much in the same way it did when making its exhaustion argument. At the administrative level, the Plaintiff asked the hearing officer to provide relief based on DCPS' violation of the 2003 HOD. The Plaintiff could have brought that action under the Blackman-Jones procedures, but chose the administrative route instead.

Now, however, the 2006 HOD has resolved the question of the violation of the 2003 HOD, so the Plaintiff's only remaining claim is that the 2006 HOD should be "reversed" on "appeal."[3] That "appeal" may not be brought under Blackman-Jones; it may only be brought in new civil action pursuant to 20 U.S.C. § 1415(1)(2)(A).

Regardless, the Blackman-Jones class action decisions have never barred an aggrieved party from bringing separate suit. The most recent consent decree makes that perfectly clear: "[T]his Consent Decree shall not affect the right of an individual class member to...bring judicial actions for relief under local and federal law." Jones v. District of Columbia, Civ. A. 97-2402 (PLF), 2006 WL 2456413 at *33 (D.D.C. 2006).[4]

The Defendant does not actually allege that Blackman-Jones has exclusive jurisdiction; instead, the Defendant just points out that "a specific procedure has been established" and that the case "continues to enable" preliminary injunctions. As the Defendant does not appear to contend that the Plaintiff is legally required to utilize Blackman-Jones procedures, its argument for dismissal on this basis is plainly frivolous.

### CONCLUSION

For the foregoing reasons, the Court should deny the Defendant's Motion.

---

[3] Of course, this civil action is not technically an appeal.
[4] The Jones subclass, not the Blackman subclass, applies to HOD violations.

The Plaintiff respectfully requests an oral hearing on the Motion.

Respectfully submitted,

/s/ _____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, D.C. 20009
(ph) (202) 265-4260
(f) (202) 265-4264

**DUE PROCESS COMPLAINT NOTICE**
In re Monnae Brown
**July 31, 2006**

**Petitioner**:     Mesha Gray
**Student:**        **Monnae Brown**
**DOB**:            12/09/93
**Current School**: Leckie Elementary School ("Leckie ES")
**Residence**:      4034 2nd Street, SW
                    Washington, DC 20032

**Petitioner's Contact Information for Special Education Purposes**:
    Tyrka & Houck, LLP
    1726 Connecticut Ave. N.W. Suite 400
    Washington, D.C.  20009
    Tel:  202-265-4260
    Fax:  202-265-4264

**Violations:**

1. Failure to comply with the terms and conditions of a December 2, 2003 HOD.

**Facts**:

1. An December 2, 2003 HOD ordered DCPS to reimburse the Petitioner for the cost of Monnae's independent speech and language therapy sessions during the 2001-2002 SY.
2. On June 19, 2006, the Petitioner sent DCPS:
   a) a tuition reimbursement notice requesting $687.44 for the cost of Monnae's independent speech and language therapy sessions during the 2001-2002 SY;
   b) receipts documenting the cost of Monnae's independent speech and language therapy session during the 2001-2002 SY;
   c) a copy of the HOD ordering DCPS to reimburse the Petitioner for the cost of Monnae's independent speech and language therapy sessions during the 2001-2002 SY.
3. DCPS has never responded to the Petitioner's June 19, 2006 tuition reimbursement request.

**Proposed resolution:**

1. DCPS to immediately reimburse the Petitioner for the cost of Monnae's independent speech and language therapy sessions during the 2001-2002 SY.
2. DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case.

**Resolution Meeting:**

1. The Petitioner contends that a representative of the LEA with authority to immediately reimburse the Petitioner for the cost of Monnae's independent speech and language therapy sessions during the 2001-2002 SY is a necessary attendee at any resolution meeting.

2. If this individual is not going to be in attendance, Petitioner requests that DCPS provide counsel with a written notice waiving its right to a resolution session 48 hours prior to any scheduled meeting.
3. The Petitioner contends that any meeting not attended by the identified individual is not a valid resolution session, but rather an informal settlement discussion.
4. The Petitioner will be accompanied by his or her attorney at any resolution session convened subsequent to the filing of this complaint and will record any resolution session by analog or digital means.
5. Any statements by the Petitioner or his or her representative during any resolution meeting or other settlement discussion incident to the filing of this complaint are for the purposes of compromise only.

    Respectfully Submitted,

    _____
    Douglas Tyrka
    Tyrka & Houck, LLP
    Attorneys for the Petitioner
    1726 Connecticut Ave., NW, Suite 400
    Washington, DC 20008
    (ph) (202) 265-4260
    (f) (202) 265-4264

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**

Monnae Brown
Date of birth: 12/09/93
    Petitioner

v.

