UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        :
MESHA GRAY,                             :
on behalf of her minor child, M.B.      :
                                        :
        Plaintiff,                      :
                                        :
        v.                              :   Civil Action No. 07-0013 (RJL)
                                        :
DISTRICT OF COLUMBIA,                   :
                                        :
        Defendant.                      :
_____:


## FILING OF ADMINISTRATIVE RECORD

Attached is an index of the administrative record and the record documents

themselves in this proceeding.  Consistent with LCvR 5.4(f), Defendant has redacted

personal information about the minor M.B.[1]



                          Respectfully submitted,

                          LINDA SINGER
                          Attorney General
                          for the District of Columbia

                          GEORGE C. VALENTINE
                          Deputy Attorney General
                          Civil Litigation Division

                          _/s/ Edward P. Taptich_
                          EDWARD P. TAPTICH [#012914]
                          Chief, Equity Section II

_____

[1] Defendant has redacted the minor's name, date of birth, and Social Security Number.

_/s/ **Amy Caspari**_

Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
April 13, 2007                        amy.caspari@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                              )
Mesha Gray, on behalf of
  a minor child M.B.          )

          Plaintiff,          )

          v.                  ) Civil Action No.07-0013(RJL)

District of Columbia          )

          Defendant           )
```

### INDEX OF RECORD

| | | |
|---|---|---|
| Certification of Record | - | 1 |
| Hearing Officer's Determination (HOD) issued 10/6/06 | - | 2 |
| Due Process Hearing Sign-in sheet dated 9/29/06 | - | 5 |
| Petitioner's Praecipe dated 10/2/06 | - | 6 |
| Plaintiff's disclosure letter dated 9/22/06 w/att. | - | 10 |
| Letter compelling DCPS witnesses by Tyrka | - | 12 |
| Due Process Hearing Decision and Order 12/3/03 | - | 13 |
| Letter from J. Donnell to H. Samuels w/invoices | - | 16 |
| Due Process Complaint Notice 7/31/06 | - | 25 |
| Letter from K. Coyle to P. White dated 8/11/06 | - | 29 |
| DCPS' Response to Due Process Complaint 8/11/06 | - | 31 |
| Hearing Notice sent 8/29/06 | - | 33 |

DCPS Amended Disclosure letter dated 9/22/06 w/att.          -          36

    HOD issued 12/3/03          -          38

    Resolution Meeting Notes dated 8/15/06          -          41

    Due Process Complaint Disposition w/Notes 8/25/06          -          43

    Due Process Complaint Notice dated 7/31/06          -          47

Scheduling Memorandum          -          53

Due Process Complaint Notice dated 7/31/06          -          59

DCPS' Response to Due Process Complaint Notice 8/11/06          -          61

Letter from G. Hall to M. Gray dated 9/21/06 w/invoices          -          65

Transcript of Hearing dated 9/29/06          -          77

# CERTIFICATION OF RECORD

### INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

### DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *STUDENT HEARING OFFICE*
### SPECIAL EDUCATION

In the Matter RE:  B██████, M██████ vs. DCPS

Case Information:

Hearing Dates: **09/29/2006**
Held at: **District of Columbia Public Schools Headquarters**
**825 N. Capitol Street, N.E.**
**Washington, D.C. 20002**
Student Identification Number:  **9074229**
Student's Date of Birth:  ██████/1993
Attending School: **Leckie Elementary**
Managing School: **Patricia Harris Educational Center**
Hearing Request Date(s) **07/31/2006**

## CERTIFICATION OF RECORD

I, **Shawnta Maddox, Legal Assistant of the Student Hearing Office,**

DO HEREBY CERTIFY that the attached Record of Proceeding is the entire record in

the above entitled matter as of this date, consisting of all letters, pleadings, orders,

exhibits and depositions.

I FURTHER CERTIFY that the materials forwarded herewith are the true copy

of the original documents submitted in this matter.

EXECUTED this 12th day of February 2007.

**LEGAL ASSISTANT**
**STUDENT HEARING OFFICE**

1

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## ENFORCEMENT AND INVESTIGATION DIVISION

### SPECIAL EDUCATION DUE PROCESS HEARING

### CONFIDENTIAL

### <u>HEARING OFFICER'S DETERMINATION</u>

**STUDENT:** M██████ B█████        **DATE OF BIRTH:** ████93

**ADDRESS:** ██████████████.
**Washington, D.C.**

**PRESENT SCHOOL ATTENDING:** Leckie E.S.
**HOME SCHOOL:** Same

**DATE OF HEARING:** September 29th 2006

**TESTIFIED AT THE HEARING:**

Mesha Gray                    Mother

Student's Representative: Douglas Tyrka, Esq.
Address: 1726 Connecticut Ave., N.W.
Washington, D.C.
FAX: 202-265-4264

School System's Representative: Quinne Harris-Lindsey, Esq.
Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002

2006 OCT -6 AM 9: 06
DC PUBLIC
SCHOOL SYSTEM

## INTRODUCTION:

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on September 29th 2006, at the request of Douglas Tyrka, counsel for the parent and the student. Quinne Harris-Lindsey represented DCPS, the other party to this hearing.

## JURISDICTION:

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446) and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

## ISSUE:

   1.      **Did DCPS fail to comply with the HOD of December 3rd 2003?**

## DOCUMENTS SUBMITTED INTO EVIDENCE BY DCPS:

## DCPS-1-DCPS-4

## DOCUMENTS SUBMITTED INTO EVIDENCE BY STUDENT:

## MB-1-MB-8

## FINDINGS OF FACT:

   1.      On December 3rd 2003, a Hearing Officer's Determination was issued that ordered DCPS to reimburse the parent for independent speech and language therapy sessions that the student received during the school year 2001-2002 **upon receipt of the paid invoices from the parent.** (MB-3)

   2.      On June 19th 2006, the office of counsel for the parent sent a letter to DCPS seeking reimbursement for tuition and related service payments to the parent for the total of $687.44. There were attached paid invoices from the parent to the speech and language therapist totally one hundred and twenty dollars ($120). There were also attached invoices from the therapist to the parent, but these invoices did not indicate they were paid. (MB-4)

   3.      DCPS's response to the due process complaint notice stated: "As ordered in the December 2 2003 HOD, DCPS will reimburse the parent for speech

3

language therapy.  As stated in the complaint, DCPS received the required paperwork from the parent on June 19th 2006, every effort will be made to ensure that the matter is completed as soon as possible. (MB-7)

4.     Counsel for DCPS proffered that DCPS will pay the $120 dollars that they received paid invoices for and will pay any other speech language therapy services upon receipt of paid invoices from the parent.

5.     The parent testified that she will try to contact the speech and language pathologist who provided the services to obtain paid invoices for amounts above the $120.  (Testimony of Mother)

## DISCUSSION AND CONCLUSIONS OF LAW:

The issue in this case is whether DCPS complied with the December 3rd 2003 HOD.  The HOD ordered reimbursement of independent speech and language services upon receipt of paid invoices from the parent.  Counsel for the parent is requesting reimbursement in the amount of $687.44.  Counsel for the parent's own submitted documents only show that the parent provided documentation of paid invoices totaling $120.  Counsel for DCPS agreed in both her written response to the complaint and at the hearing that DCPS will pay for documented paid invoices and proffered that DCPS is in the process of paying the documented paid invoices for $120.  This hearing officer concludes that the HOD specifically requires written paid invoices from the parent in order for there to be reimbursement.  This hearing officer finds that DCPS is acting in compliance with the HOD.  This hearing officer further notes that the HOD was issued on December 3rd 2006, and counsel for the parent did not submit paid invoices until almost two and half years later on June 19th 2006.  **Counsel for the parent has not met his burden of proof that there has been any denial of a Free Appropriate Public Education (FAPE) in this case.**

It is hereby **ORDERED** that:

**Counsel for the parent's request for relief is DENIED and the case is DISMISSED.**

This is the final administrative decision in this matter.  Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

Seymour DuBow, Esq.
Impartial Hearing Officer                    Date filed: October 6, 2006
Date Issued:

3

4

# DUE PROCESS HEARING
# SIGN-IN SHEET

**STUDENT'S NAME:** M____ B____

**HEARING DATE:** 9/29/06

| PRINTED NAME | ON BEHALF OF DCPS OR STUDENT | TITLE |
|---|---|---|
| Quinne Harris-Lindsey | DCPS | Attorney-Advisor |
| Douglas Tyrka | student | Counsel for Parent |
| Meisha Gray | student | mother |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
*SPECIAL EDUCATION STUDENT HEARING OFFICE*

HEARING OFFICER

8/2000

5

10/02/2006  16:31  2028654261            TYRKA & ASSOCIATES                    PAGE  02/04

**Before the**
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## OFFICE OF MANAGEMENT SERVICES

|  |  |  |
|---|---|---|
| In re M████ B██████, | ) | Seymour DuBow, Esquire |
| Special Education Student, | ) | Impartial Hearing Officer |
|  | ) |  |

## PETITIONER'S PRAECIPE

The hearing in this case was held on September 29, 2006. At the hearing, DCPS offered into evidence a document that had not been disclosed in DCPS' "five-day disclosures," and had first been given to Petitioner's counsel minutes before the hearing began. Over the Petitioner's objection, the Hearing Officer indicated that he would admit the document into evidence.

The document in question is a letter from Gregory Hall at DCPS, addressed to the Petitioner, dated September 21, 2006.

Immediately following the hearing, Petitioner's counsel learned that the letter in question in fact been sent to the Petitioner on September 27, 2006, and received by her shortly before the hearing. *See* Attachment 1, envelope postmarked September 27, 2006.[1]

Upon learning this, Petitioner's counsel immediately returned to the hearing room and asked the Hearing Officer to contact DCPS counsel in order to reconvene the hearing for the purpose of admitting proof of the timing of DCPS' correspondence. The Hearing Officer indicated to Petitioner's counsel that he would simply decline to admit the September 20, 2006 letter, and thereby negate the issue.

The Petitioner is filing this Praecipe in order to complete the record.

---

[1] The Petitioner is of course available to testify or to produce an affidavit verifying that the letter in question came to her in this envelope, if there is any dispute on that point.

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2006 I sent a copy of the foregoing by

facsimile to Quinn Harris-Lindsey, Attorney-Advisor, at (202) 442-5098.

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

2



District of C
Office of Sp
825 North Capitol Street, NE, 6th FL
Washington, DC 20002

Merla Shong
4034 2nd St SW
Washington, DC 20032



02.1a
0004521081
MAILED FROM ZIP CODE 200·16

$ 00.870
SEP 27 2006
UNITED STATES POSTAL SERVICE

8

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

| | |
|---|---|
| *Recipient:* | Hearing Officer DuBow & Quinne Harris-Lindsey |
| *Fax Number:* | |
| *From:* | Douglas Tyrka |
| *Regarding:* | M██████ B██████ |
| *# of pages:* | 4 |
| *Notes:* | Petitioner's Praecipe |

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

**September 22, 2006**

Quinne Harris-Lindsey
Office of the General Counsel
District of Columbia Public Schools
Washington, DC 20002-4232

### RE: M██████ B█████ (D.O.B. ████/93)

Ms. Harris-Lindsey:

A hearing has been scheduled for **9:00 a.m. on September 29, 2006,** to adjudicate a due process complaint filed on behalf of the above-captioned student, M█████B█████. In addition to any documents and witnesses disclosed by DCPS, the parent reserves the right to rely on the following witnesses and documents, as well as any other documents previously disclosed or offered into evidence in any other matter concerning this student.

Documents:

1.  09/22/06    Disclosure Letter
2.  09/22/06    Notice Compelling DCPS Witness(es)
**HOD**
3.  12/02/03    Hearing Officer's Determination ("HOD")
**Other Documents**
4.  06/19/06    Letter, Jacci Donnell to Habib Samuels and copies of invoices
5.  07/31/06    Due Process Complaint Notice
6.  08/11/06    Letter, Keith Coyle to Phillip White, M.V. Leckie
7.  08/11/06    DCPS' Response to Due Process Complaint Notice
8.  08/29/06    Hearing Notice

Witnesses:[1]

1.  Ms. Mesha Gray, Parent
2.  Ms. Sharon Millis, Special Education Advocate & Expert
3.  Mr. Keith Coyle, Associate
4.  Ms. Camille McKenzie, Office Assistant
5.  Mr. Michael Tchorni, Law Clerk

---

[1] Some witnesses may be testifying by telephone and/or use a designee.

**MB1**
10

Respectfully submitted,

Douglas Tyrka
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

2

11



# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

Quinne Harris-Lindsey
Office of the General Counsel
District of Columbia Public Schools
Washington, DC 20002-4232

RE: M█████ B█████ (D.O.B. ████/03)

Ms. Harris-Lindsey:

Pursuant to 34 C.F.R. § 300.509(a)(2) and D.C. Mun. Regs. tit. 5 § 3031.1(b), Petitioner hereby compels the following necessary and material witnesses:

1. Any DCPS employee and/or agent who has drafted notes of any meeting or telephone conversation, which DCPS intends to submit as evidence at this hearing.
2. Mr. Phillip White III, Special Education Coordinator, M.V. Leckie Elementary School.
3. Mr. Habib Samuels, Division of Special Education, Payments Unit, DCPS.

Respectfully submitted,

Douglas Tyrka
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

MB2

# *District of Columbia Public Schools*

## *Office of Management Services*
## <u>*Confidential*</u>

### **FREDERICK E. WOODS**, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| In the Matter of ) | **IMPARTIAL** |
| ) | **DUE PROCESS HEARING** |
| M██████ B█████ ) | |
| Date of Birth: ███/93 ) | |
| ) | |
| Petitioner, ) | **<u>DECISION AND ORDER</u>** |
| ) | |
| ) | Hearing Request: October 29, 2003 |
| vs. ) | Hearing Date: December 2, 2003 |
| ) | Held at: 825 North Capitol Street, N.E. |
| The District of Columbia Public Schools, ) | Eighth Floor |
| Home School: Leckie Elem. School ) | Washington, D.C. 20002 |
| Attending: St. Thomas More Catholic ) | |
| School ) | |
| ) | |
| Respondent. ) | |

Parent:

Meisha Gray, Mother
4034 2nd Street, S.W.
Washington, D.C. 20032

Counsel for the Parent/Student:

Carolyn W. Houck, Esq.
Attorney at Law
5505 Connecticut Ave. N.W., Suite 174
Washington, D.C. 20015

District of Columbia Public Schools:

Quinne Harris-Lindsey, Esq.
Attorney Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

MB3

## I.    JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 105-17, the Individuals with Disabilities Education Act of 1997, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

**Petitioner:**   Admitted, without objection, a disclosure letters filed 11/22/03 that lists four witnesses and attached ten exhibits sequentially labeled MB-01 through MB-10. Two witnesses were present: Meisha Gray, the student's mother, and Velvet Gray, the student's aunt. No witnesses were called to testify because the parties settled.

**Respondent:**   Admitted, without objection, a disclosure letters filed 11/22/03 that lists five witnesses. No exhibits were offered into evidence. No witnesses were present or called to testify because the parties settled.

## IV.    STATEMENT OF THE CASE

M█████ B████, born ███/93, age 10, is a child with a disability receiving her special education and related services at St. Thomas More Catholic School in the District of Columbia. (R. at MB-09.)

Alleged is DCPS failed to reimburse the mother for the independent Speech-Language Evaluation and Speech-Language Therapy sessions obtained for M█████ in school year 2001-02. (R. at MB-09.)

The Student Hearing Office, DCPS, scheduled a Due Process Hearing for 11:00 a.m. Tuesday, December 2, 2003 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Attorney Advisor Quinne Harris-Lindsey appeared in-person for DCPS. Attorney Douglas Tyrka appeared in-person on behalf of M████ and her mother who was present.

In consideration of the hearing record, the hearing officer entered the parties Settlement on the Record as follows:

2

14

# ORDER

DCPS shall ..................................................

1. Reimburse the parent for M▮▮▮▮ independent Speech-Language Evaluation performed on 06/21/01, pursuant to the costs guidelines in the March 20, 2002 DCPS Office of Superintendent Directive Number 530.6, upon receipt of the paid invoice from the parent.

2. Reimburse the parent for each of M▮▮▮▮ independent Speech-Language Therapy sessions that she received during school year 2001-02 upon receipt of the paid invoices from the parent.

3. This Order resolves all issues in this case and the hearing officer makes no additional findings.

This is **THE FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within thirty (30)-days of this Order's issue date.**

_____
Frederick E. Woods
Hearing Officer

12 | 2 | 03
Date

Issued: 12/3/03
Student Hearing Office, DCPS

3

15

**TYRKA & HOUCK, LLP**
1726 Connecticut Ave., NW, Suite 400
Washington, DC  20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

June 19, 2006

By Facsimile and First Class Mail

Mr. Habib Samuels
Division of Special Education, Payments Unit
District of Columbia Public Schools
PO Box 75047
Washington, D.C. 20002

Re:      M██████ B██████  Tuition Reimbursement **Total: $687.44**

Dear Mr. Samuels:

I am sending the Hearing Officer's Determination ordering reimbursement for tuition and related services payments to the parents of M██████ B██████.  I will also send a copy via mail.

I appreciate your assistance in this matter.

Sincerely,

Jacel (Jacqueline Donnell, Office Manager for Tyrka & Houck, LLP Houck

CC: DCPS Office of Mediation and Compliance, Parents

**MB4**

5-18*06
2/263 4264

To Whom It May Concern

To: Manager Building

(Reimbursement)

From: Nisha Gray
       301-402-1908

NOTE: THE CURRENT ADDRESS
       4034 2nd St SW
       WASH DC 20032
       2/562-7757



Phone: 301-749-7420
Fax:   301-749-1485

| Billing Date | 11/21/01 |
|---|---|
| DUE DATE | 12/6/01 |

| Patient/Client | M███ B███ |
|---|---|

Ms. Mesha Gray
4032 2nd Street SW
Washington, D.C. 20032

| QUANTITY | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|
| 1 | Individual Speech/LanguageTherapy 11/20/01 | 75.00 | 75.00 |
| | Unreimbursed Insurance fee | -24.07 | -24.07 |
| 1 | Individual Speech/LanguageTherapy 11/27/01 | 75.00 | 75.00 |
| | Unreimbursed Insurance fee | -24.07 | -24.07 |

*It's been a pleasure working with you!*

| Total Due | $101.86 |
|---|---|
| TERMS | Net 15 |

18



**ProTALK Therapies, Inc.**
P.O. Box 53
Temple Hills, MD 20757

Phone: 301 - 322-3553
Fax:    301 - 322-5663

*Par*

# Invoice | 578

| Billing Date | 3/8/02 |
|---|---|
| DUE DATE | 3/23/02 |

| Patient/Client | M̶̶̶̶ B̶̶̶̶ |
|---|---|

Ms. Mesha Gray
4032 2nd Street SW
Washington, D.C. 20032

| QUANTITY | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|
| 2 | Individual Speech/LanguageTherapy 2/14/02, 3/1/02 | 75.00 | 150.00 |

*It's been a pleasure working with you!*

| | |
|---|---|
| **Total Due** | **$150.00** |
| TERMS | Net 15 |

19

No. 150    11 - 6    2001
19

RECEIVED OF _Mesha Gray_    DOLLARS $ 20

M█████ - Speech Rt

| Amt. of Account | | |
| Amt Paid | | |
| Balance Due | | |

By _C. Byrd_

---

No. 159    12 - 1    2001
19

RECEIVED OF _Mesha Gray_    DOLLARS $ 10

M█████ ( Speech

| Amt. of Account | | |
| Amt Paid | 10 | 00 |
| Balance Due | | |

By _C. Byrd_

---

No. 156    11 - 20    2001
19

RECEIVED OF _Mesha Gray_    DOLLARS $ 10

M█████ B█████ - Speech Rt

| Amt. of Account | | |
| Amt Paid | | |
| Balance Due | | |

By _C. Byrd_

---

No. 158    11 - 27    2001
19

RECEIVED OF _Mesha Gray_    DOLLARS $ 10

M█████ B█████    Cash

| Amt. of Account | | |
| Amt Paid | | |
| Balance Due | | |

By _C. Byrd_

20



No. 170
2 - 04
19

RECEIVED OF Mesha Gray
DOLLARS $ 10.00
M_____ Sp Rx
Amt. of Account
Amt. Paid
Balance Due
By C Byrd



No. 169
2 - 2
2002
19

RECEIVED OF Mesha Gray
DOLLARS $ 10
1/30, 2/2 M_____ Sp Rx
Amt. of Account
Amt. Paid
Balance Due
By C Byrd

No. 164
1 - 26
2002
19

RECEIVED OF Mesha Gray
DOLLARS $ 20
1/26/02 Speech Rx + Mon 1/29/02
Amt. of Account
Amt. Paid
Balance Due
By C Byrd

No. 162
12 - 20
2001
19

RECEIVED OF Mesha Gray
DOLLARS $ 10
Speech Rx - M_____ B_____
Amt. of Account
Amt. Paid
Balance Due
By CE Byrd



# Speech Language Pathologist

3-8-02

Hi Mesha,

Please sign + return. $10 copay is due for 2/4/02. $75 is due for 3/1/02. Please call to up-date me on schedule plans. Thanks,

C. Byrd.

No. 161

RECEIVED OF Mesha Gray

Speech Path.

2001 DOLLARS $ 10

12-19

By C.C. Byrd

| Amt. of Account | |
| --- | --- |
| Amt. Paid | |
| Balance Due | |

**RECEIPT**

**Children's** National Medical Center.

111 Michigan Ave., N.W.
Washington, D.C. 20010
(202) 884-5000

Date of Service: 07, 09, 20 01

PAID BY MR./MRS. Brown

THE SUM OF: Ten

PAID BY: ☐ CASH   ☐ CHECK   ☐ CREDIT CARD   VISA - MC - AMEX - DISC (circle one)

AMT. $ 10.00

& _____ DOLLARS

RECEIVED BY: _____ CCB

PCP     LAWRENCE, WILLIAM W
MR#:    020110875
Acct#:  0218300057
SUR     OPA–
Sex     F
Exp:    07/09/02
Adm:    07/08/02
DOB:    /93
DR.     DOYAJRAN, MICHAEL J
Ins. Plan
        CIGNA HMO
Ins.ID# 57990905203

| ☐ HOSPITAL | DEPT. NAME/NUMBER | ☐ CNMA | DEPT. NAME/NUMBER |
| --- | --- | --- | --- |
| $ | 1 | $ | RCS |

PATIENT'S COPY

No. 400757

22

| QUANTITY | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|
| 6 | Individual Speech/Language Therapy 1/26, 28, 1/30, 2/2, 4, 11 | 75.00 | 450.00 |
| | Unreimbursed Insurance fee | -144.42 | -144.42 |

It's been a pleasure working with you!

| | Total Due | $305.58 |
|---|---|---|
| TERMS | Net 15 | |

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME  : 06/19/2006 15:49
                                    NAME  : TYRKA HOUCK LLP
                                    FAX   : 2022654264
                                    TEL   :
                                    SER.# : 000A6J693992
```

```
DATE,TIME                    06/19  15:46
FAX NO./NAME                 2024425304
DURATION                     00:02:54
PAGE(S)                      12
RESULT                       OK
MODE                         STANDARD
                             ECM
```

