## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                       )

**MESHA GRAY,**                 )

                            )

        **Plaintiff,**         )

                            )     **Civil Action No. 07-0013 (RJL)**

          **v.**              )

                            )

**DISTRICT OF COLUMBIA,**  )

                            )

        **Defendant.**       )

_____)

## DEFENDANT'S MOTION FOR LEAVE
## TO FILE REPLY *NUNC PRO TUNC*

       The Defendant, by counsel and pursuant to Fed. R. Civ. P. 6(b)(2), hereby moves this Court for leave to file, *nunc pro tunc,* the attached "Reply to Plaintiff's Opposition," time having expired.

       The reasons for this request are set forth in the accompanying memorandum, and an appropriate Order is also attached.

       Counsel for the Plaintiff has declined to consent to a grant of this motion.

                             Respectfully submitted,

                              LINDA SINGER
                              Attorney General
                              for the District of Columbia

                              GEORGE C. VALENTINE
                              Deputy Attorney General
                              Civil Litigation Division

                              */s/ Edward P. Taptich*
                              EDWARD P. TAPTICH [#012914]
                              Chief, Equity Section II

<u>**/s/ Amy Caspari**</u>
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
May 4, 2007                    amy.caspari@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                            )
**MESHA GRAY,**                             )
                                            )
                    **Plaintiff,**          )
                                            )          **Civil Action No. 07-0013 (RJL)**
**v.**                                      )
                                            )
**DISTRICT OF COLUMBIA,**                   )
                                            )
                    **Defendant.**          )
_____)

**ORDER**

On consideration of the Defendant's Motion For Leave to File Reply, *nunc pro tunc*, and it appearing that a grant of that motion would be just and proper, it is, this _____ day of May, 2007,

ORDERED, That the Defendant's Motion is granted, and it is

FURTHER ORDERED, that the Defendant's Reply is accepted into the record *nunc pro tunc*.


                                            _____
                                            United States District Court Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MESHA GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 07-0013 (RJL) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY *NUNC PRO TUNC*.**

In this action, Plaintiff is seeking reimbursement of $687.44 for special education services pursuant to a December 3, 2003, hearing officer's determination under the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. §§1400 et seq. ("IDEIA").

On March 16, 2007, Defendant filed a Motion to Dismiss the Complaint.  With the Defendant's consent to late filing, Plaintiff filed her Opposition to Defendant's Motion on April 3, 2007.

On Friday, April 27, 2007, undersigned counsel first discovered on the ECF system that Plaintiff had filed an Opposition.  Because Plaintiff has declined to consent to a late filing of a Reply to the Opposition, Defendant respectfully requests that this Court allow the filing of a Reply, *nunc pro tunc,* for the reasons stated below.

## ARGUMENT

Fed. R. Civ. P. 6(b)(2) allows the Court to enlarge time to file an answer after the expiration of the specified period, where the failure to act was a result of excusable neglect. In determining what constitutes "excusable neglect" the Court may consider the danger of prejudice to the other party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay (including the movant's control, or lack thereof, with respect to the delay), and whether or not the movant acted in good faith. Government Relations Inc. v. Howe, Slip Copy, 2007 WL 201264*4 (D.D.C. January 2007). In Lujan v. National Wildlife Federation, 110 S. Ct. 3177, 3192 (1990), the Supreme Court noted that post-deadline extensions may be granted only "for cause shown" and "upon motion." Id.

Under normal timetables, a reply would be due 5 days (not including weekends and holidays) after an Opposition is filed. However, undersigned counsel, inadvertently disposed of emails on her computer over the time period in which the Opposition notice and other related emails were sent and, therefore, failed to even know an Opposition had been filed until April 27, 2007, at which point she immediately sought consent by the Plaintiff to file a late Reply, but that request was denied.

A grant of leave to file a Reply at this time will not harm the Plaintiff or cause any undue prejudice. First, this is counsel's only request to file a late pleading. Second, this Court has not made any rulings on the Defendant's Motion to Dismiss. Third, the filing of a late Reply will not interfere with this Court's March 19, 2007, Scheduling Order because according to that Order, the motions for summary judgment phase will not begin until 30 days after Defendant's Motion to Dismiss has been decided.

