UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MESHA GRAY,** on behalf of her minor child, M.B., : : : **Plaintiff,** : : v. : **Civil Action No. 07-0013 (RJL)** : **DISTRICT OF COLUMBIA,** : : **Defendant.** : : | |

### DEFENDANT'S MOTION FOR LEAVE
### TO FILE AN AMENDED ANSWER

The Defendant, through counsel, seeks leave to amend its January 29, 2007, Answer to the Complaint pursuant to Fed. R. Civ. Pro. 15(a) to include an affirmative defense that the Complaint allegations are barred by the applicable statute of limitations, A copy of the proposed Amended Answer is appended hereto.

The reasons for this request are set forth in the accompanying memorandum, and an appropriate Order is also attached.  Counsel for the Plaintiff does not consent to a grant of this motion.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

|  |  |
|---|---|
|  | ***/s/ Edward P. Taptich*** <br> EDWARD P. TAPTICH [#012914] <br> Chief, Equity Section 2 |
|  | **ced*/s/ Amy Caspari*** <br> Amy Caspari [#488968] <br> Assistant Attorney General <br> 441 Fourth Street, N.W. <br> Sixth Floor South <br> Washington, D.C. 20001 <br> (202) 724-7794 |
| May 4, 2007 | amy.caspari@dc.gov |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MESHA GRAY,**<br>on behalf of her minor child, M.B.,<br><br>Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>Defendant. | :<br>:<br>:<br>:<br>: Civil Action No. 07-0013 (RJL)<br>:<br>:<br>:<br>: |

## **ORDER**

On consideration of the Defendant's Motion for Leave to file an Amended Answer, and it appearing that a grant of that motion would be just and proper, it is, this _____ day of May, 2007,

ORDERED, That the Defendant's Motion is granted, and it is

FURTHER ORDERED, that the Defendant's Amended Answer is accepted into the record.

_____
United States District Court Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MESHA GRAY, on behalf of her minor child, M.B., <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : Civil Action No. 07-0013 (RJL) <br> : <br> : <br> : <br> : <br> : |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER

Defendant seeks leave to amend its January 29, 2007, Answer to the Complaint ("Answer") herein to include an affirmative defense that the Complaint allegations are barred by the applicable statute of limitations.

In this action, Plaintiff is seeking reimbursement of $687.44 for special education services pursuant to a December 3, 2003, hearing officer's determination under the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. §§1400 et seq. ("IDEIA"). The complaint herein was filed January 4, 2007. On January 29, 2007, the Defendant filed its answer to the complaint. Thereafter, on March 16, 2007, the Defendant filed a motion to dismiss the complaint ("Motion"). Among other things, the Motion argued (at pp. 4-6) that the subject matter of the complaint was barred by the applicable limitations period.

In an opposition to the Motion filed April 3, 2007, the Plaintiff argued that the Defendant had waived any limitations objection because that defense was not specifically recited in the Defendant's January 29 answer to the complaint.

For reasons set forth in a reply pleading simultaneously lodged with the Court (accompanied by a motion for leave to file), the Defendant has shown that the absence of a specific recitation of an affirmative limitations period defense in the January 29 answer does not, in fact, bar the Defendant's arguing the preclusive effect of the limitations period applicable in this case. Among other things, the Defendant has argued that the answer's affirmative defense of a failure to state a claim on which relief can be granted subsumed the limitations period issue. And, the Defendant argued further, even if did not, applicable case law establishes that, in this case, the lack of a specific reference to a limitations period in the answer does not bar the Court's considering that jurisdictional issue in any event.

While the Defendant does not believe an amendment of its answer is required for the Court to consider the effect here of the applicable limitations period, in the interest of obviating further unnecessary litigation, the Defendant is submitting an amended answer to include a specific reference in that regard. In so doing – particularly since the sole precedent relied on by the Plaintiff, Harris v. Secretary, United States Dep't of Veterans Affairs, 126 F.3d 339 (D.C. Cir. 1997), clearly indicates that permitting an amended answer is an appropriate step to permit a disposition of the issue raised – it is hoped that further procedural skirmishing may be avoided, and that the substantive issue may be addressed without further technical objections.

