UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MESHA GRAY, on behalf of her minor child, M.B., | : : : |
| Plaintiff, | : : |
| v. | : Civil Action No. 07-0013 (RJL) |
| DISTRICT OF COLUMBIA, | : : |
| Defendant. | : : |

## AMENDED ANSWER

Defendant District of Columbia answers Plaintiff's Complaint as follows (paragraph numbers below correspond to the paragraph numbers in the Complaint):

1. Defendant admits that this claim for relief was brought under 20 U.S.C. §§ 1400 *et seq.*[1]

2. Defendant admits the allegations in paragraph 2.

3. Defendant admits the allegations in paragraph 3.

4. As to the first sentence, Defendant admits the allegation. As to the second sentence, Defendant lacks knowledge and information sufficient to enable it to answer the allegations at this time.

5. Defendant admits the allegations in paragraph 5.

6. The allegations in paragraph 6 are the pleader's characterizations of the administrative decision to which no response is required; the document speaks for itself. If a response is required, then the same are denied.

---

[1] Plaintiff cited the Individuals With Disabilities Education Act (IDEA), 20 U.S.C. §§1400 et seq.; however, 20 U.S.C. §§1400 is now the revised version of the IDEA—The Individuals With Disabilities Education Improvement Act of 2004 ("IDEIA").

7. Defendant denies the allegations in paragraph 7.

8. Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 8 at this time.

9. Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 9 at this time.

10. Defendant lacks knowledge and information sufficient to enable it to answer the allegations in paragraph 10 at this time.

11. Defendant admits the allegations in paragraph 11.

12, 13, 14. The allegations in Paragraphs 12, 13, and 14 are the pleader's characterizations of the document referenced, to which no response is required; the document speaks for itself. If a response is required, then the same are denied.

15. Defendant admits the allegations in paragraph 15.

16. Defendant admits the allegations in paragraph 16.

17, 18, 19, 20, 21. The allegations in paragraphs 17, 18, 19, 20, and 21 are the pleader's characterizations of the document referred to, to which no response is required; the document speaks for itself. If a response is required then the same are denied.

22. Defendant denies the allegations in paragraph 22.

23. Defendant admits that at the referenced resolution meeting DCPS participants stated their belief that the Plaintiff had provided the required documentation and that Plaintiff would receive reimbursement in the amount of $687.44.

24. Defendant admits the allegations in paragraph 24.

25. Defendant admits the allegations in paragraph 25.

26. Defendant admits the allegations in paragraph 26.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs have failed to exhaust their administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

The action herein is barred by the applicable statutory limitations period.

                Respectfully submitted,

                LINDA SINGER
                Attorney General
                for the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General
                Civil Litigation Division

                */s/ Edward P. Taptich*
                EDWARD P. TAPTICH [#012914]
                Chief, Equity Section 2

                */s/ Amy Caspari*
                Amy Caspari [#488968]
                Assistant Attorney General
                441 Fourth Street, N.W.
                Sixth Floor South
                Washington, D.C. 20001
                (202) 724-7794
May 4, 2007           amy.caspari@dc.gov