UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MESHA GRAY,** on behalf of her minor child, M.B., | : <br> : <br> : |
| **Plaintiff,** | : <br> : |
| v. | : Civil Action No. 07-0013 (RJL) <br> : |
| **DISTRICT OF COLUMBIA,** | : <br> : |
| **Defendant.** | : <br> : |

## REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Subject to the Court's action on a simultaneously filed motion for leave to reply, the Defendant, by counsel, replies herewith to the Plaintiff's April 3, 2007, opposition to the Defendant's March 16, 2007, motion to dismiss the complaint herein.

### PRELIMINARY STATEMENT

At the outset of her Opposition, the Plaintiff offers a variety of assertions concerning factual matters said to be in dispute, and purports to narrate the merits of this action. Pl. Mem. pp. 1-4. If the Defendant's dismissal motion is not granted, and to the extent the matters presented by the Plaintiff's Opposition – the accuracy and relevance of which the Defendant disputes – are ultimately addressed in summary judgment motions, the Defendant will present its views at that time. But in light of the Plaintiff's gratuitous and self-serving narration, the true character of what is involved here should be borne in mind.

This is now a case to recover $570.00. See Def. Mem. p. 2 n.1. In 2003, an administrative hearing officer ordered DCPS to reimburse the Plaintiff for independent

speech and language therapy sessions *during the 2001-2002 school year* on the presentation "of the paid invoices from the parent." Def. Mem. Ex. 1.  Two and a half years later, Plaintiff's counsel wrote DCPS a letter seeking reimbursement of $687.44. Part of that amount was paid since the commencement of this action.

Cutting through all the lawyerly machinations, DCPS asked the Plaintiff for the necessary documentation, and didn't get it.  Plaintiff's counsel demanded a hearing, DCPS first indicated a willingness to provide the funds, only to learn – before any settlement agreement was executed – that the District's accounting arm required some paper confirmation of payment by the Plaintiff.  That was conveyed to Plaintiff's counsel who, in lieu of obtaining and providing what was required, proceeded to mount a legal campaign that continues to this day.

All that's been needed to conclude this matter is some documentation confirming the Plaintiff's having actually paid the amount of reimbursement still at issue – a cancelled check, a receipt from the service provider, any of the usual kinds of commercial paper.  More recently, the Defendant's counsel has even suggested an appropriate sworn statement by the Plaintiff might be sufficient to complete the necessary paperwork.  To no avail.

This case is little more than a belated collection effort by the Plaintiff dressed up in IDEIA clothing.  It is truly a waste of this Court's time, and is maintained for reasons the Defendant is unable to fathom.  And it is against this background that the Court should consider the issues raised by the Defendant's motion herein.

**ARGUMENT**

I. **The Defendant Has Not Waived the Limitations Period Issue.**

The Defendant's answer was filed herein January 29, 2007. The first affirmative defense identified was "The complaint fails to state a claim upon which relief can be granted." Def. Answer, p. 3. The Defendant's motion to dismiss, filed March 16, 2007, included an argument headed, "Plaintiff failed to state a claim upon which relief can be granted because at the time of filing the Complaint, the applicable limitations period had already expired." Def. Mem. pp. 4-5.

The Plaintiff argues that, not having specifically identified the matter of limitations periods in its answer to the complaint, the Defendant has waived that objection and may not now raise that matter in this case. Pl. Mem. pp. 4-5. The Plaintiff's position is without merit.[1]

First, the first affirmative defense in the Defendant's answer, read with its Motion argument, did indeed include the limitations period issue as one of the basis for there being no proper cause of action presented in this case. It's first affirmative defense—a failure to state a proper claim—subsumed that issue. That the words "limitations period" did not specifically appear is not a fatal deficiency precluding a consideration of that defense at this time.

Second, other Circuits have long made clear that a limitations defense can properly be presented by motion. See, e.g., Oaxaca v. Roscoe, 641 F.2d 386, 391 (5th

---

[1] At page 5 of the Opposition, the Plaintiff also briefly asserts that the Defendant's not having raised the limitations period at the time of the September, 2006, due process hearing somehow precludes the Defendant from presenting that issue to this Court. The applicability of the limitations period, however, is purely a question of law, which the Court would consider *de novo* in any event, as did the court in Harris v. Secretary, United States Department of Veterans Affairs, 126 F. 3d 339 (D.C. Cir. 1997), relied on by the Plaintiff, a Hearing Officer ruling on the issue would not govern the Court's consideration in any event.