District of Columbia Public Schools,
    Respondent

### District of Columbia Public School's
### Response to Due Process Complaint Notice

The District of Columbia Public School (hereinafter "DCPS"), by and through the undersigned Attorney-Advisor, hereby provides its RESPONSE to the Administrative Due Process Complaint Notice (hereinafter "Complaint")[1] filed on or about July 31, 2006 on behalf of the parent of Monnae Brown, pursuant to the Individuals with Disabilities Education Improvement Act (hereinafter "IDEIA 04"), 20 U.S.C. § 1415(c)(2)(B)(i)(I)[2]. Specifically, based upon information provided to the Office of General Counsel as of today's date, DCPS asserts the following:

*As ordered in the December 2, 2003 HOD, DCPS will reimburse the parent for speech language therapy. As stated in the complaint, DCPS received the required paperwork from the parent on June 19, 2006. every effort will be made to ensure that the matter is completed as soon as possible.*

We reserve the right to supplement this response as more information becomes available.

---

[1] Attached as Exhibit 1
[2] DCPS acknowledges that this response was required to be filed on or before August 10, 2006. It is the position of this agency that the delay in providing said response has not resulted in a denial of FAPE to this student.

Monnae Brown
August 11, 2006
Page 2

Furthermore, DCPS will schedule a resolution meeting pursuant to the Individual's with Disabilities Education Improvement Act (hereinafter "IDEA"), Sec. 615(f)(1)(B) to address the specific issues in the due process complaint notice.

Respectfully submitted,

Quinne Harris Lindsey / Signed electronically
Quinne Harris Lindsey, Esq.
Attorney-Advisor
c/o Ann J. Williams
Paralegal Specialist
DCPS Office of the General Counsel
District of Columbia Public Schools
Telephone: 202/442-5000
Fax: 202/442-5097/8

## CERTIFICATE OF SERVICE

I, Quinne Harris Lindsey, Esq., hereby certify that a copy of this RESPONSE was served on Douglas Tyrka, parent's counsel, via facsimile, 202/265-4264, on August 11, 2006.

Quinne Harris Lindsey / Signed electronically
Quinne Harris Lindsey, Esq.
DCPS Attorney Advisor

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

✓ PUBLIC ___ DPCS CHARTER ___ LEA CHARTER ___ NONPUBLIC ___ PRIVATE/RELIGIOUS

## RESOLUTION MEETING NOTES

Meeting Confirmation Date: __8/17/06 Second Attempt__    Meeting Held: __8/25/06__

Student: __Monnae Brown__    DOB __12/09/93__   School: __M.V. Leckie ES__

| PARTICIPANTS: (Print Name) | PARTICIPANTS (Sign Name) | POSITION |
|---|---|---|
| Yesha Gray | Yesha Gray | Mother |
| Keith Coyle | Participated via teleconference | Attorney |
| Phillip White III | Phillip White III | Sp. Ed. Coord./LEA |
| | | |
| | | |
| | | |
| | | |
| | | |

___ Resolved        ✓ Unresolved

The purpose for this Resolution Meeting on Monnae Brown is to give regard to parent's complaint filed for tuition reimbursement with hopes to reach a plausible resolution, — a settlement.

Introductions were made with each stating his or her relationship to Monnae. Parent was informed of her Rights. Parent's counsel participated via telephone.

Parent presented the school with the required original in-voices for Speech/Language Services

RESOLUTION MEETING NOTES                Page ____                July 11, 2005

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

___ PUBLIC     ___ DPCS CHARTER     ___ LEA CHARTER     ___ NONPUBLIC     ___ PRIVATE/RELIGIOUS

## RESOLUTION MEETING NOTES Cont'd.

Meeting Confirmation Date: _____     Meeting Held: __8/25/06__

Student: __Monnae Brown__     School: __M.V. Leckie ES__

provided Monnae, as requested. The total amount agreed upon is $687.44. The invoice submitted exceeds this amount and is provided. However, recognition is made and a consensus is reached that parent will receive reimbursement from the Finance Office (DCPS) for the total of $687.44.

The special education coordinator agreed to hand deliver the original invoice to Central Administration (two desks) as well as to fax the meeting notes to parent's counsel and mail meeting notes to parent.

Parent stated through attorney that she will not sign that this matter is solved or resolved until parent has received her tuition reimbursement check for the amount of $687.44. At such time, parent affirms that the matter will be settled — a settlement reached.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**MESHA GRAY,**                    )
    **Plaintiff,**         )
                                   )           **Civil Action No. 07-13**
**v.**                             )           **RJL**
                                   )
**DISTRICT OF COLUMBIA,**          )
    **Defendant.**         )
_____)

## ORDER

In consideration of the Defendant's Motion to Dismiss, the Plaintiff's Opposition, and any Reply, it is hereby

ORDERED that the Defendant's Motion is DENIED.

_____
Judge Richard J. Leon
United States District Judge