## TYRKA & HOUCK, LLP
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

### CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient:        Habib Samuels

Fax number:       202-442-5313 or 202-442-5304

From:             Jacci Donnell

Regarding:        M██████ B██████

Number of pages: 12      (including cover sheet)

Notes:

## DUE PROCESS COMPLAINT NOTICE
In re M██████ B█████
### July 31, 2006

**Petitioner:**       Mesha Gray
**Student:**          M██████ B█████
**DOB:**              ████/93
**Current School:**   Leckie Elementary School ("Leckie ES")
**Residence:**        ████████████████
                      Washington, DC 20032

**Petitioner's Contact Information for Special Education Purposes:**
Tyrka & Houck, LLP
1726 Connecticut Ave. N.W. Suite 400
Washington, D.C. 20009
Tel:  202-265-4260
Fax:  202-265-4264

### Violations:

1.  Failure to comply with the terms and conditions of a December 2, 2003 HOD.

### Facts:

1.  An December 2, 2003 HOD ordered DCPS to reimburse the Petitioner for the cost of M███████ independent speech and language therapy sessions during the 2001-2002 SY.
2.  On June 19, 2006, the Petitioner sent DCPS:
    a)  a tuition reimbursement notice requesting $687.44 for the cost of M███████ independent speech and language therapy sessions during the 2001-2002 SY;
    b)  receipts documenting the cost of M███████ independent speech and language therapy session during the 2001-2002 SY;
    c)  a copy of the HOD ordering DCPS to reimburse the Petitioner for the cost of M███████ independent speech and language therapy sessions during the 2001-2002 SY.
3.  DCPS has never responded to the Petitioner's June 19, 2006 tuition reimbursement request.

### Proposed resolution:

1.  DCPS to immediately reimburse the Petitioner for the cost of M███████ independent speech and language therapy sessions during the 2001-2002 SY.
2.  DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case.

### Resolution Meeting:

1.  The Petitioner contends that a representative of the LEA with authority to immediately reimburse the Petitioner for the cost of M███████ independent speech and language therapy sessions during the 2001-2002 SY is a necessary attendee at any resolution meeting.

**MB!**

2. If this individual is not going to be in attendance, Petitioner requests that DCPS provide counsel with a written notice waiving its right to a resolution session 48 hours prior to any scheduled meeting.

3. The Petitioner contends that any meeting not attended by the identified individual is not a valid resolution session, but rather an informal settlement discussion.

4. The Petitioner will be accompanied by his or her attorney at any resolution session convened subsequent to the filing of this complaint and will record any resolution session by analog or digital means.

5. Any statements by the Petitioner or his or her representative during any resolution meeting or other settlement discussion incident to the filing of this complaint are for the purposes of compromise only.

Respectfully Submitted,

Douglas Tyrka
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20008
(ph) (202) 265-4260
(f) (202) 265-4264

26

# TYRKA & HOUCK, LLP
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient:        SHO

Fax number:

From:             Douglas Tyrka

Regarding:        M██████ B█████ (D.O.B. ████93)

Number of pages:  3 (including cover sheet)

Notes:            Due Process Complaint

```
                    ┌──────────────────────────────────────────┐
                    │  TRANSMISSION VERIFICATION REPORT         │
                    └──────────────────────────────────────────┘

                                        TIME  : 07/31/2006 14:04
                                        NAME  : TYRKA HOUCK LLP
                                        FAX   : 2022654264
                                        TEL   :
                                        SER.# : 000A6J693992
```

```
┌────────────────────────────────────────────────────────────────────────┐
│                                                                          │
│   DATE,TIME                          07/31  14:03                        │
│   FAX NO./NAME                       SHO                                 │
│   DURATION                           00:00:47                            │
│   PAGE(S)                            03                                  │
│   RESULT                             OK                                  │
│   MODE                               STANDARD                           │
│                                      ECM                                 │
│                                                                          │
└────────────────────────────────────────────────────────────────────────┘
```

### TYRKA & HOUCK, LLP
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

#### CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient:       SHO

Fax number:

From:            Douglas Tyrka

Regarding:       M██████ B█████ (D.O.B. ██/██/93)

Number of pages: 3 (including cover sheet)

Notes:           Due Process Complaint

**TYRKA & HOUCK, LLP**
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

August 11, 2006

Phillip White III
M.V. Leckie Elementary School
By Fax: 202-645-3331

RE:    M██████B█████ (D.O.B. ██/93)
       RE:  Response to Due Process Complaint

Mr. White:

We represent Mesha Gray, the mother of M█████ B█████. This letter is in response to your correspondence from today.

Contrary to the assertion made in your letter, counsel for the Petitioner sent all necessary documentation concerning M██████ need for tuition reimbursement this morning. Please check your incoming faxes and send written confirmation of receipt of these documents as soon as possible.

Sincerely,

Keith Coyle, Associate
PA Bar No. 201128
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Avenue, N.W., Suite 400
Washington, D.C. 20009
p. (202) 265-4260
f. (202) 265-4264

```
        TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME  : 08/11/2006 14:48
                                    NAME  : TYRKA HOUCK LLP
                                    FAX   : 2022654264
                                    TEL   :
                                    SER.# : 000A6J693992
```

```
    DATE,TIME               08/11  14:47
    FAX NO./NAME            2026453331
    DURATION                00:01:31
    PAGE(S)                 05
    RESULT                  OK
    MODE                    STANDARD
                            ECM
```

**TYRKA & HOUCK, LLP**
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient:       Phillip White

Fax number:      202-645-3331

From:            Keith Coyle

Regarding:       M██████ B█████

Number of pages: 5  (including cover sheet)

Notes:

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**

M█████ B█████
Date of birth: ██/██/93
    Petitioner

v.

District of Columbia Public Schools,
    Respondent

**District of Columbia Public School's**
**Response to Due Process Complaint Notice**

The District of Columbia Public School (hereinafter "DCPS"), by and through the undersigned Attorney-Advisor, hereby provides its RESPONSE to the Administrative Due Process Complaint Notice (hereinafter "Complaint")[1] filed on or about July 31, 2006 on behalf of the parent of M█████ B█████, pursuant to the Individuals with Disabilities Education Improvement Act (hereinafter "IDEIA 04"), 20 U.S.C. § 1415(c)(2)(B)(i)(I)[2].  Specifically, based upon information provided to the Office of General Counsel as of today's date, DCPS asserts the following:

*As ordered in the December 2, 2003 HOD, DCPS will reimburse the parent for speech language therapy. As stated in the complaint, DCPS received the required paperwork from the parent on June 19, 2006.  every effort will be made to ensure that the matter is completed as soon as possible.*

We reserve the right to supplement this response as more information becomes available.

---

[1] Attached as Exhibit 1
[2] DCPS acknowledges that this response was required to be filed on or before August 10, 2006. It is the position of this agency that the delay in providing said response has not resulted in a denial of FAPE to this student.

31

**MB**

M█████ B█████
August 11, 2006
Page 2

Furthermore, DCPS will schedule a resolution meeting pursuant to the Individual's with Disabilities Education Improvement Act (hereinafter "IDEA"), Sec. 615(f)(1)(B) to address the specific issues in the due process complaint notice.