Therefore, Defendant respectfully requests that its plea for leave to file a Reply

*nunc pro tunc* is granted so the Parties can proceed with this litigation as to the Plaintiff's

claims.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
May 4, 2007                    amy.caspari@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **MESHA GRAY,** | : | |
| **on behalf of her minor child, M.B.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 07-0013 (RJL)** |
| | : | |
| **DISTRICT OF COLUMBIA,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

_____

### REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Subject to the Court's action on a simultaneously filed motion for leave to reply, the Defendant, by counsel, replies herewith to the Plaintiff's April 3, 2007, opposition to the Defendant's March 16, 2007, motion to dismiss the complaint herein.

### PRELIMINARY STATEMENT

At the outset of her Opposition, the Plaintiff offers a variety of assertions concerning factual matters said to be in dispute, and purports to narrate the merits of this action. Pl. Mem. pp. 1-4. If the Defendant's dismissal motion is not granted, and to the extent the matters presented by the Plaintiff's Opposition – the accuracy and relevance of which the Defendant disputes – are ultimately addressed in summary judgment motions, the Defendant will present its views at that time. But in light of the Plaintiff's gratuitous and self-serving narration, the true character of what is involved here should be borne in mind.

This is now a case to recover $570.00. See Def. Mem. p. 2 n.1. In 2003, an administrative hearing officer ordered DCPS to reimburse the Plaintiff for independent

speech and language therapy sessions *during the 2001-2002 school year* on the presentation "of the paid invoices from the parent." Def. Mem. Ex. 1. Two and a half years later, Plaintiff's counsel wrote DCPS a letter seeking reimbursement of $687.44. Part of that amount was paid since the commencement of this action.

Cutting through all the lawyerly machinations, DCPS asked the Plaintiff for the necessary documentation, and didn't get it. Plaintiff's counsel demanded a hearing, DCPS first indicated a willingness to provide the funds, only to learn – before any settlement agreement was executed – that the District's accounting arm required some paper confirmation of payment by the Plaintiff. That was conveyed to Plaintiff's counsel who, in lieu of obtaining and providing what was required, proceeded to mount a legal campaign that continues to this day.

All that's been needed to conclude this matter is some documentation confirming the Plaintiff's having actually paid the amount of reimbursement still at issue – a cancelled check, a receipt from the service provider, any of the usual kinds of commercial paper. More recently, the Defendant's counsel has even suggested an appropriate sworn statement by the Plaintiff might be sufficient to complete the necessary paperwork. To no avail.

This case is little more than a belated collection effort by the Plaintiff dressed up in IDEIA clothing. It is truly a waste of this Court's time, and is maintained for reasons the Defendant is unable to fathom. And it is against this background that the Court should consider the issues raised by the Defendant's motion herein.

## ARGUMENT

## I.    The Defendant Has Not Waived the Limitations Period Issue.

The Defendant's answer was filed herein January 29, 2007. The first affirmative defense identified was "The complaint fails to state a claim upon which relief can be granted." Def. Answer, p. 3. The Defendant's motion to dismiss, filed March 16, 2007, included an argument headed, "Plaintiff failed to state a claim upon which relief can be granted because at the time of filing the Complaint, the applicable limitations period had already expired." Def. Mem. pp. 4-5.

The Plaintiff argues that, not having specifically identified the matter of limitations periods in its answer to the complaint, the Defendant has waived that objection and may not now raise that matter in this case. Pl. Mem. pp. 4-5. The Plaintiff's position is without merit.[1]

First, the first affirmative defense in the Defendant's answer, read with its Motion argument, did indeed include the limitations period issue as one of the basis for there being no proper cause of action presented in this case. It's first affirmative defense—a failure to state a proper claim—subsumed that issue. That the words "limitations period" did not specifically appear is not a fatal deficiency precluding a consideration of that defense at this time.