Under Fed. R. Civ. P. 15(a) a party is allowed to seek leave to amend a pleading "and leave shall be freely given when justice so requires." "The key issue in considering a motion to amend is whether the non-movant will suffer any prejudice from the amendment." <u>Nurriddin v. Goldin</u>, 382 F. Supp 2d 79, 91-92 (D.D.C. 2005) (granting defendant's motion for leave to amend permitting defendant to amend its answer to include the affirmative defense of failure to exhaust because among other things, it would not cause additional discovery and does not preclude Plaintiff from making arguments to negate this affirmative defense.)

This case is in its early stage. The Court's March 19, 2007 Scheduling Order is the only Order issued thus far and it only requires the motions' schedule to begin 30 days after the Defendant's Motion to Dismiss is decided, and that motion has not been decided yet. There have been no Orders as to any legal or factual issues and, therefore, Plaintiff will suffer no prejudice or harm if Defendant is allowed to amend its answer. In fact, in her April 3, 2007 Opposition to Defendant's Motion to Dismiss (p. 4-7), Plaintiff has already presented arguments in opposition to the Defendant's limitations period arguments.

Therefore, since we are the early stages in this case and this Court has not made any factual or legal decisions, and since Plaintiff has already had an opportunity to respond to the defense in her opposition, Defendant respectfully requests a grant of this motion.

          Respectfully submitted,

          LINDA SINGER

          Attorney General

for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
amy.caspari@dc.gov

May 4, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MESHA GRAY,<br>on behalf of her minor child, M.B., | :<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : Civil Action No. 07-0013 (RJL) |
| DISTRICT OF COLUMBIA, | :<br>:<br>: |
| Defendant. | :<br>: |

## AMENDED ANSWER

Defendant District of Columbia answers Plaintiff's Complaint as follows (paragraph numbers below correspond to the paragraph numbers in the Complaint):

1.  Defendant admits that this claim for relief was brought under 20 U.S.C. §§ 1400 *et seq.*[1]

2.  Defendant admits the allegations in paragraph 2.

3.  Defendant admits the allegations in paragraph 3.

4.  As to the first sentence, Defendant admits the allegation. As to the second sentence, Defendant lacks knowledge and information sufficient to enable it to answer the allegations at this time.

5.  Defendant admits the allegations in paragraph 5.

6.  The allegations in paragraph 6 are the pleader's characterizations of the administrative decision to which no response is required; the document speaks for itself. If a response is required, then the same are denied.

---

[1] Plaintiff cited the Individuals With Disabilities Education Act (IDEA), 20 U.S.C. §§1400 et seq.; however, 20 U.S.C. §§1400 is now the revised version of the IDEA—The Individuals With Disabilities Education Improvement Act of 2004 ("IDEIA").

7. Defendant denies the allegations in paragraph 7.

8. Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 8 at this time.

9. Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 9 at this time.

10. Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 10 at this time.

11. Defendant admits the allegations in paragraph 11.

12, 13, 14. The allegations in Paragraphs 12, 13, and 14 are the pleader's characterizations of the document referenced, to which no response is required; the document speaks for itself. If a response is required, then the same are denied.

15. Defendant admits the allegations in paragraph 15.

16. Defendant admits the allegations in paragraph 16.

17, 18, 19, 20, 21. The allegations in paragraphs 17, 18, 19, 20, and 21 are the pleader's characterizations of the document referred to, to which no response is required; the document speaks for itself. If a response is required then the same are denied.

22. Defendant denies the allegations in paragraph 22.

23. Defendant admits that at the referenced resolution meeting DCPS participants stated their belief that the Plaintiff had provided the required documentation and that Plaintiff would receive reimbursement in the amount of $687.44.

24. Defendant admits the allegations in paragraph 24.

25. Defendant admits the allegations in paragraph 25.

26. Defendant admits the allegations in paragraph 26.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs have failed to exhaust their administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

The action herein is barred by the applicable statutory limitations period.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
May 4, 2007        amy.caspari@dc.gov