3

Cir. 1981) ("dismissal for failure to act timely, like dismissal for expiration of the statute of limitations, is properly raised by a Rule 12(b)(6), Fed.R.Civ.P., motion to dismiss for failure to state a claim [citations omitted]"); Williams v. United States, 1999 U.S. App. LEXIS 25171 *2 (D.C. Cir. 1999) ("a defendant may raise a statute of limitations defense in a pre-answer motion to dismiss [citation omitted]").  That the matter was raised by motion, but not in an answer, does not require a finding of waiver of that defense.  As stated in Pierce v. The County of Oakland, 652 F.2d 671, 672 (6th Cir. 1981):

> It is clear . . . that the defense was not waived simply because it was raised in a motion to dismiss rather than in the answer. To so hold "would be reminiscent of the days of common law pleading when the strict rules and forms of pleading were sovereign and frequently were permitted to prevail over substance." Hayden v. Ford Motor Company, 497 F.2d 1292, 1294 (6th Cir. 1974).[2]

Moreover, where obvious on the face of the complaint, and there is no factual dispute on dates, dismissal on motion is appropriate.  Rohner v. Union Pac. R. Co., 225 F.2d 272 (10th Cir. 1955); Brictson v. Woodrough, 164 F.2d 107 (8th Cir. 1947), cert. denied, 334 U.S. 849 (1948); Gray v. Metts, 203 F. Supp.2d 426 (D.Md. 2002); Sanders v. Venture Stores, Inc., 56 F.3d 771, 775 (7th Cir. 1995) (although the statute of limitations is

---

[2] See also Moore, Owen, Thomas & Co. v. Coffee, 992 F.2d 1439, 1445 (6th Cir. 1993):

> It is well established . . . that failure to raise an affirmative defense by responsive pleading does not always result in waiver. See, e.g., Charpentier v. Godsil, 937 F.2d 859, 863 (3d Cir. 1991). The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it. Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 350, 28 L. Ed. 2d 788, 91 S. Ct. 1434 (1971). "Thus, if a plaintiff receives notice of an affirmative defense by some means other than pleadings, 'the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.'" Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989) (quoting Hassan v. United States Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988)). See also Charpentier, 937 F.2d at 864 ("It has been held that a 'defendant does not waive an affirmative defense if he raised the issue at a pragmatically sufficient time and [the plaintiff] was not prejudiced in its ability to respond.'") (quoting Lucas v. United States, 807 F.2d 414, 418 (5th Cir. 1986) (quoting Allied Chemical Corp. v. MacKay, 695 F.2d 854, 855-56 (5th Cir. 1983)); Mackay, 695 F.2d at 855-56 ("Where the matter is raised in the trial court in a manner that does not result in unfair surprise . . . technical failure to comply precisely with Rule 8(c) is not fatal."); Pierce v. County of Oakland, 652 F.2d 671 (6th Cir. 1981) (affirmative defense not waived, even though not specifically pleaded, where defense clearly appears on face of the pleading and is raised in motion to dismiss).

ordinarily an affirmative defense that must be pleaded under Fed. R. Civ. P. 8(c), a district court may dismiss under Rule 12(b)(6) something that is indisputably time-barred); Niblack v. City of Asbury Park, 2005 WL 1116056 (D.N.J. 2005) (dismissal on motion proper if time alleged in statement of claim shows that cause of action has not been brought within statute of limitations). Here, the two operative facts are indeed evident on the face of the complaint – the December 3, 2003, administrative hearing decision date, and the January 4, 2007 date of the filing of the complaint herein.

Third, even if the limitations period is not raised in either answers *or* motions, courts have nonetheless considered the issue *sua sponte* where the relevant facts are apparent on the face of the complaint. See, e.g., United States v. Bendolph, 409 F.3d. 155 (3d Cir. 2005); Small v. Chao, 398 F.3d 894 (7th Cir. 2005); Long v. Wilson, 393 F.3d. 390 (3d Cir. 2005); Toscano v. AT&T Corp., 2005 WL 1330880 (D.N.J. 2005).

Finally, while the Plaintiff relies on this Circuit Court's decision in Harris v. Secretary, United States Dep't of Veterans Affairs, 126 F.3d 339 (D.C.Cir. 1997), that case does not stand for the proposition that the Defendant is foreclosed from raising the limitations period defense in this case. There, the Court stressed that the Rule 8 requirement was intended to assure that the non-moving party was not prejudiced in its awareness of the issue, and an opportunity to respond. As in Harris, the Plaintiff here has suffered no prejudice by the Defendant's motion, and the Defendant has gained no strategic advantage. And as in Harris, the most that can properly be required of the Defendant is an amendment of its January 29, 2007, answer to the complaint. While the Defendant believes that, in light of all the circumstances here, no amendment of its answer is required as a matter of law, to avoid any lingering question in that regard, the

5

Defendant is simultaneously submitting a motion for leave to amend its answer, to include a specification of the limitations period as a separate affirmative defense.

## II.    **Plaintiff's Invocation of a Twelve Year Limitations Period is Without Merit.**

In its Motion, the Defendant pointed out that, whatever late administrative maneuverings might have been engaged in by the Plaintiff, this action is clearly an effort to "enforce" a hearing officer's decision issued on December 3, 2003. To the extent the complaint herein was filed January 4, 2007, the Defendant argued, it was untimely under the most favorable limitations period applied – a three year period applied in this jurisdiction to administrative appeals from administrative decisions under IDEIA. Def. Mem. pp.4-5.[3]

In her Opposition, the Plaintiff acknowledges that the courts in this jurisdiction have earlier applied the D.C. Code's catch-all three-year limitations periods in IDEIA cases. Pl. Mem. pp. 6, 7. It is argued, however, that the twelve-year limitations period of D.C. Code §15-101 – for enforcement of judgments – should be applied instead. Id. The Plaintiff's contention is without merit, and it is inconsistent with other of her arguments.