Respectfully submitted,

Quinne Harris Lindsey / Signed electronically
Quinne Harris Lindsey, Esq.
Attorney-Advisor
c/o Ann J. Williams
Paralegal Specialist
DCPS Office of the General Counsel
District of Columbia Public Schools
Telephone: 202/442-5000
Fax: 202/442-5097/8

## CERTIFICATE OF SERVICE

I, Quinne Harris Lindsey, Esq., hereby certify that a copy of this RESPONSE was served on Douglas Tyrka, parent's counsel, via facsimile, 202/265-4264, on August 11, 2006.

Quinne Harris Lindsey / Signed electronically
Quinne Harris Lindsey, Esq.
DCPS Attorney Advisor

# District of Columbia Public Schools
## State Enforcement & Investigation Division
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



### HEARING NOTICE

MEMORANDUM VIA: [X] FACSIMILE [ ] MAIL [ ] HAND DELIVERY

TO:   Parent (or Representative): **D. TYRKA**

LEA Legal Counsel: **Q. HARRIS-LINDSEY**   Fax No.: **265-4264**

RE:   B_____ M_____
      Student's Name          and (LEA) DOB: _____/93

FROM:   **SHARON NEWSOME**
        Special Education Student Hearing Office Coordinator

DATE SENT: **8/29/06**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on **7/31/06**. Please be advised that the hearing has been scheduled for:

DATE: **9/29/06**

TIME: **9:00 Am**

AT:   825 North Capitol Street, NE, Washington, DC
      8th Floor

ASSIGNED HEARING OFFICER: _____

[X] THIS IS A FINAL NOTICE OF HEARING: If you wish to request a continuance of this hearing, you must submit your request in *writing on the attached form* to the Special Education Student Hearing Office at the above address, or by fax at 202 442-5556. All decisions regarding continuances are made *exclusively* by the Hearing Officer, and cannot be made by SHO administrative staff. Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled above.

[ ] THIS IS A PROVISIONAL NOTICE OF HEARING: The SHO was unable to accommodate any of your proposed dates. If you are unavailable for the above date, you must inform the SHO in writing (letter or fax) that the date is unavailable and specify times during the next four business days when you are either available or unavailable for a teleconference with the Hearing Officer. If the SHO does not receive a response from you within three business days of your receiving this provisional notice, the notice becomes a final notice of hearing that may be modified with only a request for a continuance.

Failure to appear for a properly scheduled hearing may result in dismissal of the case or a default judgment against you. Disclosure of evidence and witnesses to the opposing party is required at least **five business days** prior to the hearing with copies to the Special Education Student Hearing Office.

**MB8**

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 08/29/2006 14:34
                                    NAME  : STUDENT HEARINGS OFF
                                    FAX   : 2024425556
                                    TEL   : 2024425432
                                    SER.# : BROH3J688601
```

```
    DATE,TIME             08/29  14:33
    FAX NO./NAME          92654264
    DURATION              00:00:28
    PAGE(S)               01
    RESULT                OK
    MODE                  STANDARD
                          ECM
```

# District of Columbia Public Schools
### State Enforcement & Investigation Division
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



### HEARING NOTICE

MEMORANDUM VIA: [X] FACSIMILE [ ] MAIL [ ] HAND DELIVERY

TO:   Parent (or Representative): _D. TYRKA_

RE:   LEA Legal Counsel: _Q. HARRIS-LINDSEY_          Fax No.: _265-4264_

_B█████ M█████_          and (LEA) DOB: ____/93
      Student's Name

FROM:   **SHARON NEWSOME**
        Special Education Student Hearing Office Coordinator

DATE SENT:   _8/29/06_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on
_7/31/06_ . Please be advised that the hearing has been scheduled for:

DATE:   _9/29/06_

TIME:   _9:00 Am_

34

```
                    TRANSMISSION VERIFICATION REPORT

                                        TIME : 09/22/2006 17:01
                                        NAME : TYRKA & ASSOCIATES
                                        FAX  : 2022654264
                                        TEL  : 2022654260
                                        SER.# : 000A6J693992
```

```
DATE,TIME               09/22  16:55
FAX NO./NAME            OGC1
DURATION                00:06:14
PAGE(S)                 27
RESULT                  OK
MODE                    STANDARD
                        ECM
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

**Recipient:**       OGC

**Fax Number:**

**From:**            Douglas Tyrka

**Regarding:**       M██████ B██████

**# of pages:**      27

**Notes:**           DISCLOSURES

35



DISTRICT OF COLUMBIA
PUBLIC SCHOOLS

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

September 22, 2006

Douglas Tyrka, Esquire
Tyrka & Houck, LLP
1726 Connecticut Avenue, N.W.
Suite 400
Washington, D.C.  20009

**DISCLOSURE STATEMENT**  - Amended
**VIA facsimile (202) 265-4264**

**Subject: M████ B████**
**DOB:  █████/1993**
**Attending School:  Leckie Elementary School (ES)**

Dear Mr. Tyrka:

  At the upcoming due process hearing in the above-referenced matter scheduled for Friday, September 29, 2006 at 9:00 a.m. or any subsequent hearing, and pursuant to the Individuals with Disabilities Education Improvement Act, Pub. L. No. 108-446 and 34 C.F.R. 300.509(a) (3) (or any subsequent iteration thereof), in addition to any documents and witnesses disclosed by the parent, DCPS may rely upon any of the following witnesses/documents[1], in addition to any documents and/or witnesses previously disclosed by any party for any earlier hearing for this student and/or compelled below pursuant to 34 CFR 300.509(a)(2) and 5 DCMR 3031.1(b):

<strong>Witnesses</strong>

  Marla Oakes, Executive Director of Special Education, DCPS and/or designee(s);
  825 North Capitol Street, N.E., Washington, D.C.  20002
  (202) 442-4800
  Clementine Homesley, Principal, Leckie ES and/or designee(s);
  4200 M.L. King Avenue, S.W., Washington, D.C.  20032
  (202) 645-3330
  Phillip White, Special Education Coordinator, Leckie ES and/or designee(s);
  4200 M.L. King Avenue, S.W., Washington, D.C.  20032
  (202) 645-3330

  **Pursuant to 34 C.F.R. 300.509(a)(2) and 5 DCMR 3031.1(b), DCPS hereby compels the attendance of the below named individual as a necessary and material witness(es):**

  **Mesha Gray, mother**
  **4034 2nd Street, S.W., Washington, D.C.  20032**
  **(202) 561-4709**

---

[1] Witnesses may testify by telephone.

Page Two
RE:   Due Process Hearing for M██████ B█████

## Documents

| | | |
|---|---|---|
| DCPS-01 | Hearing Officer's Determination | Date: 12/03/2003 |
| DCPS-02 | Resolution Meeting Notes | Date: 08/15/2006 |
| DCPS-03 | Due Process Complaint Disposition w/ Notes | Date: 08/25/2006 |
| DCPS-04 | Due Process Complaint Notice | Date: 07/31/2006 |

DCPS reserves the right to object to expert testimony by any witness whose curriculum vitae has not been disclosed to the Office of the General Counsel for DCPS at least five (5) business days prior to the hearing. DCPS also reserves the right to examine any witnesses called or identified as a potential witness by the representative of the student as though the witness was called by DCPS.

DCPS furthermore reserves the right to rely upon and /or use any documents/witnesses presented and/or disclosed by the parent that DCPS deems relevant in this case.  Also, DCPS reserves the right to call rebuttal witnesses in its case.

If you wish to discuss any aspect of this case further, or have questions, please contact me at (202) 442-5604.

Sincerely,

Quinne Harris-Lindsey
Supervisory Attorney Advisor

cc: Student Hearing Office

37

# *District of Columbia Public Schools*

## *Office of Management Services*
## <u>*Confidential*</u>

**FREDERICK E. WOODS**, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| In the Matter of          ) <br>           ) <br> M____ B____         ) <br> Date of Birth: ____/93     ) <br>           ) <br>       Petitioner,      ) <br>           ) <br>      vs.          ) <br>           ) <br> The District of Columbia Public Schools, ) <br> Home School: Leckie Elem. School   ) <br> Attending: St. Thomas More Catholic   ) <br>          School         ) <br>           ) <br>      Respondent.     ) <br>           ) | **IMPARTIAL<br>DUE PROCESS HEARING**<br><br><u>**DECISION AND ORDER**</u><br><br>Hearing Request: October 29, 2003<br>Hearing Date: December 2, 2003<br>Held at: 825 North Capitol Street, N.E.<br>        Eighth Floor<br>        Washington, D.C. 20002 |

Parent:

         Meisha Gray, Mother
         4034 2nd Street, S.W.
         Washington, D.C. 20032

Counsel for the Parent/Student:

         Carolyn W. Houck, Esq.
         Attorney at Law
         5505 Connecticut Ave. N.W., Suite 174
         Washington, D.C. 20015

District of Columbia Public Schools:

         Quinne Harris-Lindsey, Esq.
         Attorney Advisor
         Office of the General Counsel, DCPS
         825 North Capitol Street, N.E., 9th Floor
         Washington, D.C. 20002

1

## I.    JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 105-17, the Individuals with Disabilities Education Act of 1997, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

Petitioner:    Admitted, without objection, a disclosure letters filed 11/22/03 that lists four witnesses and attached ten exhibits sequentially labeled MB-01 through MB-10. Two witnesses were present: Meisha Gray, the student's mother, and Velvet Gray, the student's aunt. No witnesses were called to testify because the parties settled.

Respondent:    Admitted, without objection, a disclosure letters filed 11/22/03 that lists five witnesses. No exhibits were offered into evidence. No witnesses were present or called to testify because the parties settled.

## IV.    STATEMENT OF THE CASE

M█████ B█████, born ████/93, age 10, is a child with a disability receiving her special education and related services at St. Thomas More Catholic School in the District of Columbia. (R. at MB-09.)

Alleged is DCPS failed to reimburse the mother for the independent Speech-Language Evaluation and Speech-Language Therapy sessions obtained for M█████ in school year 2001-02. (R. at MB-09.)

The Student Hearing Office, DCPS, scheduled a Due Process Hearing for 11:00 a.m. Tuesday, December 2, 2003 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Attorney Advisor Quinne Harris-Lindsey appeared in-person for DCPS. Attorney Douglas Tyrka appeared in-person on behalf of M█████, and her mother who was present.

In consideration of the hearing record, the hearing officer entered the parties Settlement on the Record as follows:

2

# ORDER

DCPS shall ...............................................................

1. Reimburse the parent for M████'s independent Speech-Language Evaluation performed on 06/21/01, pursuant to the costs guidelines in the March 20, 2002 DCPS Office of Superintendent Directive Number 530.6, upon receipt of the paid invoice from the parent.

2. Reimburse the parent for each of M████'s independent Speech-Language Therapy sessions that she received during school year 2001-02 upon receipt of the paid invoices from the parent.

3. This Order resolves all issues in this case and the hearing officer makes no additional findings.

This is **THE FINAL ADMINISTRATIVE DECISION.** An Appeal can be made to a court of competent jurisdiction within thirty (30)-days of this Order's issue date.

_____
Frederick E. Woods
Hearing Officer

12/2/03
Date

Issued: _____12/3/03_____
Student Hearing Office, DCPS

3

OM :MVLECKIE ES                    FAX NO. :202 645-3330        Aug. 15 2006 11:36AM  P2

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

✓ PUBLIC      ___DPCS CHARTER      __ LEA CHARTER      __ NONPUBLIC      ___ PRIVATE/RELIGIOUS

## RESOLUTION MEETING NOTES

Meeting Confirmation Date: __8/08/06__                    Meeting Held:_____

Student: __M_____ B_____     DOB:__/93 School: __MVLeckie ES__

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Resolution Meeting was not convened as planned — Parent was unable to attend. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

____ Resolved            ✓ Unresolved

The scheduled Resolution Meeting on M_____ B_____ for today, August 15, 2006, at 9:30 am, did not advance (convene) as planned, inasmuch as the parent Mrs. Mesha Valentine — was unable to attend. Participants who arrived waited for 45 minutes. Advocate, Sharon Millis, stated that she was unable to contact her client for an explanation. She asked that the Resolution Meeting be rescheduled.

DCPS – 02

Aug. 15 2006 11:38AM

FAX NO. :202 645-3330

ROM :MVLECKIE ES

### DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### WASHINGTON, D.C.

_ PUBLIC        __DPCS CHARTER        _ LEA CHARTER        __ NONPUBLIC        __ PRIVATE/RELIGIOUS

## RESOLUTION MEETING NOTES Cont'd.

Meeting Confirmation Date: 8/08/06                Meeting Held: _____

Student: M____' B____                School: MV Leckie ES

The special education coordinator, Phillys White, stated that any future meetings on M____ would need to convere at her newly enrolled school. Here, it is important to state that M____ was promoted from the Sixth Grade at M.V. Leckie ES to the Seventh Grade. Her neighborhood school is PR Harris; however, her mother has informed the school's Registrar that M____ will be attending An Out of Boundary School.

Mr. White informed Ms. Mills (advocate) that the requested original In-Voice from Mrs. Valentine which outlines independent Sp.Lang. services provided to M____ needs to be forwarded to D.C. Public Schools' Finance Office at Central Administration. No rescheduled date for Resolution Meeting could be established, at this time.

RESOLUTION MEETING NOTES        Page 2 of Page 2        July 11, 2005        42

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# Due Process Complaint Disposition

- This form should be used by the parties to notify the Student Hearing Office about important information concerning the outcome of the resolution meeting.
- Please return to the Student Hearing Office of the District of Columbia Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002, Fax number 202/442-5556.

## STUDENT AND CASE INFORMATION:

Student Name: M⬛⬛⬛ B⬛⬛⬛     Birth Date: ⬛⬛/93
       First      MI      Last

SHO Case Number: _____ (if applicable)

## PARENT / GUARDIAN:

Name: Ms. Mesha Gray
     First                Last

Complete Address: 4034 Second Street, SW
         Washington, DC 20032

Phone: 240-281-8212  202-562-7757
     Home         Work or alternative phone no.     Fax No. if applicable

## LOCAL EDUCATION AGENCY REPRESENTATIVE:

Phillip White III, Special Education Coordinator
Full Name                         Title
Address 4201 Martin L. King, Ave, SW
Washington, DC 20032

Phone: 202-645-3330   202-645-3331
     Office           Fax

1

DCPS – 03

43

The complaint has been resolved and the parties have reached agreement to the satisfaction of the parent / guardian. The due process complaint notice and the request for a due process hearing should be dismissed and withdrawn. The parties are aware that the agreement may be voided by any party within 3 business days of the date the agreement is signed. The parties have agreed to wait at least 3 business days before filing this form with the Student Hearing Office.

The resolution session was unsuccessful. The case should proceed to a due process hearing.

The resolution session was unsuccessful. The parties have agreed to try mediation.

The parties mutually agree to waive the resolution session and request mediation and the assignment of a mediator to this case.

The parties mutually agree to waive the resolution session and request that this case proceed to a due process hearing on the merits.

The parent has failed to participate in a resolution meeting as required under the law. A due process hearing should not be scheduled until further notice

## Signature and Affirmation:

I affirm that the information provided on this form is true and correct. I also affirm my receipt of the Procedural Safeguards Manual or I have waived my right to receive the Procedural Safeguards Manual.