Second, other Circuits have long made clear that a limitations defense can properly be presented by motion. See, e.g., Oaxaca v. Roscoe, 641 F.2d 386, 391 (5th

---

[1] At page 5 of the Opposition, the Plaintiff also briefly asserts that the Defendant's not having raised the limitations period at the time of the September, 2006, due process hearing somehow precludes the Defendant from presenting that issue to this Court. The applicability of the limitations period, however, is purely a question of law, which the Court would consider *de novo* in any event, as did the court in Harris v. Secretary, United States Department of Veterans Affairs, 126 F. 3d 339 (D.C. Cir. 1997), relied on by the Plaintiff, a Hearing Officer ruling on the issue would not govern the Court's consideration in any event.

Cir. 1981) ("dismissal for failure to act timely, like dismissal for expiration of the statute

of limitations, is properly raised by a Rule 12(b)(6), Fed.R.Civ.P., motion to dismiss for

failure to state a claim [citations omitted]"); <u>Williams v. United States</u>, 1999 U.S. App.

LEXIS 25171 *2 (D.C. Cir. 1999) ("a defendant may raise a statute of limitations defense

in a pre-answer motion to dismiss [citation omitted]").  That the matter was raised by

motion, but not in an answer, does not require a finding of waiver of that defense.  As

stated in <u>Pierce v. The County of Oakland</u>, 652 F.2d 671, 672 (6th Cir. 1981):

> It is clear . . . that the defense was not waived simply because it was raised in a
> motion to dismiss rather than in the answer. To so hold "would be reminiscent of
> the days of common law pleading when the strict rules and forms of pleading
> were sovereign and frequently were permitted to prevail over substance." <u>Hayden
> v. Ford Motor Company</u>, 497 F.2d 1292, 1294 (6th Cir. 1974).[2]

Moreover, where obvious on the face of the complaint, and there is no factual dispute on

dates, dismissal on motion is appropriate.  <u>Rohner v. Union Pac. R. Co</u>., 225 F.2d 272

(10th Cir. 1955); <u>Brictson v. Woodrough</u>, 164 F.2d 107 (8th Cir. 1947), <u>cert. denied</u>, 334

U.S. 849 (1948); <u>Gray v. Metts</u>, 203 F. Supp.2d 426 (D.Md. 2002); <u>Sanders v. Venture

Stores, Inc.</u>, 56 F.3d 771, 775 (7th Cir. 1995) (although the statute of limitations is

---

[2] See also <u>Moore, Owen, Thomas & Co. v. Coffee</u>, 992 F.2d 1439,  1445 (6th Cir. 1993):

> It is well established . . . that failure to raise an affirmative defense by responsive pleading does
> not always result in waiver. See, e.g., <u>Charpentier v. Godsil</u>, 937 F.2d 859, 863 (3d Cir. 1991).
> The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of
> the affirmative defense and a chance to rebut it. <u>Blonder-Tongue Laboratories, Inc. v. University
> of Illinois Foundation</u>, 402 U.S. 313, 350, 28 L. Ed. 2d 788, 91 S. Ct. 1434 (1971). "Thus, if a
> plaintiff receives notice of an affirmative defense by some means other than pleadings, 'the
> defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.'" <u>Grant v.
> Preferred Research, Inc</u>., 885 F.2d 795, 797 (11th Cir. 1989) (quoting <u>Hassan v. United States
> Postal Serv</u>., 842 F.2d 260, 263 (11th Cir. 1988)). See also <u>Charpentier</u>, 937 F.2d at 864 ("It has
> been held that a 'defendant does not waive an affirmative defense if he raised the issue at a
> pragmatically sufficient time and [the plaintiff] was not prejudiced in its ability to respond.'")
> (quoting <u>Lucas v. United States</u>, 807 F.2d 414, 418 (5th Cir. 1986) (quoting <u>Allied Chemical
> Corp. v. MacKay</u>, 695 F.2d 854, 855-56 (5th Cir. 1983)); <u>Mackay</u>, 695 F.2d at 855-56 ("Where
> the matter is raised in the trial court in a manner that does not result in unfair surprise . . . technical
> failure to comply precisely with Rule 8(c) is not fatal."); <u>Pierce v. County of Oakland</u>, 652 F.2d
> 671 (6th Cir. 1981) (affirmative defense not waived, even though not specifically pleaded, where
> defense clearly appears on face of the pleading and is raised in motion to dismiss).