D.C. Code §15-101 affords 12 years for execution on judgments for the payment of money rendered by this Court or the Superior court of the District of Columbia. There

---

[3] In the 2004 reenactment of the IDEA, a two-year limitations period was established. 20 U.S.C. 1415b(6)B and 20 U.S.C. 1415f(3)C. Because the 2003 administrative decision at issue predated the 2004 statutory revisions, since it was anticipated that Plaintiff might argue that the two-year period was therefore inapplicable to this case, and because the complaint herein exceeded even the three-year limitations period earlier "borrowed" from D.C. Code §12-301(8) by the courts, the Defendant argued only the applicability of the three-year period. The Defendant reserves its right, however, to argue the applicability of the later two-year limitations period should this action not be dismissed.

To the extent the Plaintiff – in arguing that the Defendant was required to raise a limitations period objection at the administrative level before raising it here (Pl. Mem. p. 5) – appears to accept that a limitations period was applicable to the time between the December 3, 2003, HOD and her request for another administrative hearing in 2006, that circumstance would appear to provide an independent ground for dismissal here. For an application of the 2004 IDEIA two-year limitations period – effective long before the second hearing request – would establish the second hearing requested to have been out of time.

is no comparable binding money judgment represented by the 2003 HOD which would properly ground a finding of analogy permitting the application of such a limitations period here.  And the Plaintiff has presented no precedent whatever to support that novel result.

Perhaps more significantly, the Plaintiff's position in this regard is inconsistent with her continued emphasis on the character of this action.  In response to the Defendant's failure-to-exhaust-administrative-remedies argument, for example, the Plaintiff stresses that, in fact, this action is an appeal of the October 6, 2006 HOD under the IDEIA provisions governing such matters ("[t]hat HOD – of October 6, 2006 – is the jurisdictional basis of [the Plaintiff's] Complaint," Pl. Mem. p. 8).  Contesting of an equitable administrative determination cannot rationally be found analogous to enforcement of a recorded judicial money judgment.

### III.  The Plaintiff Has Failed to Show an Exhaustion of Administrative Remedies

In its Motion, the Defendant argued that dismissal was required for failure to exhaust administrative remedies. Def. Mem. pp. 5-6.  Stated simply, implementation of the relief granted by the 2003 HOD required satisfactory confirmation that the amount(s) to be reimbursed were in fact expended by the Plaintiff.  And the October 6, 2006, HOD confirmed that such confirmation had not been provided.

The relief granted to the Plaintiff, therefore, was straightforward:  Provide a receipt (or some such), and DCPS is to pay you.  Providing DCPS evidence of the Plaintiff's payment(s) was a prescribed precondition to payment – an administrative condition to the entitlement to reimbursement.  That administrative requirement –

presentation of proof of payment – has never been satisfied. And until it has been, the Plaintiff has not fulfilled (read: exhausted) that administrative prerequisite.

**IV.      To the Extent the Complaint is Defensible, The Plaintiff's Effort to Duplicate the Blackman/Jones Procedures Should be Rejected**

In its Motion, the Defendant contended that, to the extent the Plaintiff purports to seek DCPS compliance with the December 2003 HOD, a procedure was created in the Blackman/Jones class action to consider such claims. Def. Mem. pp. 6-7. To that extent, the Defendant contended that even if the case were not dismissed for other reasons, the "Blackman class action would be proper forum" for the claim, and moved the Court to dismiss the action "without prejudice to its renewal in Blackman." Def. Mem. p. 7.

In opposition, Plaintiff claims the Defendant "misrepresents the Plaintiff's claim;" this case, the Court is told, is really an appeal of the 2006 HOD, as to which the Blackman procedures do not apply. Pl. Mem. p. 9. Moreover, the Opposition asserts the Defendant's argument to be frivolous, since "the Defendant does not appear to contend that the Plaintiff is legally required to utilize Blackman-Jones procedures." Id.

To reiterate what was clear in the Motion, the Defendant does indeed contend that this action is a thinly disguised effort to enforce the 2003 HOD, and that it should indeed be required to be presented in the Blackman/Jones proceeding – a process that has been consistently required by this Court as the undeniably most efficient use of the Court's time and resources. Should the complaint not be dismissed for the other reasons set forth in the Defendant's motion, it should be dismissed without prejudice to present the claim herein in the Blackman/Jones proceeding.

                                                            Respectfully submitted,

                                      LINDA SINGER
                                      Attorney General
                                      for the District of Columbia

                                      GEORGE C. VALENTINE
                                      Deputy Attorney General
                                      Civil Litigation Division

                                      ***/s/ Edward P. Taptich***
                                      EDWARD P. TAPTICH [#012914]
                                      Chief, Equity Section 2

                                      ***/s/ Amy Caspari***
                                      Amy Caspari [#488968]
                                      Assistant Attorney General
                                      441 Fourth Street, N.W.
                                      Sixth Floor South
                                      Washington, D.C. 20001
                                      (202) 724-7794
May 4, 2007                          amy.caspari@dc.gov