_____    8-25-06
Signature of Parent/Guardian    Date

_____    8/25/06
Local Educational Agency Representative    Date

Mail, fax or deliver this form to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC  20002
Fax number: 202/442-5556

2

44

SEID DRN  Rev'd. 6/14/05

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

✓ **PUBLIC**      ___**DPCS CHARTER**      ___**LEA CHARTER**      ___**NONPUBLIC**      ___**PRIVATE/RELIGIOUS**

## RESOLUTION MEETING NOTES

Meeting Confirmation Date: _8/17/06 Second Attempt_      Meeting Held: _8/25/06_

Student: M�â–ˆâ–ˆâ–ˆ Bâ–ˆâ–ˆâ–ˆ      DOB _â–ˆâ–ˆ/93_ School: _M.V. Leckie ES_

| PARTICIPANTS: (Print Name) | PARTICIPANTS (Sign Name) | POSITION |
|---|---|---|
| Yesha Gracy | Yesha Gracy | Mother |
| Keith Coyle | Participated via teleconference | Attorney |
| Phillip White III | Phillip White III | Sp.Ed.Coord./LEA |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

___ **Resolved**      ✓ **Unresolved**

The purpose for this Resolution Meeting on M�ˆˆ
Bâ–ˆâ–ˆâ–ˆ is to give regard to parent's complaint
filed for tuition reimbursement with hopes to reach
a plausible resolution - a settlement.

In troductions were made with each stating
his or her relationship to M▆▆▆. Parent was
informed of her Rights. Parent's counsel participated
via telephone.

Parent presented the school with the required
original in-voices for Speech/Language Services

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

_ PUBLIC    ___DPCS CHARTER    _ LEA CHARTER    ___ NONPUBLIC    ___ PRIVATE/RELIGIOUS

### RESOLUTION MEETING NOTES Cont'd.

Meeting Confirmation Date: _____    Meeting Held: 8/25/06

Student: M_____ B_____    School: M.V. Leckie ES

provided M_____, as requested. The total amount agreed upon is $687.44. The invoice submitted exceeds this amount and is provided. However, recognition is made and a consensus is reached that parent will be receive reimbursement from the Finance Office (DCPS) for the total of $687.44.

The special education coordinator agreed to hand deliver the original invoices to Central Administration (two desks) as well as to fax the meeting notes to parent's counsel and mail meeting notes to parent.

Parent stated through attorney that she will not sign that this matter is solved or resolved until parent has received her tuition reimbursement check for the amount of $687.44. At such time, parent affirms that the matter will be settled — a settlement reached.

TYRKA HOUCK LLP

07/31/2006  14:03    2022654264

**DUE PROCESS COMPLAINT NOTICE**
In re M█████ B█████
July 31, 2006

2006 JUL 31 PM 2:21
DC PUBLIC
SCHOOL SYSTEM

| | |
|---|---|
| Petitioner: | Mesha Gray |
| Student: | M█████ B█████ |
| DOB: | ████93 |
| Current School: | Leckie Elementary School ("Leckie ES") |
| Residence: | ███████████████ |
| | Washington, DC 20032 |

**Petitioner's Contact Information for Special Education Purposes:**

Tyrka & Houck, LLP
1726 Connecticut Ave. N.W. Suite 400
Washington, D.C.  20009
Tel:  202-265-4260
Fax:  202-265-4264

**Violations:**

1. Failure to comply with the terms and conditions of a December 2, 2003 HOD.

**Facts:**

1. An December 2, 2003 HOD ordered DCPS to reimburse the Petitioner for the cost of M█████ independent speech and language therapy sessions during the 2001-2002 SY.
2. On June 19, 2006, the Petitioner sent DCPS:
   a) a tuition reimbursement notice requesting $687.44 for the cost of M█████ independent speech and language therapy sessions during the 2001-2002 SY;
   b) receipts documenting the cost of M█████ independent speech and language therapy session during the 2001-2002 SY;
   c) a copy of the HOD ordering DCPS to reimburse the Petitioner for the cost of M█████ independent speech and language therapy sessions during the 2001-2002 SY.
3. DCPS has never responded to the Petitioner's June 19, 2006 tuition reimbursement request.

**Proposed resolution:**

1. DCPS to immediately reimburse the Petitioner for the cost of M█████ independent speech and language therapy sessions during the 2001-2002 SY.
2. DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case.

**Resolution Meeting:**

1. The Petitioner contends that a representative of the LEA with authority to immediately reimburse the Petitioner for the cost of M█████ independent speech and language therapy sessions during the 2001-2002 SY is a necessary attendee at any resolution meeting.

47

DCPS – 04

07/31/2006   14:03     2022654264     TYRKA HOUCK LLP     PAGE  03/03

2.  If this individual is not going to be in attendance, Petitioner requests that DCPS provide counsel with a written notice waiving its right to a resolution session 48 hours prior to any scheduled meeting.

3.  The Petitioner contends that any meeting not attended by the identified individual is not a valid resolution session, but rather an informal settlement discussion.

4.  The Petitioner will be accompanied by his or her attorney at any resolution session convened subsequent to the filing of this complaint and will record any resolution session by analog or digital means.

5.  Any statements by the Petitioner or his or her representative during any resolution meeting or other settlement discussion incident to the filing of this complaint are for the purposes of compromise only.


Respectfully Submitted,


Douglas Tyrka
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Ave., NW, Suite 400
Washington, DC  20008
(ph) (202) 265-4260
(f) (202) 265-4264

48



Office of the General Counsel
9th Floor
825 North Capitol St, NE
Washington, DC 20002
(202) 442-5000
Fax (202) 442-5098

# FACSIMILE

| | | | |
|---|---|---|---|
| | | **Date:** | 09-22-2006 |
| **TO:** | Douglas Tyrka, Esquire | **Fax No.:** | 202/265-4264 |
| **CO:** | Tyrka & Houck, LLP | **Tele. No.:** | 202/265-4260 |
| **FROM:** | Quinne Harris-Lindsey, Esq. | **Tele. No.:** | 202/442-5604 |

**No. Pages, Including Cover Sheet:** _14 pgs_

**COMMENTS:** Re: 5 Day Disclosures for M█████ B█████, DOB: ███/1993.

---

***CONFIDENTIALITY NOTICE***

*The information contained in this telefacsimile has been transmitted by an attorney. It is privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If this communication has been received in error, please notify us immediately by telephone, and return the original message to us at the above address via first class prepaid US postage. Thank you.*

49

```
*************** -COMM. JOURNAL- ******************* DATE SEP-22-2006 ***** TIME 18:27 ********

                                              START=SEP-22 18:24        END=SEP-22 18:27
      MODE = MEMORY TRANSMISSION

         FILE NO.=367

  STN    COMM.        STATION NAME/EMAIL ADDRESS/TELEPHONE NO.     PAGES      DURATION
  NO.
                                                                008/008    00:02:11
  001     OK        ☎92654264


                                                 -DCPS GENERAL COUNSEL      -

***** UF-8000 ********************* -DCPS GEN COUNSEL- ***** -      2024425097- *********
```



**Office of the General Counsel**
9th Floor
825 North Capitol St, NE
Washington, DC 20002
(202) 442-5000
Fax (202) 442-5098

## <u>FACSIMILE</u>

|  |  |
|---|---|
| **TO:** Douglas Tyrka, Esquire | **Date:** 09-22-2006 |
|  | **Fax No.:** 202/265-4264 |
| **CO:** Tyrka & Houck, LLP | **Tele. No.:** 202/265-4260 |
| **FROM:** Quinne Harris-Lindsey, Esq. | **Tele. No.:** 202/442-5604 |

**No. Pages, Including Cover Sheet:** _14 pgs_

**COMMENTS:** Re: 5 Day Disclosures for M▮▮▮▮ B▮▮▮▮, DOB: ▮▮▮/1993.

---

<u>CONFIDENTIALITY NOTICE</u>

The information contained in this telefacsimile has been transmitted by an attorney.  It is privileged and confidential, intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited.  If this communication has been received in error, please notify us immediately by telephone, and return the original message to us at the above address via first class prepaid US postage. Thank you.



Office of the General Counsel
9th Floor
825 North Capitol St, NE
Washington, DC 20002
(202) 442-5000
Fax (202) 442-5098

# FACSIMILE

**Date:** 09-22-2006

**TO:** Douglas Tyrka, Esquire     **Fax No.:** 202/265-4264

**CO:** Tyrka & Houck, LLP     **Tele. No.:** 202/265-4260

**FROM:** Quinne Harris-Lindsey, Esq.     **Tele. No.:** 202/442-5604

**No. Pages, Including Cover Sheet:** 2 pps

**COMMENTS:** Re:  Amended 5 Day Disclosures for M████ B████, DOB: ████1993  - 1st page of Disclosure Letter, only

---

### *CONFIDENTIALITY NOTICE*

*The information contained in this telefacsimile has been transmitted by an attorney.  It is privileged and confidential, intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited.  If this communication has been received in error, please notify us immediately by telephone, and return the original message to us at the above address via first class prepaid US postage. Thank you.*

51

*************** -COMM. JOURNAL- ******************* DATE SEP-22-2006 ***** TIME 18:34 ********

MODE = MEMORY TRANSMISSION        START=SEP-22 18:33    END=SEP-22 18:34

   FILE NO.=368

| STN NO. | COMM. | STATION NAME/EMAIL ADDRESS/TELEPHONE NO. | PAGES | DURATION |
|---|---|---|---|---|
| 001 | OK | 892654264 | 002/002 | 00:00:44 |

                                        -DCPS GENERAL COUNSEL    -

***** UF-8000 ********************* -DCPS GEN COUNSEL- ***** -        2024425097- *********



Office of the General Counsel
9th Floor
825 North Capitol St, NE
Washington, DC 20002
(202) 442-5000
Fax (202) 442-5098

## FACSIMILE

|  |  |  |  |
|---|---|---|---|
| **TO:** Douglas Tyrka, Esquire | **Date:** | 09-22-2006 |
| | **Fax No.:** | 202/265-4264 |
| **CO:** Tyrka & Houck, LLP | **Tele. No.:** | 202/265-4260 |
| **FROM:** Quinne Harris-Lindsey, Esq. | **Tele. No.:** | 202/442-5604 |

**No. Pages, Including Cover Sheet:**   2 pps

**COMMENTS:** Re: Amended 5 Day Disclosures for M███ B███, DOB: ███/1993 - 1st page of Disclosure Letter, only

_____

_____

**_CONFIDENTIALITY NOTICE_**

_The information contained in this telefacsimile has been transmitted by an attorney. It is privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If this communication has been received in error, please notify us immediately by telephone, and return the original message to us at the above address via first class prepaid US postage. Thank you._

```
┌─────────────────────────────────────────┐
│     TRANSMISSION VERIFICATION REPORT     │
└─────────────────────────────────────────┘

                              TIME  : 07/27/2006 22:10
                              NAME  : STATE ENFORCEMENT
                              FAX   : 2024425253
                              TEL   :
                              SER.# : 000D6J436181
```

```
┌──────────────────────────────────────────────────────────┐
│  DATE,TIME              07/27  22:08                        │
│  FAX NO./NAME           96453331                            │
│  DURATION               00:01:46                            │
│  PAGE(S)                06                                  │
│  RESULT                 OK                                  │
│  MODE                   STANDARD                            │
│                         ECM                                 │
└──────────────────────────────────────────────────────────┘
```

**Complaint Intake Unit**
**825 North Capitol Street, NE- 8th Fl.**
**Washington, DC 20002**
**(202) 724-6556**

DISTRICT OF COLUMBIA PUCLIC SCHOOLS
State Enforcement & Investigation Division
For Special Education Programs

# Fax

## Time Sensitive Materials Attached

**Prompt Attention: Principal/Administrator**
**Special Education Coordinator**

Telephone Number: **(202) 645-3330**          Pages: 6
        Fax Number: **(202) 645-3331**          Date: July 31, 2006

---

**Please find attached a copy of a Scheduling Memorandum and a copy of the Due Process Complaint Notice regarding:**

Student: M████ B████

School: **Leckie ES**

**The Complaint Intake Unit is responsible for providing parties with information notice that a Due Process Complaint has been filed with the Student Hearing Office. If you have questions about the attached Notice, please contact the**

53

**Complaint Intake Unit**
**825 North Capitol Street, NE- 8th Fl.**
**Washington, DC 20002**
**(202) 724-6556**

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
State Enforcement & Investigation Division
For Special Education Programs

# Fax

# Time Sensitive Materials Attached

**Prompt Attention: Principal/Administrator**
                        **Special Education Coordinator**

Telephone Number: **(202) 645-3330**                Pages: 6
         Fax Number: **(202) 645-3331**                Date: July 31, 2006

---

**Please find attached a copy of a Scheduling Memorandum and a copy of the Due Process Complaint Notice regarding:**

Student: **M██████ B█████**

School: **Leckie ES**

**The Complaint Intake Unit is responsible for providing parties with information notice that a Due Process Complaint has been filed with the Student Hearing Office. If you have questions about the attached Notice, please contact the Complaint Intake Unit at (202) 724-6556. Otherwise, if you have questions about the content of the compliant you should contact your legal counsel for further advice.**

                                        **Thank You**
                                        **Pamela M. Brown**
                                        **Staff Assistant**

The document(s) accompanying this telecopy transmission contains confidential information that is legally privileged. The information is intended only for use of the individual or entity named Above, if you are not the intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in reliance of the contents of this copied information is Strictly prohibited. If you receive this telecopy in error, please immediately notify us by telephone For return of the original document to us.

Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.
Washington, DC 20002
(202) 724-6556

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
State Enforcement & Investigation Division
For Special Education Programs

# Fax

# Time Sensitive Materials Attached

**Prompt Attention: Attorney: Tyrka Douglas, Esq.**
**Parent: Mesha Gray**

Telephone Number: **(202) 265-4260**
Fax Number: **(202) 265-4264**

Pages: **3**
Date: **July 31, 2006**

---

**Please find attached a copy of a Scheduling Memorandum regarding:**

Student: **M█████ B█████**
School: **Leckie ES**

The Complaint Intake Unit is responsible for providing parties with information notice that a Due Process Complaint has been filed with the Student Hearing Office. If you have questions about the attached Notice, please contact the Complaint Intake Unit at (202) 724-6556. Otherwise, if you have questions about the content of the compliant you should contact your legal counsel for further advice.

**Thank You**
**Pamela Brown**

The document(s) accompanying this telecopy transmission contains confidential information that Is legally privileged. The information is intended only for use of the individual or entity named Above, if you are not the intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in reliance of the contents of this copied information is Strictly prohibited. If you receive this telecopy in error, please immediately notify us by telephone For return of the original document to us.

```
┌─────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT       │
└─────────────────────────────────────────┘
```

```
                                    TIME  : 07/27/2006 22:08
                                    NAME  : STATE ENFORCEMENT
                                    FAX   : 2024425253
                                    TEL   :
                                    SER.# : 000D6J436181
```

```
┌──────────────────────────────────────────────────────────────────┐
│                                                                    │
│   DATE,TIME              07/27  22:07                               │
│   FAX NO./NAME           92654264                                  │
│   DURATION               00:00:56                                  │
│   PAGE(S)                03                                         │
│   RESULT                 OK                                         │
│   MODE                   STANDARD                                  │
│                          ECM                                       │
│                                                                    │
└──────────────────────────────────────────────────────────────────┘
```

Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.
Washington, DC 20002
(202) 724-6556

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
State Enforcement & Investigation Division
for Special Education Programs

# Fax

## Time Sensitive Materials Attached

**Prompt Attention: Attorney: Tyrka Douglas, Esq.**
**Parent: Mesha Gray**

Telephone Number: **(202) 265-4260**          Pages: **3**
Fax Number: **(202) 265-4264**               Date: **July 31, 2006**

---

**Please find attached a copy of a Scheduling Memorandum regarding:**

Student: **M███████ B██████**
School: **Leckie ES**

The Complaint Intake Unit is responsible for providing parties with
information notice that a Due Process Complaint has been filed with the
Student Hearing Office.  If you have questions about the attached Notice,
please contact the Complaint Intake Unit at (202) 724-6556.  Otherwise, if
you have questions about the content of the compliant you should contact
your legal counsel for further advice.