ordinarily an affirmative defense that must be pleaded under Fed. R. Civ. P. 8(c), a district court may dismiss under Rule 12(b)(6) something that is indisputably time-barred); Niblack v. City of Asbury Park, 2005 WL 1116056 (D.N.J. 2005) (dismissal on motion proper if time alleged in statement of claim shows that cause of action has not been brought within statute of limitations).  Here, the two operative facts are indeed evident on the face of the complaint – the December 3, 2003, administrative hearing decision date, and the January 4, 2007 date of the filing of the complaint herein.

Third, even if the limitations period is not raised in either answers *or* motions, courts have nonetheless considered the issue *sua sponte* where the relevant facts are apparent on the face of the complaint.  See, e.g., United States v. Bendolph, 409 F.3d. 155 (3d Cir. 2005); Small v. Chao, 398 F.3d 894 (7th Cir. 2005); Long v. Wilson, 393 F.3d. 390 (3d Cir. 2005); Toscano v. AT&T Corp., 2005 WL 1330880 (D.N.J. 2005).

Finally, while the Plaintiff relies on this Circuit Court's decision in Harris v. Secretary, United States Dep't  of Veterans Affairs, 126 F.3d 339 (D.C.Cir. 1997), that case does not stand for the proposition that the Defendant is foreclosed from raising the limitations period defense in this case.  There, the Court stressed that the Rule 8 requirement was intended to assure that the non-moving party was not prejudiced in its awareness of the issue, and an opportunity to respond.  As in Harris, the Plaintiff here has suffered no prejudice by the Defendant's motion, and the Defendant has gained no strategic advantage.  And as in Harris, the most that can properly be required of the Defendant is an amendment of its January 29, 2007, answer to the complaint.  While the Defendant believes that, in light of all the circumstances here, no amendment of its answer is required as a matter of law, to avoid any lingering question in that regard, the

5

Defendant is simultaneously submitting a motion for leave to amend its answer, to include a specification of the limitations period as a separate affirmative defense.

II.    **Plaintiff's Invocation of a Twelve Year Limitations Period is Without Merit.**

In its Motion, the Defendant pointed out that, whatever late administrative maneuverings might have been engaged in by the Plaintiff, this action is clearly an effort to "enforce" a hearing officer's decision issued on December 3, 2003.  To the extent the complaint herein was filed January 4, 2007, the Defendant argued, it was untimely under the most favorable limitations period applied – a three year period applied in this jurisdiction to administrative appeals from administrative decisions under IDEIA. Def. Mem. pp.4-5.[3]

In her Opposition, the Plaintiff acknowledges that the courts in this jurisdiction have earlier applied the D.C. Code's catch-all three-year limitations periods in IDEIA cases. Pl. Mem. pp. 6, 7.  It is argued, however, that the twelve-year limitations period of D.C. Code §15-101 – for enforcement of judgments – should be applied instead. Id.  The Plaintiff's contention is without merit, and it is inconsistent with other of her arguments.

D.C. Code §15-101 affords 12 years for execution on judgments for the payment of money rendered by this Court or the Superior court of the District of Columbia.  There

---

[3] In the 2004 reenactment of the IDEA, a two-year limitations period was established. 20 U.S.C. 1415b(6)B and 20 U.S.C. 1415f(3)C.  Because the 2003 administrative decision at issue predated the 2004 statutory revisions, since it was anticipated that Plaintiff might argue that the two-year period was therefore inapplicable to this case, and because the complaint herein exceeded even the three-year limitations period earlier "borrowed" from D.C. Code §12-301(8) by the courts, the Defendant argued only the applicability of the three-year period.  The Defendant reserves its right, however, to argue the applicability of the later two-year limitations period should this action not be dismissed.