**Thank You**

56

# STATE EDUCATION AGENCY
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

| | | | |
|---|---|---|---|
| In the Matter of: | | ) | BEFORE A SPECIAL EDUCATION |
| | | ) | |
| B____, M. | Petitioner | ) | |
| | | ) | HEARING OFFICER |
| Vs. | | ) | |
| | | ) | |
| DCPS | | ) | |
| Leckie ES | | | |
| | | ) | DISTRICT OF COLUMBIA |
| | | | |
| | Respondent | ) | PUBLIC SCHOOLS |

# SCHEDULING MEMORANDUM

1. A due process complaint notice and request for due process hearing has been received by the Student Hearing Office in the State Enforcement & Investigation Division. Pursuant to 20 U.S.C. § 1415(f)(1)(B), prior to the opportunity for an impartial due process hearing, the Local Educational Agency shall convene a resolution meeting with the parent(s) and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint <u>within 15 calendar days of receiving notice of the parents' complaint</u>. The meeting shall include a representative of the Local Educational Agency who has decision-making authority. The Local Education Agency is responsible for scheduling the resolution meeting in consultation with the parent. **The Student Hearing Office does not schedule or participate in resolution meetings**.

2. The complaint notice was filed on **July 31, 2006**

3. The deadline for the resolution meeting is **August 15, 2006** unless the parent and Local Educational Agency agree in writing to waive such meeting, or agree to refer the case to a mediator for mediation.

## RESPONSE TO THE COMPLAINT

A. *__Prior Written Notice Not Issued by the Local Educational Agency__*. If the Local Educational Agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, the Local Educational Agency shall, <u>within 10 days of receiving the complaint</u>, send to the parent a response that shall include:

    1. An explanation why the Local Educational Agency proposed or refused to take action raised in the complaint;

    2. A description of other options that the IEP Team considered and the reasons why those options were rejected;

    3. A description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and

    4.      A description of the factors that is relevant to the agency's proposal or refusal.

B.      Prior written notice, if not already provided to the parent, must be sent by the Local Educational Agency to the complaining party no later than **August 10, 2006**.

C.      **_Deficiency Notice_**.  A complaint notice shall be deemed sufficient unless the party receiving the notice notifies the Student Hearing Office and the complaining party in writing, <u>within 15 days of receiving the notice of the complaint</u>, that the complaint does not satisfy the notice requirements specified in 20 U.S.C. 1415(b)(7)(A).

D.      The deadline for filing a deficiency notice is **August 15, 2006**.

## DUE PROCESS HEARING

Pursuant to 20 U.S.C. § 1415(f)(1)(B)(ii) if the Local Educational Agency has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all applicable time lines for scheduling a due process hearing will commence. A final hearing officer's decision must be issued within 45 days from the expiration of the 30-day resolution period.

## QUESTIONS AND INFORMATION

The staff with the Student Hearing Office does not provide legal advice. The parties should consult with legal counsel or other representative to answer any legal questions about your rights, duties, and responsibilities under the law. The school or the Local Education Agency responsible for scheduling the meeting will provide information about the time, date, and location of the resolution meeting.

## DUE PROCESS COMPLAINT NOTICE
In re M█████ B█████
July 31, 2006

**2006 JUL 31 PM 2:21**
**DC PUBLIC SCHOOL SYSTEM**

| | |
|---|---|
| **Petitioner:** | Mesha Gray |
| **Student:** | M█████ B█████ |
| **DOB:** | █████/93 |
| **Current School:** | Leckie Elementary School ("Leckie ES") |
| **Residence:** | ██████████████ Washington, DC 20032 |

**Petitioner's Contact Information for Special Education Purposes:**

Tyrka & Houck, LLP
1726 Connecticut Ave. N.W. Suite 400
Washington, D.C. 20009
Tel: 202-265-4260
Fax: 202-265-4264

**Violations:**

1. Failure to comply with the terms and conditions of a December 2, 2003 HOD.

**Facts:**

1. An December 2, 2003 HOD ordered DCPS to reimburse the Petitioner for the cost of M█████ independent speech and language therapy sessions during the 2001-2002 SY.
2. On June 19, 2006, the Petitioner sent DCPS:
   a) a tuition reimbursement notice requesting $687.44 for the cost of M█████ independent speech and language therapy sessions during the 2001-2002 SY;
   b) receipts documenting the cost of M█████ independent speech and language therapy session during the 2001-2002 SY;
   c) a copy of the HOD ordering DCPS to reimburse the Petitioner for the cost of M█████ independent speech and language therapy sessions during the 2001-2002 SY.
3. DCPS has never responded to the Petitioner's June 19, 2006 tuition reimbursement request.

**Proposed resolution:**

1. DCPS to immediately reimburse the Petitioner for the cost of M█████ independent speech and language therapy sessions during the 2001-2002 SY.
2. DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case.

**Resolution Meeting:**

1. The Petitioner contends that a representative of the LEA with authority to immediately reimburse the Petitioner for the cost of M█████ independent speech and language therapy sessions during the 2001-2002 SY is a necessary attendee at any resolution meeting.

2. If this individual is not going to be in attendance, Petitioner requests that DCPS provide counsel with a written notice waiving its right to a resolution session 48 hours prior to any scheduled meeting.

3. The Petitioner contends that any meeting not attended by the identified individual is not a valid resolution session, but rather an informal settlement discussion.

4. The Petitioner will be accompanied by his or her attorney at any resolution session convened subsequent to the filing of this complaint and will record any resolution session by analog or digital means.

5. Any statements by the Petitioner or his or her representative during any resolution meeting or other settlement discussion incident to the filing of this complaint are for the purposes of compromise only.


Respectfully Submitted,


Douglas Tyrka
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20008
(ph) (202) 265-4260
(f) (202) 265-4264

60

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**


M█████ B██████
Date of birth: ████/93
    Petitioner

v.

District of Columbia Public Schools,
    Respondent


### District of Columbia Public School's
### Response to Due Process Complaint Notice


The District of Columbia Public School (hereinafter "DCPS"), by and through the undersigned Attorney-Advisor, hereby provides its RESPONSE to the Administrative Due Process Complaint Notice (hereinafter "Complaint")[1] filed on or about July 31, 2006 on behalf of the parent of M█████ B█████, pursuant to the Individuals with Disabilities Education Improvement Act (hereinafter "IDEIA 04"), 20 U.S.C. § 1415(c)(2)(B)(i)(I)[2]. Specifically, based upon information provided to the Office of General Counsel as of today's date, DCPS asserts the following:


*As ordered in the December 2, 2003 HOD, DCPS will reimburse the parent for speech language therapy. As stated in the complaint, DCPS received the required paperwork from the parent on June 19, 2006. every effort will be made to ensure that the matter is completed as soon as possible.*

We reserve the right to supplement this response as more information becomes available.

---

[1] Attached as Exhibit 1
[2] DCPS acknowledges that this response was required to be filed on or before August 10, 2006. It is the position of this agency that the delay in providing said response has not resulted in a denial of FAPE to this student.

61

M████ B██████
August 11, 2006
Page 2

Furthermore, DCPS will schedule a resolution meeting pursuant to the Individual's with Disabilities Education Improvement Act (hereinafter "IDEA"), Sec. 615(f)(1)(B) to address the specific issues in the due process complaint notice.

Respectfully submitted,

Quinne Harris Lindsey / Signed electronically
Quinne Harris Lindsey, Esq.
Attorney-Advisor
c/o Ann J. Williams
Paralegal Specialist
DCPS Office of the General Counsel
District of Columbia Public Schools
Telephone: 202/442-5000
Fax: 202/442-5097/8

## CERTIFICATE OF SERVICE

I, Quinne Harris Lindsey, Esq., hereby certify that a copy of this RESPONSE was served on Douglas Tyrka, parent's counsel, via facsimile, 202/265-4264, on August 11, 2006.

Quinne Harris Lindsey / Signed electronically
Quinne Harris Lindsey, Esq.
DCPS Attorney Advisor

62



Office of the General Counsel
825 North Capitol Street, NE
Room 9095
Washington, DC 20002
(202) 442-5000 main
(202) 442-5166 direct
(202) 442-5098 fax

# Fax

| | | | |
|---|---|---|---|
| **To:** | Douglas Tyrka, Esq.<br>Tyrka & Houck, LLP | **From:** | Ann J. Williams<br>Paralegal Specialist |
| **Fax:** | 202/265-4264 | **Date:** | August 11, 2006 |
| **Phone:** | 202/265-4260 | **Pages:** | 3 |
| **Re:** | M. B███ Response | **CC:** | |