To the extent the Plaintiff – in arguing that the Defendant was required to raise a limitations period objection at the administrative level before raising it here (Pl. Mem. p. 5) – appears to accept that a limitations period was applicable to the time between the December 3, 2003, HOD and her request for another administrative hearing in 2006, that circumstance would appear to provide an independent ground for dismissal here.  For an application of the 2004 IDEIA two-year limitations period – effective long before the second hearing request – would establish the second hearing requested to have been out of time.

is no comparable binding money judgment represented by the 2003 HOD which would properly ground a finding of analogy permitting the application of such a limitations period here. And the Plaintiff has presented no precedent whatever to support that novel result.

Perhaps more significantly, the Plaintiff's position in this regard is inconsistent with her continued emphasis on the character of this action. In response to the Defendant's failure-to-exhaust-administrative-remedies argument, for example, the Plaintiff stresses that, in fact, this action is an appeal of the October 6, 2006 HOD under the IDEIA provisions governing such matters ("[t]hat HOD – of October 6, 2006 – is the jurisdictional basis of [the Plaintiff's] Complaint," Pl. Mem. p. 8). Contesting of an equitable administrative determination cannot rationally be found analogous to enforcement of a recorded judicial money judgment.

### III.  The Plaintiff Has Failed to Show an Exhaustion of Administrative Remedies

In its Motion, the Defendant argued that dismissal was required for failure to exhaust administrative remedies. Def. Mem. pp. 5-6. Stated simply, implementation of the relief granted by the 2003 HOD required satisfactory confirmation that the amount(s) to be reimbursed were in fact expended by the Plaintiff. And the October 6, 2006, HOD confirmed that such confirmation had not been provided.

The relief granted to the Plaintiff, therefore, was straightforward: Provide a receipt (or some such), and DCPS is to pay you. Providing DCPS evidence of the Plaintiff's payment(s) was a prescribed precondition to payment – an administrative condition to the entitlement to reimbursement. That administrative requirement –

presentation of proof of payment – has never been satisfied.  And until it has been, the

Plaintiff has not fulfilled (read: exhausted) that administrative prerequisite.

**IV.**    **To the Extent the Complaint is Defensible, The Plaintiff's Effort to Duplicate the Blackman/Jones Procedures Should be Rejected**

In its Motion, the Defendant contended that, to the extent the Plaintiff purports to

seek DCPS compliance with the December 2003 HOD, a procedure was created in the

Blackman/Jones class action to consider such claims.  Def. Mem. pp. 6-7.  To that extent,

the Defendant contended that even if the case were not dismissed for other reasons, the

"Blackman class action would be proper forum" for the claim, and moved the Court to

dismiss the action "without prejudice to its renewal in Blackman." Def. Mem. p. 7.

In opposition, Plaintiff claims the Defendant "misrepresents the Plaintiff's claim;"

this case, the Court is told, is really an appeal of the 2006 HOD, as to which the

Blackman procedures do not apply. Pl. Mem. p. 9.  Moreover, the Opposition asserts the

Defendant's argument to be frivolous, since "the Defendant does not appear to contend

that the Plaintiff is legally required to utilize Blackman-Jones procedures." Id.

To reiterate what was clear in the Motion, the Defendant does indeed contend that

this action is a thinly disguised effort to enforce the 2003 HOD, and that it should indeed

be required to be presented in the Blackman/Jones proceeding – a process that has been

consistently required by this Court as the undeniably most efficient use of the Court's

time and resources.  Should the complaint not be dismissed for the other reasons set forth

in the Defendant's motion, it should be dismissed without prejudice to present the claim

herein in the Blackman/Jones proceeding.

Respectfully submitted,

8

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
amy.caspari@dc.gov

May 4, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **MESHA GRAY,** | : |  |
| **on behalf of her minor child, M.B.,** | : |  |
|  | : |  |
| **Plaintiff,** | : |  |
|  | : |  |
| **v.** | : | **Civil Action No. 07-0013 (RJL)** |
|  | : |  |
| **DISTRICT OF COLUMBIA,** | : |  |
|  | : |  |
| **Defendant.** | : |  |

_____

## DEFENDANT'S MOTION FOR LEAVE
## TO FILE AN AMENDED ANSWER

The Defendant, through counsel, seeks leave to amend its January 29, 2007, Answer to the Complaint pursuant to Fed. R. Civ. Pro. 15(a) to include an affirmative defense that the Complaint allegations are barred by the applicable statute of limitations, A copy of the proposed Amended Answer is appended hereto.