☐ Urgent  ☐ For Review  ☐ Please Comment  ☐ Please Reply  ☐ Please Recycle

•**Comments:**

63

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO            0587
CONNECTION TEL                 92654264
CONNECTION ID
ST. TIME           08/11 16:03
USAGE T            00'49
PGS. SENT             3
RESULT             OK
```



Office of the General Counsel
825 North Capitol Street, NE
Room 9005
Washington, DC 20002
(202) 442-5000 main
(202) 442-5166 direct
(202) 442-5098 fax

# Fax

| | | | |
|---|---|---|---|
| **To:** | Douglas Tyrka, Esq.<br>Tyrka & Houck, LLP | **From:** | Ann J. Williams<br>Paralegal Specialist |
| **Fax:** | 202/265-4264 | **Date:** | August 11, 2006 |
| **Phone:** | 202/265-4260 | **Pages:** | 3 |
| **Re:** | M. B███ Response | **CC:** | |

☐ Urgent ☐ For Review ☐ Please Comment ☐ Please Reply ☐ Please Recycle

•**Comments:**

**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**
*Office of Special Education*
825 North Capitol Street, N.E., 6th Floor
Washington, D.C. 20002
202-442-4800; fax: 202-442-5518
www.k12.dc.us

September 21, 2006

<u>Via U.S. Mail</u>

Mesha Gray
4034 2nd Street S.W.
Washington, D.C. 20032

Invoice#: 12/01-3/02B⬛︎

**Disputed Amount: $880.23**

*10-10-06*

Dear Provider:

The Office of Special Education, District of Columbia Public Schools has reviewed your invoices for services provided during SY 01 – 02.  Please be advised that the District of Columbia Public Schools is disputing $880.23 of your invoice #12/01-3/02B⬛︎ for reimbursement of special education services provided due to the following reasons:

The disputed charges on the subject invoice are inappropriate and cannot be approved for payment based on current documentation. Receipts of payments made to providers in the amount of $120.00 were provided by the parent for reimbursement not $1,000.23.

If you wish to challenge this determination, please submit a written explanation, including supporting documentation, for the unapproved charges. Please reference the DCPS Invoice Number (noted above) in your response.  If your challenge relates to charges for related services incurred during a student's absence, you must include verification of costs incurred by you for those services.

Your written response must be provided to the **OFFICE OF SPECIAL EDUCATION** via United States mail or hand-delivery.  Responses should be mailed or delivered to **THE OFFICE OF SPECIAL EDUCATION, ATTENTION: MR. GREGORY HALL, 825 NORTH CAPITOL STREET, N.E., 6TH FLOOR, WASHINGTON, D.C. 20002.**

Please **DO NOT** transmit your response to this request via facsimile. If you have any questions or require additional information, please contact **MR. GREGORY HALL** at (202) 442-5069.

Thank you in advance for your attention to this matter.

Very truly yours,

Gregory W. Hall
Office of the Chief Academic Officer

cc: Dr. Marla C. Oakes, Executive Director, Office of Special Education
Stephanie Ramjohn Moore, Office of General Counsel
University Legal Services

*Children First*

65



**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
Office of Special Education

## Billing Dispute Form
### (Individual Student Form)

Student's Name: M_____ B_____
School/Vendor: Mesha Gray
Period of Service: SY01-02

Date: September 15, 2006
Invoice No: 12/01-3/02B_____

### Reason For Dispute

| | | | |
|---|---|---|---|
| Student's name and/or date of birth not included | | Student's DCPS ID not included | |
| Number of days billed not included | | Tuition rate & time period (semester, month, etc) not included | |
| Dates of attendance not included for each student | | Student's Medicaid number not included | |
| Related service(s) are not approved based on the IEP | | No itemization of related services, including unit of service, frequency of service and rate per hour (if charges are not bundled) | |
| There is no documentation available to support the student's placement | | Student was unilaterally placed | |
| 1:1 service (dedicated aide) is not on the IEP/not approved by DCPS | | Service(s) not related to education | |
| Student is no longer a DC resident | | Transportation is provided by DCPS/outside transportation is not approved | |
| Student not identified as eligible for special education services (regular education) | | Student has been given another school placement (date and name of location) | |
| No documentation of educational testing provided to student | | There were no other evaluation/reports reviewed by DCPS | |
| Billing exceeds contracted amount for service(s) | | Service(s) not authorized by existing contract | |
| Student did not attend for the stated period Give period | X | Other (explain below) | |

**According to the issued Hearing Officers Determination, DCPS are to reimburse parents for speech/language therapy services in accordance to submitted parental receipts for paid services. Parent only submitted $120.00 worth of receipts.**

Original Amount: $1000.23

Disputed Amount: $880.23

Pay This Amount: $120.00

Reviewer's Signature: Shauntell Harley 9/15/06

66



### District of Columbia Public Schools
### Office of Special Education

### Billing Summary Cover Sheet

School/Vendor: _GRAY, MESHA_

Invoice No: _12/01-3/02 B_____/REI_ Period of Service: _DEC-01- MAR-02_

() Approved for Full Payment

| | Students Name | Disputed Amount | | Students Name | Disputed Amount |
|---|---|---|---|---|---|
| 1. | M_____ B_____ | $ 880.23 | 5. | | |
| 2. | | | 6. | | |
| 3. | | | 7. | | |
| 4. | | | 8. | | |

**Please charge this invoice payment to organization code as listed below.**

3511/13 _____     3511-41$ _1,000.23_     3521/41 _____

3531(NonP)$ _____     3541 (CFSA)$ _____     3551 (DMH) _____

Original Invoice Amount: _$ 1,000.23_

Total Dispute Amount: _$ 880.23_

Pay This Amount: _$ 120.00_

*per Phillip White, DCPS is to reimburse parent for related services.

Reviewed By: _Shelly  9/11/06_

Approved By: _Kiel  9/20/06_

Approved By: _KMLO 9/22/06_

Approved By: _____

67



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

*Office of the Chief Financial Officer*
**825 North Capitol Street, N.E., 7th Floor**
Washington, D.C. 20002
**202-442-5245, fax: 202-442-5313**
**www.k12.dc.us**

## Memorandum

**To:** _____
_____
_____
_____

**From:** Habib Samuels
Accounting Technician – Special Education

## Subject: Missing Required Information for Valid Invoice

This memo is to inform you that your recently submitted invoice to the Office of the Chief Financial Officer / Special Education Payment Unit is missing pertinent information as outlined within the Petties Court Order (See checked items below). Please submit the missing information immediately.

- ❏ Student's name
- ❏ Student's date of birth
- ❏ Student's DCPS ID#
- ❏ Tuition rate and time period covered by rate (i.e.
- ❏ The number of days billed for on the invoice
- ❏ Itemization of the related services provided, including the unit of service (e.g. per hour, day, week, month)
- ❏ Student's Medicaid number (if applicable)
- ❏ Dates of student's attendance
- ❏ Original Invoice

If we do not receive the omitted information, we cannot continue with the processing of payment for your request.

*If there are any questions please call:* Habib Samuels @ 202-442-5245 or habib.samuels@dc.gov.

68

DCPS/CFO

To DC Public School

I Twesha Gray- the mother of

M████ B████ DOB ████ 93# 9074229

Would like for the reimbursement
check to be sent to: 4034 2nd St SW
            WASHINGTON DC
                20032

Charles

Twesha Gray

anes
cate
me
8212

69



**PreTALK Therapies, Inc.**
6196 Oxon Hill Road, Suite 530
Oxon Hill, MD 20745

Phone: 301-749-1420
Fax:   301-749-1485

# Invoice         | 521

| Billing Date | 12/21/01 |
|---|---|
| DUE DATE | 1/5/02 |

| Patient/Client | M███ B███ |
|---|---|

Ms. Mesha Gray
4032 2nd Street SW
Washington, D.C. 20032

| QUANTITY | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|
| 1 | Individual Speech/LanguageTherapy 12/01/01 | 75.00 | 75.00 |
| | Unreimbursed Insurance fee | -24.07 | -24.07 |
| | Individual Speech/LanguageTherapy 12/19/01 | 75.00 | 75.00 |
| | Unreimbursed Insurance fee | -24.07 | -24.07 |
| 1 | Individual Speech/LanguageTherapy 12/20/01 | 75.00 | 75.00 |
| | Unreimbursed Insurance fee | -24.07 | -24.07 |

*...een a pleasure working with you!*

| **Total Due** | **$152.79** |
|---|---|
| TERMS | Net 15 |

70



No. 150    11 __    19 __
RECEIVED OF _Mesha Gray_
DOLLARS $ 20
M_____ _Speech Rg_

| Amt. of Account | | |
| Amt. Paid | | |
| Balance Due | | |

By C. Byrd

---

No. 159    12 - 1    2001 / 19 __
RECEIVED OF _Mesha Gray_
DOLLARS $ 10
M_____ / _Speech_

| Amt. of Account | | |
| Amt. Paid | 10 | 00 |
| Balance Due | | |

By C. Byrd

---

No. 156    11 - 20    2001 / 19 __
RECEIVED OF _Mesha Gray_
DOLLARS $ 10
M_____ B_____ _Speech Rg_

| Amt. of Account | | |
| Amt. Paid | | |
| Balance Due | | |

By C. Byrd

---

No. ___    11 - ___    19 __
RECEIVED OF _Mesha B_____
DOLLARS $ ___
_Cash_
M_____ B_____

| Amt. of Account | | |
| Amt. Paid | | |
| Balance Due | | |

By C. Byrd



No. 170                                        2002
RECEIVED OF   Mesha Gray                        19
                              DOLLARS $ 10.00

| Amt. of Account | | |
| Amt. Paid | | |
| Balance Due | | | By  C Byrd |

No. 169                                        2002
RECEIVED OF   Mesha Gray                        19
                              DOLLARS $ 70
   1/30, 2/2   M_____  Sp Rx

| Amt. of Account | | |
| Amt. Paid | | |
| Balance Due | | | By  C Byrd |

No. 164           1-26              2002
RECEIVED OF   Mesha Gray            19
                              DOLLARS $ 20
   1/26/02   Speach Rx + Mon 1/25/

| Amt. of Account | | |
| Amt. Paid | | |
| Balance Due | | | By  C Byrd |

No. 162                            2002
RECEIVED OF  Mesha Gray
                              DOLLARS $ 10
   Speach Rx   M_____

| Amt. of Account | | |
| Amt. Paid | | |
| Balance Due | | | By  C E Byrd |

72



**ProTALK Therapies, Inc.**
6196 Oxon Hill Road, Suite 530
Oxon Hill, MD 20745

Phone: 301-749-1420
Fax    301-749-1485

# Invoice   516

| Billing Date | 11/21/01 |
|---|---|
| DUE DATE | 12/6/01 |

| Patient/Client | M_____ B_____ |
|---|---|

Ms. Mesha Gray
4032 2nd Street SW
Washington, D.C. 20032

| QUANTITY | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|
| 1 | Individual Speech/LanguageTherapy 11/20/01 | 75.00 | 75.00 |
| | Unreimbursed Insurance fee | -24.07 | -24.07 |
| 1 | Individual Speech/LanguageTherapy 11/27/01 | 75.00 | 75.00 |
| | Unreimbursed Insurance fee | -24.07 | -24.07 |

*it's been a pleasure working with you!*

| | **Total Due** | **$101.86** |
|---|---|---|
| | TERMS | Net 15 |

73

# Speech Language Pathologist

3-8-02

Hi Mesha,

Please sign &
return. $10 copay is
due for 2/4/02. $75
is due for 3/1/02.

Please call to
up-date me on schedule
plans. Thanks,

C. Byrd







**FasTALK Therapies, Inc.**
P.O. Box 53
Temple Hills, MD 20757

Phone: 301-322-3553
Fax: 301-322-5663

# INVOICE    | 557

| Billing Date | 2/4/'02 |
|---|---|
| DUE DATE | 2/19/'02 |

| Patient/Client | M███ B███ |
|---|---|

Ms. Mesha Gray
4032 2nd Street SW
Washington, D.C. 20032

| QUANTITY | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|
| 6 | Individual Speech/LanguageTherapy 1/26, 28, 1/30, 2/2, 4, 11 | 75.00 | 450.00 |
| | Unreimbursed Insurance fee | -144.42 | -144.42 |

*it's been a pleasure working with you!*

Michi Gray

| **Total Due** | **$305.58** |
|---|---|
| TERMS | Net 15 |

75

*Parent*



**FASTALK Therapies, Inc.**
P.O. Box 53
Temple Hills, MD 20757

Phone: 301 - 322-3553
Fax:    301 - 322-5663

# Invoice | 578

| Billing Date | 3/8/02 |
|---|---|
| DUE DATE | 3/23/02 |

| Patient/Client | M⬛⬛ B⬛⬛ |
|---|---|

Ms. Mesha Gray
4032 2nd Street SW
Washington, D.C. 20032

| QUANTITY | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|
| 2 | Individual Speech/LanguageTherapy 2/14/02, 3/1/02 | 75.00 | 150.00 |

*It's been a pleasure working with you!*

| Total Due | $150.00 |
|---|---|
| TERMS | Net 15 |

76

GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF PUBLIC SCHOOLS
OFFICE OF STUDENT HEARINGS


#4444444444444444444444447
                          5
In the Matter of          5
                          5
M████████ B████           5
                          5
#4444444444444444444444448

                    Washington, D.C.

                    Friday,  September   29,
2006

          The  above-entitled  matter  came
on
for hearing, pursuant to notice.

BEFORE:
          SEYMOUR DUBOW, Hearing Officer


APPEARANCES:

          On Behalf of the Student/Parent:

              DOUGLAS TYRKA, ESQ.

          On Behalf of D.C. Public Schools:

              QUINNE HARRIS-LINDSEY, ESQ.




                    This   transcript  was   produced
from

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701     www.nealrgross.com

77

an audio CD provided by D.C. Public Schools.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
WASHINGTON, D.C. 20005-3701
(202) 234-4433                              www.nealrgross.com

78

P-R-O-C-E-E-D-I-N-G-S

HEARING OFFICER DUBOW:

[Inaudible] administrative hearing for

M█████ B█████ who was born on 12/9/1993.

I'll ask the parties to introduce themselves

for the record.

MS. HARRIS-LINDSEY: Quinne

Harris-Lindsey, attorney advisor on behalf

of D.C. Public Schools.

MR. TYRKA: Good morning, Douglas

Tyrka, counsel for the parent.

MS. GRAY: Misha Gray, M█████

B█████ mother.

HEARING OFFICER DUBOW:  This

hearing is being conducted pursuant to IDEA,

the '97 amendments to IDEA, the 2004

Improvement Act, and DCPS regulations to

determine whether or not DCPS acted in

accordance with these applicable special ed

regulations with regard to M█████ B█████.

Aside from [inaudible] hearing officer, I'm

not employed at DCPS, nor am I related to or

close acquaintance with the student, other

than through the hearing process.

This hearing is being recorded,

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

79

and either party may request a copy of the transcript by writing to the Student Hearing Office. As a preliminary matter, documents MB one through eight entered into the record for the parent, and DCPS one through four entered into the record.

So the issue before is whether or not they complied with this '03 HOD, the – let's see whether you were – whether parents should be reimbursed for independent speech and language done in '01, and that's the issue?

MR. TYRKA: Yes, and the most recent reimbursement request was our number four, which was in June of '06, that was the most recent one, containing all the receipts. I also would like to point out that number 7 is DCPS' response to the complaint in this case, and they indicate no defense whatsoever, they simply say that they are trying to get the reimbursement through channels. They've not offered any information required by 1415 in a response to a due process complaint. They don't explain why the reimbursement hasn't been

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

80

done yet.

HEARING OFFICER DUBOW: Alright. What do you have to say?

MS. HARRIS-LINDSEY Well, the process - [inaudible] through the evidence will show that the parent has been - the parent has been reimbursed for the receipts submitted to DCPS. There is a dispute process which the parent can follow through to obtain the remaining portion of what she believes she's due, but that is the extent of it. I can't - the HOD says reimburse the parent, and based on the receipts provided to DCPS, that $120 - that budget's detailed and paid. What DCPS has not reimbursed are payments to - made by the insurance company.

MR. TYRKA: This [inaudible] was apparent to me about ten minutes ago, before this hearing. It was never made in a response, it was never made in any letter that came to counsel. This is all brand new. They've had, you know, months to - they had some dispute, they could have told us months or years ago.

HEARING OFFICER DUBOW: Alright,

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

81

so I have initial speech therapy, $75.00,

unreimbursed insurance fee, $24.00.  Another

one, so, insurance covers the - everything

but the $24.00 you claim [inaudible], is

that what that document says?

MR. TYRKA: I think that's the

other way around.  The total due from - I'm

not sure how they label it that way, but the

total due from the mother was at the bottom,

$101.86.  Next page is $150.00, and there are

some more simplistic receipts.

HEARING OFFICER DUBOW: Okay, so

the position of the DCPS is you're only

liable to pay for that amount that's not

covered by insurance:

MS. HARRIS-LINDSEY Well, the

argument is that DCPS is obligated to

reimburse the parent what she paid.

Pursuant to the HOD that was issued in '03,

is reimburse the parent.

HEARING OFFICER DUBOW: Right.

MS. HARRIS-LINDSEY So, the

receipts which follow is what DCPS would

reimburse, is the parent - payments made by

the parent.  There's nothing else - there's

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

82

nothing else to reimburse.

HEARING OFFICER DUBOW: What am
I,. a collection agency?

MS. HARRIS-LINDSEY Whatever the
claim is, there's no denial of payment to
this [inaudible] student, that's ultimately
- the claim is that - that's ultimately the
claim is that there's a denial of payment,
and that is not based on  the substance of
the facts.  That's not consistent with the
law.

MR. TYRKA: But [inaudible], the
hearing officer can enforce prior HODs, and
again, the DCPS' response to this complaint
has absolutely no argument, there's been no
denial, no argument at least that the
hearing officer can't enforce a prior HOD.
None of these arguments we're hearing with
the details of the money.  What we do have
is documentation presented by the parent
that totals, as our cover letter says,
$687.44, that does not include these
subtractions related to insurance.  Alright
we've got $101.86, we got $100-

HEARING OFFICER DUBOW: Whoa,

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

83

let's see you're asking for reimbursement

for $600 and - where's that in these

[inaudible]?  And then the what?

        MR. TYRKA: We have our complaint,

which is number five, which addresses the

amount, and then -

        HEARING OFFICER DUBOW: Number

five - okay, number five, you're asking for

$687.00 [inaudible].  Now what are you

saying about the insurance, Mr. Tyrka?

        MR. TYRKA: I'm saying if you look

at our disclosure number four, which is what

we sent to DCPS Finance -

        HEARING OFFICER DUBOW: Four -

        MR. TYRKA: - or what we most

recently sent -

        HEARING OFFICER DUBOW: Okay.

        MR. TYRKA: And the cover letter

again summarizes $687.44, and then go

through and, for the record I have a

calculator in front of me, but now I'm now

using the totals at the bottom of these