The reasons for this request are set forth in the accompanying memorandum, and an appropriate Order is also attached.  Counsel for the Plaintiff does not consent to a grant of this motion.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_**/s/ Edward P. Taptich**_
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

_**/s/ Amy Caspari**_
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
amy.caspari@dc.gov

May 4, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    :
**MESHA GRAY,**                                     :
**on behalf of her minor child, M.B.,**             :
                                                    :
        **Plaintiff,**                              :
                                                    :
        **v.**                                      :    **Civil Action No. 07-0013 (RJL)**
                                                    :
**DISTRICT OF COLUMBIA,**                           :
                                                    :
        **Defendant.**                              :
_____:

**<u>ORDER</u>**

On consideration of the Defendant's Motion for Leave to file an Amended

Answer, and it appearing that a grant of that motion would be just and proper, it is, this

_____ day of May, 2007,

ORDERED, That the Defendant's Motion is granted, and it is

FURTHER ORDERED, that the Defendant's Amended Answer is accepted into

the record.

_____
United States District Court Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **MESHA GRAY,** | : | |
| **on behalf of her minor child, M.B.,** | : | |
|  | : | |
| **Plaintiff,** | : | |
|  | : | |
| **v.** | : | **Civil Action No. 07-0013 (RJL)** |
|  | : | |
| **DISTRICT OF COLUMBIA,** | : | |
|  | : | |
| **Defendant.** | : | |
|  | : | |

_____

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE AN
## AMENDED ANSWER

Defendant seeks leave to amend its January 29, 2007, Answer to the Complaint

("Answer") herein to include an affirmative defense that the Complaint allegations are

barred by the applicable statute of limitations.

In this action, Plaintiff is seeking reimbursement of $687.44 for special education

services pursuant to a December 3, 2003, hearing officer's determination under the

Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. §§1400 et

seq. ("IDEIA").  The complaint herein was filed January 4, 2007.  On January 29, 2007,

the Defendant filed its answer to the complaint.  Thereafter, on March 16, 2007, the

Defendant filed a motion to dismiss the complaint ("Motion").  Among other things, the

Motion argued (at pp. 4-6) that the subject matter of the complaint was barred by the

applicable limitations period.

In an opposition to the Motion filed April 3, 2007, the Plaintiff argued that the Defendant had waived any limitations objection because that defense was not specifically recited in the Defendant's January 29 answer to the complaint.

For reasons set forth in a reply pleading simultaneously lodged with the Court (accompanied by a motion for leave to file), the Defendant has shown that the absence of a specific recitation of an affirmative limitations period defense in the January 29 answer does not, in fact, bar the Defendant's arguing the preclusive effect of the limitations period applicable in this case. Among other things, the Defendant has argued that the answer's affirmative defense of a failure to state a claim on which relief can be granted subsumed the limitations period issue. And, the Defendant argued further, even if did not, applicable case law establishes that, in this case, the lack of a specific reference to a limitations period in the answer does not bar the Court's considering that jurisdictional issue in any event.

While the Defendant does not believe an amendment of its answer is required for the Court to consider the effect here of the applicable limitations period, in the interest of obviating further unnecessary litigation, the Defendant is submitting an amended answer to include a specific reference in that regard. In so doing – particularly since the sole precedent relied on by the Plaintiff, <u>Harris v. Secretary, United States Dep't of Veterans Affairs</u>, 126 F.3d 339 (D.C. Cir. 1997), clearly indicates that permitting an amended answer is an appropriate step to permit a disposition of the issue raised – it is hoped that further procedural skirmishing may be avoided, and that the substantive issue may be addressed without further technical objections.