bills.  Because I'm not addressing this

stuff related to insurance that counsel

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
WASHINGTON, D.C.  20005-3701
(202) 234-4433        www.nealrgross.com

84

seems to be discussing. $101.86, then we have $150.00, on the next page, then we have [inaudible] handful, $20, $30, $40, $50; and on the next page we have –

HEARING OFFICER DUBOW: Who's C. Bird?

MS. HARRIS-LINDSEY Therapist.

HEARING OFFICER DUBOW: C. Bird is the therapist.

MR. TYRKA: Then we have, on the next page, what $10, $85, $95, and then the last page we have $305.58. Which actually I'm coming out to more than $687.44.

HEARING OFFICER DUBOW: Bear with me one second. So what does DCPS – let's see, when was it – when did you get these supporting documentation as to the speech therapy sessions?

MS. HARRIS-LINDSEY August 8, 2006.

HEARING OFFICER DUBOW: August 8.

MR. TYRKA: That's not the point now. DCPS' own response – [inaudible]

HEARING OFFICER DUBOW: I understand. I can understand.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
WASHINGTON, D.C. 20005-3701
(202) 234-4433                    www.nealrgross.com

85

MS. HARRIS-LINDSEY Based on, well, based on the DCPS' disclosures actually at the resolution session, Mr. White indicated that the reimbursement, the documents were provided to him on the 17th of August, and indicated he would hand-carry them to DCPS himself.

HEARING OFFICER DUBOW: This is in response to the complaint?

MR. TYRKA: Right.

HEARING OFFICER DUBOW: Look at all the amounts now these may not be in dispute, according to the resolution meeting notes.

MR. TYRKA: Right. Everybody agreed to $687.44.

HEARING OFFICER DUBOW: So that's the amount everybody agrees on, and then the- according to these notes, Special Ed coordinator agreed to hand-deliver the original invoices to Central Administration as well as fax the meeting notes to parent's counsel and mail the meeting notes to the parent. This is August 25. And the parent, once she receives the check, the matter will

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

86

be settled.

MR. TYRKA: Yes.

HEARING OFFICER DUBOW: Right?

MR. TYRKA: Yes.

HEARING OFFICER DUBOW: Okay, so DCPS now has the material?

MS. HARRIS-LINDSEY Right, and I said we have to – the parent has to – ask the parent through testimony, but her communication has been with DCPS to – to date, because there is a – has been the proper [inaudible] – the agency has asked for additional information – the Finance Department has asked for additional information to support payment based on –

HEARING OFFICER DUBOW: Okay –

MS. HARRIS-LINDSEY – their reading of the documentation.  They only have parental receipts, that she actually would be reimbursed, would be paid back for is the $120.00.

HEARING OFFICER DUBOW: Let me [inaudible], or how you can tell, I want to make sure you're done.

MS. HARRIS-LINDSEY That's fine,

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

87

I'm – I don't – that's fine.

MR. TYRKA: We're going to do this because of the representation that they got these documents in August, DCPS' response to the complaint, which is our number seven, specifically says, "as stated in the complaint, DCPS received the required paperwork from the parent on June 19, 2006."

HEARING OFFICER DUBOW: So I enter an order and they say the check's in the mail. I mean what do you – okay, I mean, the paperwork is somewhere in this building, and it's the position that they're not going to pay what the MDT Team at the resolution meeting deemed agreed was [inaudible], or, they're saying it's not, the documentation isn't sufficient?

MS. HARRIS-LINDSEY [Inaudible].

HEARING OFFICER DUBOW: I mean, I don't deal with documentation – I mean, I don't know what they need.

MR. TYRKA: This is all new to me anyway, I haven't heard any of this stuff until ten minutes ago.

HEARING OFFICER DUBOW: Okay, but

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

88

I - I mean it's - so what you're saying is the documentation the parent provided -

      MS. HARRIS-LINDSEY Finance -

      HEARING OFFICER DUBOW:  - is not sufficient?

      MS. HARRIS-LINDSEY For the full amount, yes.  It's Finance, I don't have - that's DC Government.  The check doesn't come from DC Public Schools, it comes from DC Government.  Regardless of who, what, when and where, I can't make DC Government pay if it's inconsistent with whatever the financial guidelines are.  What was provided to this hearing - what was provided to the Special Ed coordinator, he did what he said he was going to do, submit it to Finance for payment.  He didn't see anything  - he's not the financial person.  So they're - regardless of what counsel is saying about prior to, he is in possession of what the Agency - what DC Government needs to pay the invoice.  If that is what - an HOD isn't going to change that.

      HEARING OFFICER DUBOW: No.

      MS. HARRIS-LINDSEY It's not going

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433    WASHINGTON, D.C.  20005-3701    www.nealrgross.com

89

to change what they need to make payment.
In addition, it doesn't impact - it's not
impacting the student's educational
services, so there is no denial of faith,
there is no educational harm, this is really
straight about payment and finance, and
there are things I found out in this process
that I don't deal with that I found out,
that I know now.  But the reality is - in
reality, this is a DC Government fiscal
issue, and that is - the bottom is that it
was an HOD in '03 that is submitted to be
paid three years later, and there's an
argument that they're taking too long, but
the reality is the HOD is three years old,
and it was for invoices two years before
that.  So regardless of what the time line
is, we didn't - DCPS didn't wait three years
to submit it.  So three months is
unreasonable based on three years of waiting
to get the documentation?  It just seems a
little - I'm - I don't understand.

HEARING OFFICER DUBOW:  Okay.  But
do I have anywhere in the documentation
something from the DC Government as to the

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433       WASHINGTON, D.C.  20005-3701       www.nealrgross.com

90

reasons why what was submitted by parent's counsel is insufficient or what they need more to —

MS. HARRIS-LINDSEY No, that documentation I received after the disclosure period, so it's not legitimately before the hearing officer within the five-day period.

HEARING OFFICER DUBOW: But — I understand that, but I'm — you're telling me that it's — the payment is made by another agency of the DCPS?

MS. HARRIS-LINDSEY No, it's paid — all fiscal matters — it's paid by DC Government, CFO.

HEARING OFFICER DUBOW: But these — I have — so it's DC Government who will not issue a check until they have certain documentation?

MS. HARRIS-LINDSEY For the — for the remaining portion, until they have additional information, receipts.

MR. TYRKA: I have to say, I've — I've heard this —

MS. HARRIS-LINDSEY But it's not

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433    WASHINGTON, D.C.  20005-3701    www.nealrgross.com

91

my burden –

MR. TYRKA: I've heard this kind of argument from DCPS before, and I believe that [inaudible] attorneys do not have whatever leverage is required to make people in Finance do exactly what they want. However, if DCPS and DC Government has structured itself in such a way that the Finance department cannot respond to the orders of DCPS, that is not this parent's fault, and there's nothing that allows the DC Government to somehow separate out a finance arm and say this department is insulated from the IDEA.  Federal law cannot reach this department, because of the way we happen to structure our internal affairs. That is not the business of this hearing officer, it's not the business of this parent.  I don't know why DCPS does it that way, but I don't see how they can possibly come to this room and say as an excuse for doing what an order told them to do –

HEARING OFFICER DUBOW: But you already have an HOD that says – that orders – that orders – you don't need another one.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

92

You already have one.

MR. TYRKA: It's a general HOD that orders them to reimburse for these expenses. They have not done so, and now we're asking for a specific order of HOD that says issue this check in this amount. I have been in that situation before.

HEARING OFFICER DUBOW: But whose - who issues the - you're telling me now that - you have some documentation from some DC agency saying that you need X, Y, and Z before they'll cut a check?

MR. TYRKA: I definitely don't know. I don't have -

HEARING OFFICER DUBOW: [Inaudible] -

MR. TYRKA: That was told to me 15 minutes ago.

HEARING OFFICER DUBOW: I'm not asking you, I'm not asking you.

MR. TYRKA: Oh, I'm sorry, I thought you were looking at me.

HEARING OFFICER DUBOW: I'm asking - you have something -

MS. HARRIS-LINDSEY And you do

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

93

parent already has it because it was sent to her.

HEARING OFFICER DUBOW: Okay, so you have that, right?

MS. HARRIS-LINDSEY Yes.

HEARING OFFICER DUBOW: Well, let me see what it is, not letting it in as evidence as – I just want to see what – if you're talking about a different agency. [Inaudible], and also we got totally different figures here, I don't even know what these figures [inaudible]. So, according to this, according to the issue hearing officer's determination, DCPS are to reimburse parents for speech language therapy services in accordance to submitted parental receipts for paid services. Parent only submitted $120.00 worth of receipts. And then it goes on, it says the original amount $1023.00, disputed amount $1000.23, disputed amount $880.23. And then it says pay this amount $120.00, and it's got whoever the reviewer is. And then [inaudible].

MR. TYRKA: [Inaudible] math,

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433    WASHINGTON, D.C. 20005-3701    www.nealrgross.com

94

isn't that right?

HEARING OFFICER DUBOW:

[Inaudible].

MR. TYRKA: I have a calculator –

HEARING OFFICER DUBOW: Figures, I
– –they're saying they only got $120.00.  I
can't find where $120.00 is.  I got one bill
here, one bill here for $152.00.

MR. TYRKA: Would you like the
calculator, Mr. Dubow?

HEARING OFFICER DUBOW: No, I want
to go the old math.

MR. TYRKA: I believe the one –

HEARING OFFICER DUBOW: I – okay,
so the first invoice I have covers three
speech therapy sessions, correct?

MR. TYRKA: Correct.

HEARING OFFICER DUBOW: Okay.
$75.00 for each session. Okay, okay, now we
minus – okay, alright, okay.  So then you
take away from that the insurance fee, and
you end up with $152.00.  That's $152.00.
Now, then we have another one here for
$101.00, and we have another one for – now,
for the $120.00, let's look at those little

NEAL R. GROSS
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
WASHINGTON, D.C.  20005-3701
(202) 234-4433                                    www.nealrgross.com

95

[inaudible], which is 10, 20, 30, 40, 50, 60, 70, 80, 100, 110 - 110 on this other thing. 120, okay. So, the only - the only receipts from the parent from the provider are $120.00?

MS. HARRIS-LINDSEY From the parent.

HEARING OFFICER DUBOW: From the parent, that's in these things?

MS. HARRIS-LINDSEY Right.

HEARING OFFICER DUBOW: These [inaudible]. So, the - see, they're - DCPS is saying they only got $120.00, they'll pay that amount because that's what they've got provided.

MR. TYRKA: As far as I can tell, that's what this letter, which I just saw 15 minutes ago, well I guess maybe an hour ago now, is saying.

HEARING OFFICER DUBOW: Right. That - that - has the order - the order said we'll pay upon documentation provided or something, let's see what he says here. Upon receipt of the paid invoice from the parent. On receipt of the paid invoice from

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

96

the parent, okay.  So the only thing I have
from the parent is these - these little
receipts.

     MR. TYRKA: That does agree.
These other invoices -

     HEARING OFFICER DUBOW: These kind
of receipts.

     MR. TYRKA: I understand, but
these other invoices are paid invoices.
They have been paid, the parent is here to
testify that she paid them.

     HEARING OFFICER DUBOW: Well no,
they're - these documents say total due,
which means to me it's not paid yet.

     MR. TYRKA: But she has paid them
and she's here to testify to that.

     HEARING OFFICER DUBOW: Testify is
not what the order said.  The order says to
have - she has to have documentation.

     MR. TYRKA: DC has waived these
objections by never raising them beforehand.

     HEARING OFFICER DUBOW: I don't -

     MR. TYRKA: The first time they
ever - the first time they ever present
these to us is sitting here at the table

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433    WASHINGTON, D.C.  20005-3701    www.nealrgross.com

97

today.

HEARING OFFICER DUBOW: No, no no

no.

MR. TYRKA: They had – they issued

no response whatsoever.

HEARING OFFICER DUBOW: These –

this – I understand sir, but they'll willing

to pay if you present documentation.  This

says, and I added up all of these, it comes

to $120.00, all of the receipts.  So they'll

willing to pay – to give – the parent gives

documentation from the provider what is

paid, then they'll pay.  So, they're willing

to pay $120.00.  If the parent can get from

the provider something in writing that it's

paid, then they'll pay the others, I assume.

MS. HARRIS-LINDSEY Yes.

HEARING OFFICER DUBOW: The

documentation here, those you've submitted

does not indicate – does not – this amount

says – it says – talk about due, it says

total due, which means it hasn't been paid.

Usually it would be stamped paid or it would

be something, it's not, so.

MR. TYRKA: Here's what these guys

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

98

have created.

HEARING OFFICER DUBOW: No, then just talk about the documents.  Just tell me —

MR. TYRKA: These documents aren't in evidence.

HEARING OFFICER DUBOW: What?

MR. TYRKA: These documents aren't in evidence.

HEARING OFFICER DUBOW: Well —

MR. TYRKA: But that's part of the problem, Mr. Dubow.  I mean, DCPS creates a situation  where we file — we give them this, just the most recent request was in June.  This is from something that was older, obviously, because it has documents that we didn't even have in the June one. The most recent one was in June, they say nothing to us.  DCPS now comes to the table and says well they didn't get these until August, well it's not true, it says in the response I got here.  They say nothing to us until we get to the table at the resolution meeting, and at the resolution meeting they say fine, no problem there.  They don't say

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

99

work because the order says — the order from Mr. Woods is upon receipt of the paid invoices.  Those are his words.

MR. TYRKA: That's right.

HEARING OFFICER DUBOW: And that's what you want me to enforce.  You want me to enforce that order, right?

MR. TYRKA: Right, and these are the paid invoices.

HEARING OFFICER DUBOW: The only paid invoices that I have, sir, are for $120.00.  The others are bills due, that's not — that's not what — that does not tell me that the parent paid, it just says — you know what I mean, we've all been through this, this is the bill you get from, you know, you submit it to insurance, and then they submit you the bill and this is what you owe, [inaudible].

MR. TYRKA: Different providers have different ways of doing their bills. This is a small-time provider who's doing nothing but speech and language therapy.

HEARING OFFICER DUBOW: No, but do you know what defeats your argument, what

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C.  20005-3701        www.nealrgross.com

100

defeats your argument is that the small-time
provider, I assume it's Ms. Bird or
something, she already knew how to do it,
because she did it every time she gave her
$20 or $10, she'd fill out a receipt, so
obviously she knew how to do it.  That's
just the way - that was her method or
practice of doing it.  So I don't
understand.

MS. HARRIS-LINDSEY Yes.  What?

MR. TYRKA: [Inaudible] this is
all that she's ever sent to the parent.
This is what she sent to the parent in order
to enable the parent to get insurance - the
insurance reimbursement.  So, but again, all
that could have been resolved if DCPS had
ever made this complaint before, but instead
they don't say anything to us until - this
letter they say went out when they -

HEARING OFFICER DUBOW: But
they're saying it now.  And the documents
even that you have submitted, the documents
you have submitted, even if I didn't take
this into - the documents you submitted is
only $120.00.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433     WASHINGTON, D.C.  20005-3701     www.nealrgross.com

101

MR. TYRKA: Except this is a paid invoice.

HEARING OFFICER DUBOW: What?

MR. TYRKA: This is a paid invoice.

HEARING OFFICER DUBOW: What is a paid invoice?

MR. TYRKA: These invoices for $101.86 –

HEARING OFFICER DUBOW: Then why aren't they stamped paid on it?

MR. TYRKA: I can't say why –

HEARING OFFICER DUBOW: Well it's not, then it's not, it's not –

MR. TYRKA: Ms. Bird does or does not do a particular procedure.

HEARING OFFICER DUBOW: Well, then it's not appropriate.  I wouldn't pay it, either.  It's not – this is just a bill saying what's owed.

MR. TYRKA: Again –

HEARING OFFICER DUBOW: There's no indication indicating the parent paid that amount.

MR. TYRKA: Again, if DCPS had

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433     WASHINGTON, D.C.  20005-3701     www.nealrgross.com

102

sent something back to the mother or to us
saying here's the problem we have with this,
way back then, we never would have brought
this complaint.  We would have tried to
rectify it, we would have explained to them,
and I bet you  it all would have been worked
out.  That's not what DCPS did.  And I do
think it is part of this hearing officer's
role to enforce procedures, especially those
geared toward efficiency.

HEARING OFFICER DUBOW: My role is
to enforce the hearing - prior hearing
officer's determination.  The prior hearing
officer - the prior hearing officer, he
wrote that it's to be - that there has to be
written documentation by the parent to be
provided to get reimbursement.  The only
written documentation is the receipts from
the provider for $120.00, which DCPS is
willing to pay.

MR. TYRKA: Well -

HEARING OFFICER DUBOW: How am I
supposed - how am I supposed to order any
more than that?  Because based on - based
on- if I was to comply with the order, the

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

103