Under Fed. R. Civ. P. 15(a) a party is allowed to seek leave to amend a pleading "and leave shall be freely given when justice so requires."  "The key issue in considering a motion to amend is whether the non-movant will suffer any prejudice from the amendment." Nurriddin v. Goldin, 382 F. Supp 2d 79, 91-92 (D.D.C. 2005) (granting defendant's motion for leave to amend permitting defendant to amend its answer to include the affirmative defense of failure to exhaust because among other things, it would not cause additional discovery and does not preclude Plaintiff from making arguments to negate this affirmative defense.)

This case is in its early stage.  The Court's March 19, 2007 Scheduling Order is the only Order issued thus far and it only requires the motions' schedule to begin 30 days after the Defendant's Motion to Dismiss is decided, and that motion has not been decided yet.  There have been no Orders as to any legal or factual issues and, therefore, Plaintiff will suffer no prejudice or harm if Defendant is allowed to amend its answer. In fact, in her April 3, 2007 Opposition to Defendant's Motion to Dismiss (p. 4-7), Plaintiff has already presented arguments in opposition to the Defendant's limitations period arguments.

Therefore, since we are the early stages in this case and this Court has not made any factual or legal decisions, and since Plaintiff has already had an opportunity to respond to the defense in her opposition, Defendant respectfully requests a grant of this motion.

Respectfully submitted,

LINDA SINGER

Attorney General

for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
May 4, 2007                amy.caspari@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|                                          |   |                              |
|------------------------------------------|---|------------------------------|
| **MESHA GRAY,**                          | : |                              |
| **on behalf of her minor child, M.B.,**  | : |                              |
|                                          | : |                              |
| **Plaintiff,**                           | : |                              |
|                                          | : |                              |
| **v.**                                   | : | **Civil Action No. 07-0013 (RJL)** |
|                                          | : |                              |
| **DISTRICT OF COLUMBIA,**                | : |                              |
|                                          | : |                              |
| **Defendant.**                           | : |                              |

_____

**AMENDED ANSWER**

Defendant District of Columbia answers Plaintiff's Complaint as follows

(paragraph numbers below correspond to the paragraph numbers in the Complaint):

1.    Defendant admits that this claim for relief was brought under 20 U.S.C. §§

1400 *et seq.*[1]

2.    Defendant admits the allegations in paragraph 2.

3.    Defendant admits the allegations in paragraph 3.

4.    As to the first sentence, Defendant admits the allegation.  As to the second

sentence, Defendant lacks knowledge and information sufficient to enable it to answer

the allegations at this time.

5.    Defendant admits the allegations in paragraph 5.

6.    The allegations in paragraph 6 are the pleader's characterizations of the

administrative decision to which no response is required; the document speaks for itself.

If a response is required, then the same are denied.

---

[1] Plaintiff cited the Individuals With Disabilities Education Act (IDEA), 20 U.S.C. §§1400 et seq.;
however, 20 U.S.C. §§1400 is now the revised version of the IDEA—The Individuals With Disabilities
Education Improvement Act of 2004 ("IDEIA").

7.    Defendant denies the allegations in paragraph 7.

8.    Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 8 at this time.

9.    Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 9 at this time.

10.    Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 10 at this time.

11.    Defendant admits the allegations in paragraph 11.

12, 13, 14. The allegations in Paragraphs 12, 13, and 14 are the pleader's characterizations of the document referenced, to which no response is required; the document speaks for itself.  If a response is required, then the same are denied.

15.    Defendant admits the allegations in paragraph 15.

16.    Defendant admits the allegations in paragraph 16.

17, 18, 19, 20, 21. The allegations in paragraphs 17, 18, 19, 20, and 21 are the pleader's characterizations of the document referred to, to which no response is required; the document speaks for itself.  If a response is required then the same are denied.

22.    Defendant denies the allegations in paragraph 22.

23.    Defendant admits that at the referenced resolution meeting DCPS participants stated their belief that the Plaintiff had provided the required documentation and that Plaintiff would receive reimbursement in the amount of $687.44.

24.    Defendant admits the allegations in paragraph 24.

25.    Defendant admits the allegations in paragraph 25.

26.    Defendant admits the allegations in paragraph 26.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs have failed to exhaust their administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

The action herein is barred by the applicable statutory limitations period.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
May 4, 2007          amy.caspari@dc.gov