order is pay with documentation.  The only

documentation I have is for $120.00.  So,

all you have to do is - is get - go back to

this provider and go through, as it's

apparent that this is very, very, very, very

old, to go back to this provider and get

from them what their, you know, receipts

that what she's - they've been paid from

this person, and - the, your parent.  And

then submit that.

       MR. TYRKA: Well -

       HEARING OFFICER DUBOW: End of

case, end of story.

       MR. TYRKA: There is something

more that can be ordered because DCPS has

not in fact paid the $120.00, as a starting

point.  They have not paid the $120.00.

There's absolutely no evidence that they

have.  Beyond that, the question is does

DCPS understand this - I mean, there is some

give in paid invoice, right?  I mean, for

example, these little cash receipts, is that

a paid invoice?  Well, it's a cash receipt.

I don't know if that's a paid invoice.

Apparently - the question is -

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433    WASHINGTON, D.C. 20005-3701    www.nealrgross.com

104

HEARING OFFICER DUBOW: I hope you're not taking that route.  If you're taking that route, then –

MR. TYRKA: I'm taking that route –

HEARING OFFICER DUBOW: [inaudible] documentation, then none of your documentation is official.

MR. TYRKA: I'm taking that route for a reason.  The question is, does DCPS understand these to be paid invoices or not?  That's the question.  At the resolution session, they said yes.  The implication of their response is yes.

HEARING OFFICER DUBOW: The people at that meeting are not with the Finance office who have to document checks and receipts.

MR. TYRKA: But these are the people responsible for representing DCPS. It's DCPS counsel.  If we can't take the word of DCPS counsel on an issue, then how are we supposed to proceed with anything? How can the parent be faulted when DCPS counsel makes a representation?

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

105

HEARING OFFICER DUBOW: You want me to enforce an order from Mr. Woods. Mr. Woods' order is specific as to has to have paid receipts as to paid documentation. The only documentation I have is for $120.00, and they're willing to pay that, but they're saying there's a dispute about the remaining amount, all of a sudden I got a much larger figure, $880.00 in dispute, they're saying [inaudible] mechanism to provide it. And then they said - it says per Phillip White, whoever he is, DCPS is to reimburse parent for related services and I got pay this amount $120.00. So you're going to get your - this is from them.

MR. TYRKA: Well, they haven't done it.

HEARING OFFICER DUBOW: Well okay, this was dated - this is dated nine - well, it's only dated September 20. Check's in the mail.

MR. TYRKA: It's only dated September 20 because DCPS sat on it for months.

HEARING OFFICER DUBOW: Well,

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433    WASHINGTON, D.C.  20005-3701    www.nealrgross.com

106

regardless.

MR. TYRKA: Well I don't think it is regardless, I think the question – I mean, we're here because we were forced to file a complaint because DCPS did nothing in response to our request for [inaudible].  I mean, that's why we're sitting in this room. It's not like the parent has drummed something up, it's not like we were unreasonable somewhere –

HEARING OFFICER DUBOW: You guys weren't too on the spot to begin with.

MR. TYRKA: Not true, we sent these a long time ago, they didn't respond.

HEARING OFFICER DUBOW: No, wait a minute.  These are 2001 bills, you don't get to a hearing until 2003 –

MR. TYRKA: No, Mr. Dubow, these bills were sent, as we can see from what counsel just provided us, these are bills beyond what we just sent in June.  These are the ones originally sent by the parent some time ago, as the parent can testify about. There was no response to those –

MS. HARRIS-LINDSEY That's not

NEAL R. GROSS
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433      WASHINGTON, D.C.  20005-3701      www.nealrgross.com

107

correct.

MR. TYRKA: The parent –

MS. HARRIS-LINDSEY That's not
correct.

HEARING OFFICER DUBOW: Well these
things say, these things say 2001 ––

MR. TYRKA: You know what, I have
a witness – I have a witness who will
testify about when she first sent these.  In
any case –

HEARING OFFICER DUBOW: I'm just
telling you that all I can do is enforce the
earlier order, and all that order says is
$120 – is the paid things of $120.00, which
as of 9/20/06, which is only about a week
ago, they were going to pay the $120.00

MR. TYRKA: But they have not done
it.

HEARING OFFICER DUBOW: Well, hey,
I haven't been paid either, so.

MR. TYRKA: Wait, but if I'm
asking this hearing officer to enforce this
HOD, Mr. Dubow you are limiting me to your
interpretation of this HOD and rejecting my
parent's testimony –

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

108

haven't paid it.

HEARING OFFICER DUBOW: The fact
is, sir, that as of September 20, which is -
now wait a minute - as of September 20, they
had approved, send $120.

MR. TYRKA: Where's the check?

HEARING OFFICER DUBOW: Well, the
check's in the mail.

MR. TYRKA: According to whom?  Do
we have even a witness who's up here
testifying I sent the check?

HEARING OFFICER DUBOW: I'm not
getting -

MR. TYRKA: So there's all these
assumptions made on DCPS' favor.

HEARING OFFICER DUBOW: No, not an
assumption made on their favor, but -

MR. TYRKA: It's absolutely an
assumption that the check has been sent, the
assumption  the check -

HEARING OFFICER DUBOW: I don't
know if the check has been sent, all I know
it's been approved as of 9/20.

MR. TYRKA: Okay, but the HOD said
pay it, it didn't say approve it.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

109

HEARING OFFICER DUBOW: Anyway, I'm - I'm just saying that once it's approved, then it has to go through a process to get - cut the check, and that takes some - it may take some time as to when the bills are submitted, and they don't do it individually, they do it usually in a group, and so maybe, you know, they do it usually month to month, that they'll pay all those.

MR. TYRKA: None of this evidence has been presented in this case -

HEARING OFFICER DUBOW: Well, maybe -

MR. TYRKA: There's been no argument ever from DCPS as to the truth of any of those things -

HEARING OFFICER DUBOW: Alright.

MR. TYRKA: These are all assumptions in DCPS' favor.

HEARING OFFICER DUBOW: Mr. Tyrka, I understand but you're making a mountain out of a molehill here, and I'm going to tell you this right now.  The only documentation I have in the record pursuant

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

110

to the HOD is to pay $120.00.  I have – and
I'm going to allow this in the record – the
$120.00

    MR. TYRKA: I'm objecting –

    HEARING OFFICER DUBOW: Object,
you so object – $120 has been approved
September 20, you know, and if you could
provide the others, you know, and submit
that, and they don't pay that, well, okay,
then you have something.

    MR. TYRKA: For efficiency, I'd
like to put on my parent as a witness and
examine the  hearing officer [inaudible].

    HEARING OFFICER DUBOW: Well,
[inaudible] what the parent says is not – is
not the HOD you want me to enforce, and the
HOD says it has to have written
documentation.  The parent can say I paid,
she can say it, that's fine, but it doesn't
– it won't move the ball any further toward
the goal line, because you know, the finding
is that the office needs paid, they need
something – they need a written
documentation.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433    WASHINGTON, D.C.  20005-3701    www.nealrgross.com

111

MR. TYRKA: That's not her only
testimony.  I mean I'll make the proffer,
I'm fine with that if there's no objection
to the proffer, I'm just trying to get
something on the record.

HEARING OFFICER DUBOW: I don't
have any objections, no, you can proffer
whatever you want.

MR. TYRKA: Oh, I meant from DCPS,
but the proffer is that the parent first
submitted these invoices some years ago,
after the HOD, shortly after the HOD.  The
proffer is that she has never received a
check in any amount from DCPS.  And the
proffer is that the – all of the invoices we
provided including the ones that say total
due at the bottom represent amounts that she
has paid, and these are receipts for the
payment of those amounts she was provided by
the provider.  So, I don't think we need to
put on the parent if there's no contest of
that by DCPS, but I would like  [inaudible]
on this.

MS. HARRIS-LINDSEY Well, the only
contest is that –

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

112

HEARING OFFICER DUBOW: Whether she paid it or not.

MS. HARRIS-LINDSEY Right.  I do – I do disagree that this is a paid invoice, because it doesn't indicate that it's paid, that's the only thing.  The receipts are the receipts, and these receipts are the same receipts that are part of the additional documents, the actual cash payment receipts that says for speech services.  And that is not in dispute.

MR. TYRKA: In that case, I'd like to put her on so –

HEARING OFFICER DUBOW: Sure, go ahead.  Raise your right hand.  Do you swear or affirm the testimony you are about to give is the truth?

THE WITNESS: Yes.

HEARING OFFICER DUBOW: State your name for the record.

THE WITNESS: Misha Gray.

HEARING OFFICER DUBOW: Your witness.

MISHA GRAY

having been first duly sworn, was called as a

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

113

witness herein and was examined and testified as follows:

DIRECT EXAMINATION

BY MR. TYRKA:

Q    Ms. Gray, you are aware of an HOD back in 2003 ordering DCPS to reimburse you for certain speech and language expenses?

A    Yes.

Q    Did you - you were also aware of a - I'm going to show you our disclosure number four, which is a letter requesting reimbursement for certain amounts, including some documentation?  Are you aware of that?

A    Yes.

Q    Prior to that June '06 letter, did you or anyone on your behalf make any request for reimbursement to DCPS pursuant to that 2003 HOD?

A    Yes, I did.

Q    Do you recall approximately when that was?

A    Not exactly.

Q    Was it in 2004?

A    200 -

Q    Well, just for, to help you, the HOD was December of '03.

A    Three, yes.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

114

Q      Do you know, was it within a year, was it within two years, was it within six months, do you know?

A      I want to say within that year, we had a something going on, then they sent me a letter as well stating that –

Q      Okay, I don't want you to testify about documents that aren't included, but –

A      Okay.

Q      Okay.  I want to turn your attention to those documents that are our disclosure number four.  I want to turn you to the first invoice, which is the third page of our number four, and at the bottom we see total due $101.86.  Now at the time that you received this piece of paper – well first off, who did you receive this piece of paper from?

A      I received it from Cynthia Bird.

Q      Okay, and who is Cynthia Bird?

A      The speech and language therapist.

Q      And did she provide services to Monnae?

A      Yes, she did, and she wouldn't do it until I gave her the $75.00

Q      Okay, so does this represent money that you owed Ms. Bird or that you had paid Ms. Bird?

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

115

A    I'm assuming that I paid, but I spoke with Ms. Bird recently, and she said the insurance company never paid her her part.

Q    Okay.

A    But I had to give her, just like you go in the doctor's office, you can't be seen until you pay.

Q    Okay.

A    So I paid her before she did Monnae's services.

Q    Okay, so then at what point –

A    So I guess she's sending – I believe she sent this for me to send it to the insurance company.

Q    And does that apply to these other ones also from the same provider, the next page?

A    Yes.

Q    Okay.    And then we have these photocopies of cash receipts, and then after that we have yet another page saying total due. Does that also apply to this other page saying total due?

A    Right.    Now this page, these right here –

Q    Cash receipts?

A    The cash receipts, that was before the insurance had stopped – they only give yo

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433    WASHINGTON, D.C.  20005-3701    www.nealrgross.com

116

like 10 sessions.

Q    Okay.

A    Before you have to start paying more.  That's when I start paying the $75.00

Q    Oh, okay, so the cash receipts is when you were doing a co-pay?

A    When I was doing the co-pay.

Q    Okay.

A    And then, I had – when the insurance went out, because they only gave you so many sessions –

Q    Uh huh –

A    I had to start paying $75.00

Q    Okay.  Have you received any check from DCPS?

A    No.

Q    I have no further questions.

HEARING OFFICER DUBOW: Ms. Harris-Lindsey?

MS. HARRIS-LINDSEY Sure.

CROSS EXAMINATION

BY MS. HARRIS-LINDSEY:

Q    Ms. Gray, you indicated, I think your counsel interrupted you while you were about to say this – you indicated that around the time of '03, you said within a year of '03, you had some correspondence with DCPS?

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

117

A    They sent that letter, that it's not in that invoice, because it was sent with those invoices.

Q    Yes.

A    Stating that I was supposed to get the $600 and something odd dollars, that they agreed to pay it, then they let it go, then I called back and they said the check was in the mail, and I've never seen the check.

Q    Who – who did you talk to?

A    I don't believe – I don't remember who I spoke with.

Q    Okay.    You indicated in these invoices that at some point, you were – your insurance was paying for the services.

A    No, I was paying, they were paying some, and I was paying, too.

Q    Right, so let me see.    At some point, you were paying a copay and the insurance was paying for the services?

A    Paying some of it.

Q    Paying some of it.

A    Yes.

Q    And your insurance was  –

A    Cigna.

Q    Is Cigna.    Okay, so let's  – when was Cigna paying for the services?

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

118

A    Back in November, I believe they
have on that —

Q    Was it '01 or '02?

A    It's on the receipt, I couldn't tell
you, it's on the receipt.  I believe it may be
'01.

Q    Okay.  So, for the invoice where you
see — the one you referred to, and it says
individual speech language service 11/20/01, and
then it says unreimbursed insurance fee — during
this —

MR. TYRKA: I'm just going to direct
you —

BY MS. HARRIS-LINDSEY:

Q    -- which I'm referring to , this
first invoice that you initially spoke about.
This invoice here —

A    Yes.

Q    Was Cigna paying the invoice here?

A    No.

Q    Okay, when this invoice came in, the
deduction of $24.07, is that a payment you made?

A    No, that must have been the part
that I guess the insurance company — she said
she never got paid from the insurance company
from day one.

Q    Yes.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

119

A    And then I know the insurance company only gives you 10 sessions before you have to pay out your – pay more, pay the difference, so it was $75.00, which I had to pay her.

Q    Okay, and did – do you have the receipts for the $75.00 that you paid?

A    No.

Q    Okay.

A    It was so long ago I – no telling what I did with them.

Q    Okay. Is it – you said you spoke to Ms. Bird recently?

A    I spoke to her recently.

Q    Was she able – did she indicate that she's able to provide you receipts for – paid receipts or indicating – that would indicate that you paid the $75.00?

A    I didn't ask her for them because I assumed this was good enough.

Q    Okay.

A    Because nobody told me anything different until I got here.

Q    Okay. But in light of the correspondence you got from DCPS –

A    Yes, I haven't talked to her since I had this paper.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

120

Q     Okay.

A     Since I got that back saying that they're only going to give me $120.

Q     Okay.

A     Because I had to find her, because she's not at the same office.

Q     Now – okay.

A     So it's been some time.

Q     But you know where she is now?

A     No, I would have to call information again and go through all that, find her again.

Q     Okay.

A     Because this was some months ago.

Q     Okay.

A     When we had started this process again.

Q     Yes.

A     And I found these, but I didn't think it was a problem considering that DCPS sent me the letter saying $680 something dollars due to me.  So I didn't think that was a problem.

Q     Okay, okay.  But, okay but if you – if you could find her, let's presume you find her.

A     Yes.

Q     And then she would be able to verify

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433                WASHINGTON, D.C.  20005-3701                www.nealrgross.com

121

—

          MR. TYRKA: Speculation.

BY MS. HARRIS-LINDSEY:

     Q     She would be able to –

          MR. TYRKA: Objection, speculation.

          HEARING OFFICER DUBOW: Overruled.

BY MS. HARRIS-LINDSEY:

     Q     She should be able to provide you –
you paid her, so she should be able to provide
you paid receipts for the  –

     A     I could ask her, if I find her.

     Q     Okay.    Okay.    There's    nothing
further, thank you.  I appreciate it.

          MR. TYRKA: I have no redirect, thank
you very much.  I think this establishes even
more what we were talking about.  I mean, DCPS
has created a situation where we're all sitting
in  this  room  wasting  our  time  because  they
couldn't write a letter, and they couldn't pick
up  the  phone  and  say  the  slightest  thing  to  us
until  we  got  here  and  [inaudible]  on  this  table.
The hearing officer has an interpretation of the
HOD  which  we  presented,  and  I  think  an
appropriate  HOD  might  be  DCPS  issue  $120.00
check,  which  again  we  see  no  evidence  that
they've  issued  or  intended  to  issue.  Two,  upon
receipt  from  the  parent  of  a  statement,  an

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C.  20005-3701        www.nealrgross.com

122

appropriate statement by Ms. Bird, DCPS to issue a check for the remaining funds, as per their letter.

HEARING OFFICER DUBOW: I don't think DCPS has any problem with that.

MS. HARRIS-LINDSEY Of course, that was the [inaudible] anyway.

HEARING OFFICER DUBOW: If the proper documentation is provided, then there should be no problem.  Alright, is there anything further?

MS. HARRIS-LINDSEY No.

HEARING OFFICER DUBOW:  Case dismissed.

(Whereupon, the hearing was concluded.)

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

123